FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**AUG 18 2021**

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KEITH THOMAS,

     Plaintiff,

         Civil Action No. **1:21-CV-3369**

v.

BANK OF AMERICA, N.A. a/k/a
BAC Home Loans Servicing, LLP a/k/a
COUNTRYWIDE Home Loans Servicing, LLP,    **COMPLAINT FOR DAMAGES**
a/k/a BANK OF AMERICA CORP.          **JURY TRIAL DEMANDED**

     Defendants,

RUBIN LUBLIN, LLC.,

     Defendants,

MCGUIRE WOODS, LLP.,

     Defendants,

NORTHSTAR MORTGAGE GROUP, LLC

     Defendants,

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, Inc., a/k/a MERSCORP Holdings, Inc.,
collectively known as "MERS"

     Defendants.

     NOW COMES Keith Thomas, plaintiff in the above action do now petition the

Honorable Court for relief for damages by and through this civil complaint that is

supported by facts and evidence. The defendants individually and jointly acted in a

manner that violated plaintiff's rights secured by and through the laws of the United

States of America, moreover and more specifically, The Civil Rights Act of 1866 and 42

**Page 1**

U.S.C. 1982 that provides "All Citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." The plaintiff will show that he is a United States citizen, that the acts complained about within this lawsuit that were performed by the defendants were performed against the plaintiff because he is a Non-White United States citizen in violation of the plaintiff's rights as described within the afore stated laws of the United States of America giving rise to this action.

## THE PARTIES

**1. a. Plaintiff:** The plaintiff is a United States citizen over the age of 18 years old and is the registered owner of the residence located at: 2655 West Road, Riverdale, Georgia also referred to as: 2655 West Road, City of South Fulton, Georgia according to the legal formation of The City of South Fulton, Georgia in or around the spring of 2017. This formation took place since the onset of the events described herein that gave rise to this complaint.

**b. Defendant Bank of America, N.A.:** Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, formerly a/k/a Countrywide Home Loans Servicing, LP, [Bank of America] is a for profit North Carolina corporation whose physical business mailing address is identified as: 100 N. Tryon Street, Charlotte, NC 28255.

**c. Defendant Rubin Lublin, LLC;** Defendant Rubin Lublin, LLC is a Georgia for-profit corporation whose physical address is: 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, Georgia 30071.

**d. Defendant McGuire Woods, LLP;** Defendant McGuire Woods, LLP is a

**Page 2**

Georgia and North Carolina for profit Limited Liability Partnership who's main operational office is located at:  100 N. Tryon Street, Charlotte, NC and also at 1230 Peachtree Street, N.E., Promenade II, Suite 2100, Atlanta, GA  30309.

**e. Defendant Northstar Mortgage Group, LLC;**  Northstar Mortgage Group, LLC, [Northstar] is a for-profit Georgia Limited Liability Corporation [LLC] that maintained a physical business office in North Carolina at:  2108 South Boulevard, Suite 202, Charlotte, NC  28203 and also at 3535 Roswell Road, Bldg. 53, Marietta, GA 30062.

**f. Defendant Mortgage Electronic Registrations Systems, Inc:** Mortgage Electronic Registration Systems, Inc., a/k/a Merscorp Holdings, Inc. and collectively known as [MERS] is a Virginia based for-profit corporation with a physical office location at:  1818 Library Street, Suite 300, Reston, VA  20190.

**JURISDICTION AND VENUE**

**2.** Jurisdiction is pursuant to the laws of the United States of America, moreover and specifically The Civil Rights Act of 1866 and 42 U.S.C. 1982 "Property Rights of Citizens", Federal Rule of Civil Procedure 9(b) "Fraud", 18 U.S.C. § 1961 Mail Fraud, and 18 U.S.C. § 1962 Racketeering Influenced Corrupt Organization [RICO].  Given the physical address of defendants Rubin Lublin, LLC and Bank of America, NA being situated within metro Atlanta, GA, the United States district court for the northern district of Georgia is the proper venue for this action.

**FRCP 9(b) BRIEF STATEMENT OF FRAUD**

**3.** On or about December 20, 2009, defendant Northstar Mortgage Group, LLC

**Page 3**

[Northstar]was ordered by The Secretary of State of Georgia to cease any and all residential mortgage transaction(s) in Georgia as a result of their failure to comply with the State's order for Northstar to obtain a valid insurance bond as required by Georgia law. Due to Northstar's refusal to comply, the State of Georgia revoked Northstar's Georgia residential mortgage license in February 2010. From February 2010 forward, neither Northstar nor any of it's officers and or associates were capable of performing a legal residential mortgage transaction in Georgia between themselves and any member(s) of the general public nor were they [Northstar] authorized to participate in and or facilitate a residential mortgage transaction or any legally binding transactions that the State of Georgia would qualify or legally describe as being a residential mortgage transaction within the State of Georgia. *See Plaintiff's Exhibit "1" attached copy of the State of Georgia's License Revocation Order to Northstar Mortgage Group, LLC.*

**4.** On or around August 23, 2010, defendants Bank of America, NA [Bank of America] and Mortgage Electronic Registration Systems, Inc. [MERS], along with an individual identified as [Loreece D. Lewis] crafted a fraudulent Residential Mortgage Deed Assignment document purporting to have assigned a financial interest within this plaintiff's residence with that same fraudulent Assignment Instrument from Northstar Mortgage Group, LLC over to Bank of America, N.A. by and through Mortgage Electronic Registration Systems, Inc., [MERS]. This document along with one other document has been fraudulently filed into the land and deeds records of the Fulton County Superior Court Clerk's Office by Bank of America to support Bank of America's ongoing fraudulent discriminatory efforts preventing this plaintiff from conducting any

**Page 4**

transactions with his residential property.  *See Plaintiff's Exhibit "2" attached copy of the fraudulent August 2010 Assignment of Security Deed Instrument.*

5. Since the existence of the August 2010 fraudulent Assignment of Security Deed Instrument, defendant McGuire Woods, LLP by and attorneys employed by them have confederated themselves acting on the behalf of Bank of America as lead counsel of record in their ongoing and continuous efforts to illegally take the plaintiff's residential property that is identified within this lawsuit. Additionally, the defendant MERS claimed to have been authorized to perform the fraudulent assignment on the behalf of a company that obviously did not exist on the date of the transaction identified within this complaint. Additionally, defendant Rubin Lublin, LLC mailed documents to the plaintiff via U.S. Mail indicating that they [Rubin Lublin, LLC] now claim to represent Bank of America in their ongoing and present efforts to continue the long running fraud on their part to fraudulently take the plaintiff's residential property identified within this complaint.

6. The fraud began in 2010 after the fraudulent Assignment document were drafted signed and filed into the land and deed records against the plaintiff's residence alleging that Northstar Mortgage Group, LLC, [an entity that was no longer legally in business in August of 2010 and no longer authorized to perform any residential mortgage transactions by Georgia law], somehow authorized MERS to perform a residential mortgage transaction on their behalf [without any legal authority nor an active business license] purporting to fraudulently assign a legal instrument.

## STATEMENT OF FACTS

7. Defendant Bank of America have failed to present any factual evidence or

**Page 5**

documentation that could establish a business relationship between themselves and this plaintiff in the form of a written contract, signed agreement, mortgage purchase agreement, mortgage servicing contract or any document in support of their actions other than the fraudulent Assignment of Security Deed documents that was in fact crafted and created by Bank of America and persons employed by them at the time of it's conception. As a result of this entire set of events, the plaintiff have been prevented from performing any transactions with his real property in violation of federal law.

**8.** From around 2010 up and through the date of the filing of this complaint, Bank of America have fraudulently demanded money from the plaintiff via U.S. Mail and other interstate commerce methods of communication. All money(s) demanded from the plaintiff were to be paid to Bank of America as a result of the fraudulent Assignment document created by Bank of America and Mortgage Electronic Registration Systems, Inc. [MERS] and prosecuted on the behalf of Bank of America against this plaintiff by the remaining defendants.

**9.** On or about June 7, 2007 the plaintiff, an African American United States citizen, entered into a residential mortgage contract with Northstar Mortgage Group, LLC for the purchase of his personal residence in Fulton County, Georgia. At all times relevant, the plaintiff maintained and performed all portions of his obligations within the written contract between the plaintiff and Northstar Mortgage Group, LLC up and through the period of time that Northstar Mortgage Group, LLC ceased to exist and or ceased to conduct business within the State of Georgia.

**10.** On or about December 2009 the Georgia Department of Banking and Finance

**Page 6**

revoked Northstar's Georgia residential mortgage and finance license effectively preventing Northstar Mortgage Group, LLC from conducting any and all mortgage and or residential mortgage financial related transactions in Georgia. The definition of a mortgage related financial transaction would include the following; "the assigning of a Security Deed from one entity [including itself] over to another entity that would financially effect ownership, debt or any form of a financial interests or liens within a parcel of real estate property in Georgia." As a result of this December 2009 ruling by the GA Dept. of Banking and Finance, the Secretary of State of Georgia administratively dissolved Northstar Mortgage Group,LLC officially in January of 2010.

    **11.** According to all documents filed into the office of the Secretary of State of Georgia by Northstar Mortgage Group, LLC, there are no documented lists of real estate property or property(s) that Northstar identified, declared or stated to be owned by Northstar in January of 2010 within their Articles of Dissolution filed within the Secretary of State of Georgia's records, nor was there a list of real estate property(s) that Northstar claimed to have a financial interest in that could have either been sold at some point in time after they were dissolved or transferred from Northstar to Bank of America at any point in time following the filing of Northstar's Articles of Dissolution that are on file within the office of the Secretary of State of Georgia. Plaintiff's residential property was not identified by Northstar to have been a property that Northstar had a financial interest within at any point in time after December 31, 2009 according to The Secretary of State of Georgia's Office records.

    **12.** In or around May of 2010 the plaintiff received certified mail notices in the

mail from attorneys for Bank of America, N.A. / BAC Home Loans Servicing, LP indicating that they [Bank of America] intended to conduct a fraudulent residential foreclosure against the plaintiff's residential property referenced within this complaint. As a result, the plaintiff filed bankruptcy in the northern district of Georgia's federal bankruptcy court and proceeded against Bank of America with an adversary proceeding challenging Bank of America's authority to conduct a foreclosure against him in or around June of 2010. At the injunction hearing conducted by the Honorable James R. Saca, U.S. Federal Bankruptcy Judge, Bank of America failed to produce any tangible documentation such as a contract between the plaintiff and themselves nor did they present any signed agreement(s), buy/sell or purchase agreements between Bank of America and Northstar Mortgage Group, LLC indicating that Bank of America had purchase the Note to plaintiff's real property, nor did the attorneys for Bank of America have any explanations as to the factual whereabouts of Northstar Mortgage Group, LLC given that no attorney appeared on their behalf before the court on that day. Judge Saca was very specific with his line of questioning to Bank of America's attorneys as to their ability(s) to proceed against this plaintiff with any type of foreclosure(s) against the real property described within this complaint as all court transcripts will verify and attest to this fact.

**13.** After Judge Saca had an opportunity to examine the facts and evidence to determine Bank of America's inability to proceed with the attempted fraudulent foreclosure proceedings against the plaintiff referenced herein as the June 2010 bankruptcy injunction hearing and Judge Saca noted that Bank of America lacked

**Page 8**

standing to proceed against this plaintiff in any manner pertaining to a real property

foreclosure, Bank of America and with MERS decided to create the fraudulent

Assignment of Security Deed document dated on or around August 23, 2010 referenced

within this complaint as their fraudulent backup tool in support of their decision to

attempt future fraudulent foreclosure(s) against the plaintiff's residence. *See plaintiff's*

*Exhibit "2" attached hereto. The 2010 fraudulent assignment of security deed document.*

14. In 2014, McGuire Woods, LLP and attorneys within their employ began their

representation of Bank of America in defense of all civil proceedings initiated by this

plaintiff around and have continued to defend Bank of America's use of the

fraudulent Security Deed assignment documents that were created and drafted

on the behalf of Northstar.  As officers of the court, this set of attorneys are fully aware

that court filings made on the behalf of Bank of America by attorneys McGuire Woods,

LLP were filed willfully and purposefully filed into court records of civil cases against

this plaintiff for the purposes of supporting Bank of America's use of the fraudulent

documents that were being used as the sole real estate Instrument in their

efforts to attempt to commit a fraudulent foreclosure against the  plaintiff's personal

residence since August 23, 2010 up and through the filing of this lawsuit.  Additionally,

the McGuire Woods, LLP law firm, acting on the behalf of Bank of America along with

Bank of America repeatedly mailed and caused to have mailed to this plaintiff multiple

fraudulent mortgage statements and fraudulent bills and notices of past due bills payable

to Bank of America subjecting the plaintiff to pay money to them or else placing the

plaintiff under threat of foreclosure of plaintiff's real property being foreclosed for non-

**Page 9**

payment of a non-existing debt.

**15.** On or around August 23, 2010, MERS participated with Bank of America and Northstar Mortgage Group, LLC to fraudulently draft a fraudulent Security Deed Assignment document and to have same said document filed into the land and deed records of Fulton County, Georgia purportedly claiming that they [MERS] had the authority to conduct a residential and or financial transaction as the Agent by proxy for Northstar Mortgage Group, LLC's on August 23, 2010.

**16.** On or around August 6, 2021, defendant Rubin Lublin, LLC have recently continued the ongoing fraudulent campaign against the plaintiff on the behalf of Bank of America by serving written notices on the plaintiff via U.S. Mail of their intent to initiate yet another fraudulent foreclosure proceeding against the plaintiff regardless of all of the facts and evidence that supports plaintiff's contentions that all of the document(s) used by Bank of America are fraudulent in nature and can be proven to be fraudulent. As officers of the court, Rubin Lublin, LLC are fully aware of each and every fact that the plaintiff have presented within this complaint but have made the decision to join in the fraudulent acts of the other named defendants identified within this complaint before the court.

**17.** The combined acts of these named defendants have prevented the plaintiff from performing any transactions with or for his real property referenced within this complaint. The acts attributed to the defendants were perpetrated against the plaintiff primarily because of his race, African American as north Georgia's foreclosure records indicates that within the metro Atlanta, Georgia area, the majority of all foreclosures against real property in this region performed by Bank of America were against African

**Page 10**

Americans. The said acts are all in violation of The Civil Rights Act of 1866, 42 U.S.C. §

1982, 40 U.S.C. § 123, 18 U.S.C. § 1961 Mail Fraud and 18 U.S.C. § 1962 RICO given

that the defendants have repeatedly utilized and relied on their ability to use the

fraudulent assignment documents identified within this complaint over a period of time

spanning approximately 11 years.  This ongoing campaign supports the plaintiff

identifying the defendants to be a racketeering enterprise according to known and

established laws of the United States.

## CLAIMS FOR RELIEF

**18.  Violations of The Civil Rights Act of 1866 and 42 U.S.C. § 1982;**  "All

citizens of the United States shall have the same right, in every State and Territory, as is

enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real

and personal property.".  In this specific case, the plaintiff if not White.  the defendants

Bank of America, Northstar Mortgage Group, LLC and MERS collectively took part in

creating and crafting the fraudulent Assignment of a Security Deed instrument referred to

within the statement of the facts of this complaint. Defendant McGuire Woods, LLP

provided legal advice and litigation in support of the fraud.  The residential non-judicial

foreclosure records of Fulton County, Georgia indicates that the proportion of Non-White

residential property owners were foreclosed upon at a much higher rate by Bank of

America at a higher rate and more often than the rate of non-judicial foreclosures of

White residential property owners in Fulton County, Georgia.  Plaintiff's residence is

situated within Fulton County, Georgia.  The fraudulent Security Deed Assignment

instrument was only created after Judge Saca held an injunction hearing in or around June

of 2010 and questioned Bank of America's lawyers as to what documents, contracts or

assignments did they have in support of their efforts to foreclose upon this plaintiff's

residential property and they had none to produce before the court. Based upon the fact

that the plaintiff have been prevented from being able to freely enjoy, sell, modify, or to

transact any type of business with his residential property as any other White citizen in

these United States strictly as a result of the actions of the defendants to this complaint,

the plaintiff's rights have been violated in a manner described within The Civil Rights

Act of 1866 and 42 U.S.C. § 1982 and for this reason, the plaintiff now support his claim

for relief against these defendants with facts and now demand the relief permitted by law

along with any other just and adequate relief the court deems appropriate.

**17. Violations of 18 U.S.C. § 1961 "Mail Fraud" and 18 U.S.C. § 1962 RICO;**

From the period of time beginning around August 23, 2010 up and through the filing of

this complaint before the court, the defendants have used the U.S. Mail as a primary tool

used to attempt to extort money from the plaintiff. The extortion has been mailed to this

plaintiff on a monthly basis from defendant Bank of America, in the form of a billing

statement claiming that the plaintiff owes money to Bank of America for an alleged

contractual obligation to Bank of America. The truth of the matter is that the plaintiff

have never signed a contract with Bank of America for any amount of money purportedly

in agreement to pay for the residential property referenced at all times within this

complaint. Additionally, the defendants' extortion [demand letters] are in support of

the fraudulent Assignment documents that Bank of America, Northstar

Mortgage Group, LLC and MERS fraudulently created. McGuire Woods LLP

**Page 12**

repeatedly mailed documents, demand letters, and other written forms of communications to this plaintiff demanding money on the behalf of Bank of America for an alleged mortgage due to Bank of America from this plaintiff.

The defendant Rubin Lublin, LLC also mailed documents, demand letters, and other written forms of communications to the plaintiff demanding money on the behalf of Bank of America for an alleged mortgage due to Bank of America from this plaintiff.

In totality, the extortion is a combination of all of the events jointly and singularly by each of the defendants named to this complaint as they are in violation of federal law as the evidence confirms them to be operating as a racketeering enterprise as described by federal law. For these reasons, the plaintiff respectfully request that the court issue an order instructing the FBI to immediately investigate all of Bank of America's foreclosures in the northern district of Georgia to determine if additional crimes have occurred over the past 11 years as described within this complaint. Additionally, the plaintiff respectfully request that the court certifies this complaint to be a RICO complaint and to treat it as such as the law so sees fit.

**18. Fraud;** The facts and evidence presented by the plaintiff along with the short brief statement as required by the Federal Rules of Civil Procedures supports the plaintiff's claims of fraud against the named defendants to this complaint. This entire complaint have occurred as a direct result of the defendants drafting a set of fraudulent assignment documents against the plaintiff's real property and afterwards, repeatedly making demands for money from the plaintiff over an 11 year period of time for payment of a debt that never occurred nor does it exist between the defendants and this plaintiff.

**Page 13**

The plaintiff is entitle to relief from each and every named defendant in the form of monetary, statutory and injunctive relief for the fraud described within this complaint.

**18. Civil Conspiracy;**  The defendants to this complaint have all acted together to further an end by and through the efforts and events supported by an illegal act.  The elements of a civil conspiracy do in fact exist within this complaint before the court, ie...1. There was an agreement between two or more persons to commit a torturous or unlawful act by unlawful means; and...2. that overt act caused harm to the complaining party such as in this case.  These defendants have communicated between themselves over the past 11 years and have repeatedly set out to perform unlawful acts against this plaintiff.  All of the acts performed by the defendants have been for the purposes of committing harm to the plaintiff, and as a result, the plaintiff is entitle to monetary, statutory, and other relief from each of the named defendants in this complaint.

## RELIEF

**19.**  The plaintiff seeks relief from each of the defendants separately and jointly in the form of monetary, statutory, and compensatory and punitive damage award relief from each defendant for the acts and claims set forth within this complaint.  The illegal acts of the defendants described within this complaint are clear and convincing evidence that each defendant must be punished in the most severe manner that the court and a jury can offer given the gravity and boldness displayed over the 10 plus years of them operating and openly supporting a fraud that has been totally designed to take residential property from this plaintiff.  Additionally, the fact that the plaintiff is a member of the African American race constitutes the discrimination claims raised and supporting the

**Page 14**

plaintiff's demands for justice before this court.

The plaintiff seeks a monetary damage award from each defendant separately in an amount not less than $1,000,000.00 from each defendant per claim.

Additionally, the plaintiff seeks preliminary, temporary and permanent injunctive relief in the form of an order from the court enjoining each of the defendants from any present or future attempts at establishing a financial interest within the plaintiff's residential property referenced within this lawsuit for the reasons, facts and evidence supporting this civil complaint now before the court.

Additionally, the plaintiff seeks an order from the court certifying this complaint to be classified as a RICO lawsuit commanding treble damages from each defendant. Additional, the plaintiff seeks the court to issue an order commanding the FBI to investigate the defendants actions as to how they purportedly assigned a security deed in the name of a business entity that did not exist on the date of the alleged assignment transaction.

Additionally, the plaintiff seeks an order from the court in the form of sanctions, punitive damage(s) and civil statutory damages levied against the defendants given the gravity of their actions as outlined within this complaint.

## JURY DEMAND

**20.** The plaintiff demands a trial by jury for all issues of law and fact raised within this complaint before the court pursuant to the rules of the court and the United States constitution.

## CONCLUSION

WHEREFORE the plaintiff have presented facts and evidence before this court stating to a certainty that the defendants have in fact committed fraudulent acts against this plaintiff and as a result, the plaintiff is entitle to the relief he seeks before this court.

This lawsuit came about because of a set of fraudulent documents created by the defendants for the sole purpose of taking the plaintiff's real property in a fraudulent manner. The defendants that did not directly take place with the creating of the fraudulent documents, have willfully and purposefully engaged in conduct that supports an ongoing fraud generated by the core defendants. This entire set of events constitutes a racketeering enterprise and as the evidence clearly states, this plaintiff is a victim of the actions of these defendants and there is a serious possibility that many other victims do exist as a result of the actions of these defendants. The defendants actions are dilatory, recalcitrant and offend against all legal standards of fair play within a civilized society.

For these reasons, the plaintiff respectfully submit this complaint before the court seeking the relief stated as a matter of right and law.

Respectfully submitted on this $10\underline{th}$ day of August, 2021.

Keith Thomas, plaintiff
P.O. Box 960242
Riverdale, GA 30296
404-838-0394

Exhibit "1"

# *Department of Banking and Finance*

*2990 Brandywine Road, Suite 200*
*Atlanta, Georgia 30341-5565*

*Sonny Perdue*
*Governor*

*770-986-1633*
*www.gadbf.org*

*Robert M. Braswell*
*Commissioner*

December 31, 2009

Mr. William Sander, President
Northstar Mortgage Group, LLC
68 Eastbrook Bend, Bldg. 53
PEACHTREE CITY, GA 30269

## ORDER TO CEASE AND DESIST

The Georgia Department of Banking and Finance ("Department") received notification from Hartford Fire Insurance Company on December 31, 2009, that the surety bond issued to Northstar Mortgage Group, LLC, **License #20887,** will be cancelled on February 01, 2010. Please be advised that the Georgia Residential Mortgage Act requires all mortgage lenders and mortgage brokers to operate under a valid bond in form and terms acceptable and payable to the Department. O.C.G.A. § 7-1-1003.2. Failure to maintain the appropriate coverage will result in administrative action. O.C.G.A. § 7-1-1018.

*You are hereby ordered to cease and desist* from operating as a mortgage licensee on the close of business **February 01, 2010,** unless, before that date, you have submitted to the Department a bond in effect on that date that complies with the requirements of O.C.G.A. § 7-1-1003.2 and Department Rule 80-11-4-.03(3)(c).

The license issued to Northstar Mortgage Group, LLC will expire and no longer be valid as of **February 01, 2010,** should you fail to provide this information to the Department prior to that date. O.C.G.A. § 7-1-1018. There will be no opportunity for a hearing on this issue. O.C.G.A. § 7-1-1018.

**You will receive no further notice of the expiration of your license if you do not produce the required documentation by the date specified. The information about your expired license will be published as with other activities on licenses. You may not conduct a mortgage business without a required license.** Please contact Larry Shelley via telephone at (770) 986-1372 or via email at shelley@dbf.state.ga.us should you have any questions concerning this matter.

*Rod Carnes, CFE*

Rod Carnes, CFE
Deputy Commissioner
Non-Depository Financial Institutions

# Exhibit "2"

Exhibit E    Page 1 of 3

Deed Book 49355 Pg  388
Filed and Recorded Sep-10-2010 08:32am
2010-0337307
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Prepared by and after Recording )
Return to: )
Name:     Elizabeth Hunter Pitts )
Firm/Co   PROMMIS SOLUTIONS, )
mpany:    LLC )
Address:  ATTN: ASSIGNMENTS )
Address )
2:        1544 OLD ALABAMA )
City,     ROAD )
State,    ROSWELL, GA  30076 )
Zip: )
Phone:    (800) 275-7171 )

————Above This Line Reserved For Official Use Only————

Assessor's Parcel No. ———— Parcel/Account
Number: (
CHL #: 51781110-1

## ASSIGNMENT OF SECURITY DEED

Name and Address of Assignor:              Name and Address of Assignee:
Mortgage Electronic Registration          BAC Home Loans Servicing, L.P. FKA
Systems, Inc., solely as nominee for      Countrywide Home Loans Servicing,
NorthStar Mortgage Group LLC.  whose      L.P. whose address is 7105 Corporate
address is 3300 SW 34th Avenue, Suite     Drive, Mail Stop FTX-C-35, Plano, TX,
101, Ocala, FL 34474                      75024

    FOR VALUE RECEIVED, the receipt and sufficiency of which is hereby
acknowledged, the undersigned, Mortgage Electronic Registration Systems, Inc., solely
as nominee for NorthStar Mortgage Group LLC. , "Assignor", whose address is above,
does hereby grant, sell, assign, transfer and convey to BAC Home Loans Servicing, L.P.
FKA Countrywide Home Loans Servicing, L.P., "Assignee," whose address is above, all
interest of the undersigned Assignor in and to the following described security deed:

Date of Security Deed;    June 12, 2007    Maturity Date:    July 1, 2037



Deed Book 49355 Pg  389

**Executed**         by  Keith E. Thomas
(Mortgagor(s)):

                     Individual
To   and   in   favor   of   Mortgage Electronic Registration Systems, Inc., solely
(Mortgagee):                as nominee for NorthStar Mortgage Group LLC.

Filed of Record: In Book      45245    , Page      448
Document/Inst. No.      2007-0186392    , in the Office of the Superior Court Clerk
for      Fulton      County, Georgia, on      June 25, 2007    (date).
Property:      2655 West Road, Riverdale, Georgia 30296
             (As described in the Legal Description attached hereto as Exhibit A.)

Given: to secure a certain Promissory Note in the amount   $ 155,000.00.
of

       Together with the note(s) and obligations therein described or referred to, the
money due and to become due thereon, with interest, and all rights accrued or to accrue
under said Security Deed.

       TO HAVE AND TO HOLD the same unto Assignee and unto its successors and
assigns forever, subject only to the terms and conditions of the above-described Security
Deed.

       Assignor is the present holder of the above-described Security Deed.

       IN WITNESS WHEREOF, this assignment was executed by the undersigned
Assignor on this the   23   day of   August   , 20 10  .

MIN:              .4436          **MERS PHONE: 1-888-679-6377**

                              Mortgage Electronic Registration Systems, Inc.,
                              solely as nominee for NorthStar Mortgage
                              Group LLC.

                              Lurece D Lewis
                              Authorized Agent

Deed Book 49355 Pg 390

Signed, Sealed and Delivered
in the presence of:

Witness Name:        Kathryn Spivado

Notary Public

My Commission Expires: 6/15/14

(Seal)



Nm: KEITH THOMAS E(1521970), Rq:463,1

CROSS REFERENCE DEED
BOOK 49355, PAGE 388
FULTON COUNTY
GEORGIA RECORDS

Our File No  51781110-FT10
Debtor  Keith E Thomas

Return to
Prommis Solutions, LLC
1544 Old Alabama Road
Roswell, GA 30076

*CORRECTIVE*
ASSIGNMENT

STATE OF  *California*
COUNTY OF  *Ventura*

For value received  Mortgage Electronic Registration Systems  Inc  has this day transferred sold  assigned conveyed and set over to  Bank of America, N A  successor by merger to BAC Home Loans Servicing  LP formerly known as Countywide Home Loans Servicing LP  whose address is 2270 Lakeside Blvd  Richardson  TX 75082  as Assignee  its successors  representatives and assigns  all its right, title and interest in and to  a certain Security Deed (or Deed to Secure Debt) executed by Keith E Thomas to Mortgage Electronic Registration Systems  Inc  dated  June 12  2007  recorded in Deed Book 45249  Page 448  Fulton County, Georgia Records

Property Address 2655 West Road  Riverdale  GA 30296

The Assignor herein specifically transfers  sells, conveys and assigns to the above Assignee  its successors  representatives and assigns, the aforesaid Security Deed  the property described therein  the indebtedness secured thereby together with all the powers  options  privileges and immunities therein contained
The Assignor herein has this day sold and assigned to the Assignee herein the note secured by the aforesaid Security Deed and this transfer is made to secure the Assignee  its successors  representatives and assigns  in the payment of said note

IN WITNESS WHEREOF  the Assignor has hereunto set its hand and seal this *December 19* 2011

Signed  sealed and delivered
in the presence of
_____
Unofficial Witness  **Dante Cuenca**

*Mary Ann Hierman*
Unofficial Witness
**Mary Ann Hierman**

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS  INC
By _____
Printed Name
Title  **Cecilia Rodriguez Assistant Secretary**

By _____
Printed Name
Title **Aida Duenas Assistant Secretary**
(Corporate Seal)

ACKNOWLEDGMENT
State of California
County of  *Ventura*
On *Dec 19, 2011* before me  *Darryl Brown, Notary Public*
(Insert name and title of the officer)
Personally appeared  *Cecilia Rodriguez* and  *Aida Duenas*
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies)  and that by his/her/their signature(s) on the instrument the person(s)  or the entity upon behalf of which the person(s) acted  executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal
Signature _____ (Seal)
*CORRECTIVE ASSIGNMENT NEEDED TO CORRECT THE EXECUTION *

DARRYL BROWN
Commission # 1812305
Notary Public - California
Los Angeles County
My Comm. Expires Oct 3, 2012

Deed Book 50744 Pg 54
Filed and Recorded Dec-23-2011 01:03am
2011-B3727795
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia