IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEITH THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:21-cv-03369-WMR |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, which is formerly known as Countrywide Home Loans Servicing, LP[1] ("BANA"), Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), Defendant MERSCORP Holdings,

---

[1] As of July 1, 2011, BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, L.P. no longer exists as a legal entity, as it merged with and into Bank of America, N.A.

Inc.[2] ("MERSCORP")[3], and Defendant McGuireWoods LLP ("McGuireWoods") (collectively "Defendants"), and respectfully submit this memorandum in support of their concurrently filed Motion to Dismiss Keith Thomas' "COMPLAINT FOR DAMAGES JURY TRIAL DEMAND" ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

This is at least the ***fifth*** frivolous action filed by Plaintiff in an attempt to avoid the consequences of his default on a home loan. While the Complaint may appear different on its face, Plaintiff nonetheless alleges the same or substantially similar claims against identical Defendants, and their privies, as he has alleged in his previous lawsuits. Plaintiff's spurious and vexatious claims against Defendants and others have previously been dismissed with prejudice and recognized as meritless by this Court, the Eleventh Circuit Court of Appeals, the Fulton County Superior Court, the Georgia Court of Appeals, and the Georgia Supreme Court. Plaintiff's

---

[2] Plaintiff erroneously names "Mortgage Electronic Registration Systems, Inc. a/k/a MERSCORP, Inc." as a Defendant. However, Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc. (f/k/a MERSCORP Inc.) are separate entities and each will respond in its own capacity.

[3] Both MERS and MERSCORP have not been served with a copy of the Summons and Complaint, nor executed a waiver of service as required pursuant to Fed. R. Civ. P. 4(h). MERS and MERSCORP do not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions.

2

instant Complaint should be dismissed in its entirety with prejudice on the basis of res judicata and/or collateral estoppel.

On June 12, 2007, Plaintiff pledged the real property at issue in this case, 2655 West Road, Riverdale, Georgia 30296 ("Property") as collateral pursuant to a Security Deed he executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as grantee as nominee for Northstar Mortgage Group, LLC ("Northstar"), its successors and assigns ("Security Deed"). [Doc. 1, ¶¶ 3, 9]. The Security Deed secured a $155,000.00 loan ("Loan"). *Id*. The Security Deed was subsequently assigned to BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. ("Assignment"). [Doc. 1, ¶ 4].

The following is a brief summary of the actions Plaintiff has pursued against Defendants, and their predecessors in interest, in various courts over the past decade:

1. On February 8, 2011, Plaintiff filed a Complaint against BANA, BAC Home Loan Servicing, LP, McCalla Raymer, LLC, Countrywide Bank, FSB, Northstar Mortgage Group, LLC, MERS, and MERSCORP in this Court (Civil Action No. 1:11-cv-00391) ("Thomas #1). In Thomas #1, Plaintiff asserted the following claims: (1) Violation of the Fair Debt Collections Practices Act, (2) Wrongful Foreclosure, (3) Fraudulent Misrepresentation, (4) Statutory Fraud, (5) Civil Conspiracy, and (6) Declaratory Relief. Plaintiff

argued that despite his default on the Loan, he should not be subject to foreclosure proceedings due to the allegedly improper Loan's 2010 Assignment. On January 10, 2013, the Honorable United States Magistrate Judge Alan J. Baverman issued a 69 page Final Report and Recommendation finding that "Plaintiff lacks standing to challenge the Assignment of the Security Deed from MERS to BANA or its predecessors-in-interest," noting that "[c]ourts have repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a power of sale." [Ex. 1, Order, p. 26]. The Magistrate Judge further found that "the Assignment of the Security Deed together with the allegations of Plaintiffs Amended Complaint, in which he lumped BANA together with BAC Home Loans Servicing LP, Countrywide Home Loans Servicing, LP, and Countrywide Bank FSB, 'through merger,' establishes that BANA was authorized to seek foreclosure of Plaintiff's residence." [Ex. 1, Order, p. 36]. Additionally, the Magistrate Judge found that, "the documents incorporated by reference into the amended complaint conclusively demonstrate that Plaintiff understood that (1) MERS was a nominee of Northstar, the Lender, (2) MERS was an assignee of the Security Deed as of June 12, 2007, and (3) MERS, and its successors and assigns, could foreclose upon Plaintiffs

4

residence if he did not keep his promises (i.e., pay the mortgage) under the note and the security deed. Thus, to the extent that Plaintiff claims that BANA somehow defrauded him because it was not the proper entity to attempt to foreclose, and that Northstar could not assign its rights to enforce the Note and Security Deed in August 2010, the documents incorporated by reference into Plaintiff's amended complaint conclusively demonstrate the insufficiency of these allegations. For the same reasons, Plaintiffs allegation that BANA's working with McCalla to advertise the foreclosure sale does not sufficiently allege fraud." [Ex. 1, Order, pp. 39-40]. The Magistrate Judge recommended that all of Plaintiffs claims be dismissed with prejudice. On February 4, 2013, the District Judge (the Honorable William S. Duffey, Jr.) adopted the Final Report and Recommendation of the Magistrate Judge and dismissed the lawsuit with prejudice. Plaintiff then appeal from the District Judge's Order of dismissal to the Eleventh Circuit Court of Appeals. On or about February 21, 2014, the Eleventh Circuit Court of Appeals affirmed in an unpublished opinion issued on February 21, 2014. (True and correct copies of these pleadings are attached hereto as Exhibit 1.) [4]

---

[4] This Court can take judicial notice of public records without converting this motion to one for summary judgment. *See Bryant v. Avado Brands, Inc*. 187 F.3d 1271, 1278 (11th Cir. 1999); *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308,

2.  On February 25, 2013, Plaintiff filed a second Complaint with the Superior Court for Fulton County, (Civil Action No. 2013CV227759) ("Thomas #2"). Thomas #2 asserted a single claim to quiet title against Northstar, BANA, MERS and MERSCORP, again challenging his mortgage Loan in an attempt to avoid foreclosure.  On December 2, 2014 the Court adopted the Special Master Order and dismissed the case with prejudice. Plaintiff appealed that final order to the Georgia Court of Appeals (Civil Action No. Al6A0484) which affirmed on June 9, 2016. Plaintiff then petitioned for certiorari with the Georgia Supreme Court, which the Georgia Supreme Court dismissed as untimely on February 27, 2017. The Georgia Supreme Court then also denied the Plaintiff's Motion for Reconsideration on March 30, 2017. (True and correct copies of these pleadings are attached hereto as Exhibit 2.)

3.  On July 31, 2014, Plaintiff filed a third Complaint for Damages against Northstar, BANA, MERS, MERSCORP, and McCalla Raymer in the Superior Court for Fulton County, (Civil Action No. 2014CV 249678) ("Thomas #3"). In Thomas #3, Plaintiff again asserted the following claims: (1) attempted

---

355, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *Mcfarland v. BAC Home Loans Serv.*, LP, No. 1:11–cv–4061–RWS, 2012 WL 2205566, at *1 n. 2 (N.D.Ga. June 14, 2012); *Lawson v. Ocwen Loan Servicing, LLC*, No. 1:14-CV-1301-WSD, 2015 WL 881252, at *1 (N.D. Ga. Mar. 2, 2015).

wrongful foreclosure as to Bank of America; (2) statutory fraud; (3) mortgage assignment fraud, document fraud and fraudulent conveyance violating the Uniform Fraudulent Transfer Act O.C.G.A. 18-2-70 thru 18-2-80; (4) civil conspiracy; (5) mental anguish; and (6) injunctive relief. Plaintiff again argued that despite his default on the Loan, he should not be subject to foreclosure proceedings due to the allegedly improper 2010 Assignment. On April 27, 2015, the Court granted Defendants motion for summary judgment and held that the claims were barred by res judicata and collateral estoppel. The Court held that "[t]he gravamen of Plaintiffs claims in the federal case and in the present case is that the Defendants' foreclosure efforts were improper because they were based upon an invalid assignment dated August 23, 2010. The records reflect that validity of the 2010 assignment and Plaintiffs right to challenge the assignment were fully litigated and resolved adversely to Plaintiff in the federal action." [Ex. 3, Order, p. 3].  Plaintiff appealed that final order to the Georgia Court of Appeals (Civil Action No. A19A1885) which affirmed on January 7, 2020. Plaintiff then petitioned for certiorari with the Georgia Supreme Court, which the Georgia Supreme Court denied on August 24, 2020. (True and correct copies of these pleadings are attached hereto as Exhibit 3.)

4. On October 26, 2020, Plaintiff filed his fourth Complaint against Northstar, BANA, MERS, MERSCORP, and McGuireWoods with this Court (Civil Action No. 1:20-cv-04370-WMR) ("Thomas #4"). This Court granted Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction on December 10, 2020. (True and correct copies of these pleadings are attached hereto as Exhibit 4.)

(collectively "Prior Lawsuits").

The present action was filed on August 18, 2021. Undaunted by his complete lack of success in the Prior Lawsuits, Plaintiff yet again makes the same tired claims about his Loan. Each of the theories underlying his claims are rooted in the origination or transfer of his Loan or the Assignment of the Security Deed that have been adjudicated against Plaintiff numerous times. Ultimately, Plaintiff's claims have no merit, as various courts have already recognized in prior orders. This Complaint is a clear attempt to stall foreclosure proceedings, and Plaintiff's claims fail as a matter of law. Plaintiff should not be allowed to continue to abuse the judicial system merely for delay. For these reasons, this Complaint should be dismissed with prejudice and/or judgment be granted to Defendants.

## II.   <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in the Complaint must be accepted as true and construed in the light most favorable to Plaintiff.  *See Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008).  However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are enough to raise a right to relief above the speculative level. "[A]lthough pro se pleadings are governed by less stringent standards than pleadings prepared by attorneys, pro se parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules." *See Habib v. Bank of Am. Corp.*, 2011 WL 5239723, at *3 (N.D.Ga. 2011), adopted by 2011 WL 5239713 (N.D.Ga. 2011) (*internal citations omitted*).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citations and quotations omitted*).  More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).  To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'"  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (*quoting Twombly*, 550 U.S. at 555).

### III.    ARGUMENT AND CITATION OF AUTHORITIES

#### A. Plaintiff's Claims Are Barred By The Doctrine Of Res Judicata.

Plaintiff, a repeat filer, has brought at least five lawsuits to stop the non-judicial foreclosure sale of the Property. Plaintiff's suits have all failed. In the Prior Lawsuits, Plaintiff filed claims against these same Defendants, and their predecessors in interest, attempting to set aside the Loan, the Security Deed, the Assignment, and any foreclosure sales of the Property. [Exs. 1-4]. These Prior Lawsuits were dismissed and found in the various banking entities favor. [Exs. 1-4.]

"Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). The *res judicata* doctrine "protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (*alts. and cits. omitted*). "Res judicata bars the filing of claims which were raised *or could have been raised* in an earlier proceeding." *Id.* (*emph. added*).

As referenced above, there is no question that the various Court's dismissals of the Prior Lawsuits constitute prior final judgments on the merits. The Courts are also ones of competent jurisdiction, and the Prior Lawsuits involved both Plaintiff and these same Defendants, and their predecessors in interest. The only issue is whether "the same cause of action is involved in both cases." Here, they are. In this Circuit, "the principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the

actions, not their form." *Ragsdale*, 193 F.3d at 1239. "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same claim or cause of action for purposes of res judicata." *Id*.

Here, all of the Prior Lawsuits are premised on the attempted foreclosure of the Property by Defendants. In addition, all of the Prior Lawsuits are generally based on the alleged invalidity of documents in the chain of title.  These are the exact same allegations and issues as in this current lawsuit. Moreover, the operative facts in this lawsuit arose before Plaintiff filed the Prior Lawsuits, so there is no doubt that Plaintiff could have raised any current claims in the Prior Lawsuits. Though he makes some new allegations here, he could have made these in the numerous Prior Lawsuits as they relate to the same common nucleus of facts in the Prior Lawsuits involving the Loan and the propriety of a foreclosure of the Property. This Complaint contains no new allegations for any conduct by Defendants which could give rise to a new claim. Accordingly, this Court should dismiss the Complaint with prejudice.

**B. <u>Plaintiff's Complaint is Barred By The Collateral Estoppel Doctrine.</u>**

Plaintiff's Complaint is also barred by the collateral estoppel doctrine. Where "claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the relitigation of

particular issues which were actually litigated and decided in a prior suit." *Data Lease Fin. Corp.*, 904 F.2d at 1501; *accord Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998). "Collateral estoppel, or issue preclusion, 'recognizes that suits addressed to particular claims may present issues relevant to suits on other claims' ... and requires that the identical issue in question was actually litigated and necessary to the judgment of an earlier suit." *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (*citation omitted*). The "party seeking to apply the doctrine of collateral estoppel must establish that: (1) the issue at stake is identical to one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior litigation." *McCulley v. Bank of America, N.A.*, 2015 WL 1474532, at *3 (11th Cir. April 2, 2015) (*citation omitted*). In resolving a claim of issue preclusion, "[a] court 'must look to the factual issues to be resolved [in the second cause of action], and compare them with the issues explored in' the first cause of action." *Manning*, 953 F.2d at 1359 (*quoting S.E.L. Maduro v. M/V Antonio De Gastaneta*, 833 F.2d 1477, 1482 (11th Cir. 1987)). "Requiring that issues be 'actually litigated' ensures that collateral estoppel precludes only those issues that

were contested by the parties." *Community State Bank v. Strong*, 651 F.3d 1241, 1268 (11th Cir. 2011). "[A] consideration of 'actually litigated' is not addressed to the quality or quantity of evidence or argument presented. Instead, it only requires that an issue was effectively raised in the prior action, and that the adverse party had a fair opportunity to contest the issue." *In re Betts*, 174 B.R. 636 (N.D. Ga. 1994).

Here, Plaintiff cannot dispute that he did or could have litigated all of these issues in the Prior Lawsuits. Indeed, as set forth above, Plaintiff has actually raised all of the same arguments in his Prior Lawsuits and numerous separate courts have found that the claims lack merit as a matter of law. In Thomas #1, Magistrate Judge Baverman issued the sixty-nine (69) page R&R, which thoroughly addressed each of Plaintiff's claims in Thomas #1 and all of the related issues, including Plaintiff's general argument regarding the validity of foreclosure based on Plaintiff's erroneous claim that Defendants lacked standing to foreclose. [Ex. 1, Order, p. 26, 36]. The R&R specifically found that Plaintiff lacks standing to challenge the August 23, 2010 and December 19, 2011 mortgage assignments. *Id*. The R&R was adopted by Judge Duffey and affirmed by the Eleventh Circuit (SOF, Nos. 9, 14) and, as a result, all of the issues addressed by the R&R preclude Plaintiff from litigating the issues that actually were litigated or could have been litigated in the Prior Lawsuits. As a result, Plaintiff may not re-litigate the same issues under any possible cause of action

14

due to collateral estoppel. *Id*. In the pending case, (1) the issues are similar to Thomas #1 – Thomas #4; (2) the actions in Thomas #1 – Thomas #4 were all dismissed with prejudice; (3) Mr. Thomas is again the Plaintiff; and (4) whether or not there were issues with the Loan origination, transfer, or whether these same Defendants, and their predecessors in interest, properly serviced the loan, were actually litigated and decided in the Prior Lawsuits. Accordingly, this Court should dismiss the Plaintiff's Complaint since it is barred by the collateral estoppel doctrine.

**C.** **Plaintiff's Complaint Should Be Dismissed with Prejudice as a Shotgun Pleading.**

Plaintiff's Complaint also epitomizes a shotgun pleading, which have historically been rejected by the Courts in this Circuit. *See, e.g., Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

Recently, the Eleventh Circuit held that "[s]hotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) do not re-allege all preceding counts but are 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;' (3) do not separate each cause of action or claim for relief into

separate counts; or (4) contain counts that present more than one discrete claim for relief." *Silverthorne v. Yeaman*, 668 F. App'x 354, 355 (11th Cir. 2016). The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001); *Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

In this case, Plaintiff's Complaint is a quintessential shotgun pleading. The Complaint is still replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. [Doc. 1]. Plaintiff does not identify which counts of the Complaint are alleged against each specific defendant. The Complaint fails to state any claims for relief under any recognized cause of action; therefore, this Court should dismiss this shotgun Complaint with prejudice.

**D. <u>Plaintiff's Complaint Fails To Comply With Rule 8(a).</u>**

As discussed above, Plaintiff fails to state any claim for relief under any recognized cause of action, and pleads only bald legal conclusions without factual support sufficient to raise any right to relief above a speculative level.  As a result, the Complaint should be dismissed with prejudice under Rule 12(b)(6) and Rule 8.

In order to avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a).  "Fed. R. Civ. P. 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft*, 129 S. Ct. at 1950; *see also Bell Atlantic Corp.*, 550 U.S. at 555.  Under *Twombly* and *Iqbal*, a plaintiff must plead facts to support a reasonable inference that there has been some wrongdoing.  *Ashcroft*, 129 S. Ct. at 1949; *Bell Atlantic Corp.*, 550 U.S. at 570. Pleading deficiencies that warrant dismissal include (1) a "confused and rambling narrative of charges and conclusions," (2) an "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," and (3) failing to allege "with even modest particularity the dates and places of the alleged transactions." *Poblete v. Goldberg*, 680 F. Supp. 2d 18 (D.D.C. 2009) (dismissing with prejudice the complaint where the complaint was comprised of confusing legal theories and insufficient factual pleadings).  A claim for relief must contain more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555.

Here, Plaintiff has not satisfied the foregoing pleading requirements.  The Complaint relies on excessive legal conclusions without connecting any facts to the conclusions and, therefore, fails to set forth a comprehensible claim against Defendants.  Moreover, as discussed above, Plaintiff's Complaint is a shotgun

pleading. The Complaint fails to identify specific factual matters that would support each claim and, thus, Defendants are left to sift through the multitude of paragraphs of irrelevant allegations to determine those that might relate in some way to a claim for relief.  Plaintiff haphazardly makes allegations, but none of them support any claims that Plaintiff is attempting to make.  This mass of allegations leaves Defendants unsure if those allegations relate to a cause of action and need to be addressed.   In addition, to the extent that the Complaint identifies any substantive allegations at all, those allegations are entirely conclusory. Plaintiff does not identify which counts the Complaint are alleged against each specific defendant. Notwithstanding, the undersigned will address the most cognizable of Plaintiff's claims contained in the Complaint, to the extent there are any such claims.

**E. Plaintiff's Complaint Fails To State A Claim For Violation of the Civil Rights Act of 1866.**

But, even if this Court were to hold that this lawsuit was not barred by the doctrines of res judicata and collateral estoppel, which Defendants deny, Plaintiff is still not entitled to the specific relief requested in the Complaint as a matter of law.

Defendants interpret Count I as asserting a claim under the Civil Rights Act of 1866 [Doc. 1, ¶ 18]. Plaintiff alleges that Defendants violated 42 U.S.C. § 1982 when they recorded the Assignment in the county deed records; however, Plaintiff

18

has not provided any evidence to support this allegation. The text of 42 U.S.C. § 1982 reads: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  Section 1982 prohibits racial discrimination relating to certain interests in real and personal property.  The statute protects "not merely the enforceability of property interests acquired by [protected] citizens but also their right to acquire and use property on an equal basis as [non-protected] citizens." *Greene v. City of Memphis*, 451 U.S. 100, 120 (1981).  The claims under § 1982 are analyzed under the *McDonnell-Douglas* standard like §1981 claims.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). However, rather than showing interference with contracts, the plaintiff must show interference with a property right. In order to allege a prima facie case for racial discrimination under the Civil Rights Act of 1866, Plaintiff must allege that 1) he is a member of a protected class; 2) he applied for and was qualified to obtain a home loan from Defendants; 3) Defendants refused to engage in the transaction despite Plaintiff's qualifications; and, 4) Defendants continued to approve loans for applicants outside of the Plaintiff's protected class with qualifications similar to Plaintiff. *See, e.g., Boykin v. Bank of Am. Corp.,* 162 Fed. Appx. 837,838 (11th Cir. 2005); *Hickson v. Home Federal of Atlanta,* 805 F. Supp.

1567 (N.D. Ga. 1992); *Sallion v. SunTrust Bank, Atlanta,* 87 F. Supp. 2d 1323, 1329

(N.D. Ga. 2000); *Farrior v. H.J Russell & Co*., 45 F. Supp. 2d 1358, 1367-68 (N.D.

Ga. 1999) (using the *McDonnell Douglas* test to analyze a Section 1982 claim under

the Civil Rights Act of 1866). In order to meet the comparability requirement a

plaintiff is required to show that he or she is similarly situated in all relevant aspects

to the non-minority comparator. *Boykin*, 162 Fed. Appx. at 839 (*citations omitted*).

Here, Plaintiff has not established a prima facie case. Defendants do not

contest Plaintiff's race; however, they do not believe that there has been an

impairment of any property interest.  Firstly, Plaintiff's section 1982 claim fails

outright as Plaintiff was not denied a contract on the basis of his race.  In fact,

Plaintiff was approved and expressly accepted the Loan. [Doc. 1, ¶¶ 3, 9].  Plaintiff

has also failed to allege any facts showing that he was in fact denied the right to

acquire, use, hold, or convey personal property on an equal basis as white citizens.

Plaintiff has not alleged that anything the Defendants did actually impaired or

interfered with his right to acquire or use personal property. Plaintiff applied for and

was approved for the Loan, and granted the Security Deed to MERS, as grantee as

nominee for Northstar, its successors and assigns. [Doc. 1, ¶¶ 3, 9]. The Security

Deed's Assignment is therefore proper as a matter of law, and Plaintiff's allegations

are insufficient as a matter of law. *See Walker v. Park Ave. Bank,* No. 1:07-CV-

2118-WSD-RGV, 2008 WL 842432, at *10 (N.D. Ga. Mar. 28, 2008)("Walker has

failed to allege any facts showing that he was in fact denied the right to acquire, use,

hold, or convey personal property on an equal basis as white citizens. Although the

incident in question may have dissuaded Walker from visiting the bank, Walker has

not alleged that anything the defendants did actually impaired or interfered with his

right to acquire or use personal property. *See Morris*, 89 F.3d at 415. Therefore, the

Court RECOMMENDS that defendants' motion to dismiss counts one and two of

Walker's complaint be GRANTED.") Similarly, in this case, because the Plaintiff

has failed to establish his prima facie case, dismissal is appropriate for Defendants.

F. **Plaintiff's Complaint Fails To State A Claim For Violation of the Racketeer Influenced and Corrupt Organizations Act.**

Defendants interpret Count II as asserting a claim under the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

[Doc. 1, pp. 12-13]. The Eleventh Circuit has held that Civil RICO claims are a

"certain breed of fraud claims" and "must be pled with an increased level of

specificity." *Ambrosia Coal & Constr. Co. v. Morale*s, 482 F.3d 1309, 1316 (11th

Cir. 2007). The four elements of a RICO claim are (1) conduct (2) of an enterprise

(3) through a pattern (4) of racketeering activity. *Langford v. Rite Aid of Ala., Inc.,*

231 F.3d 1308, 1312 (11th Cir. 2000). An enterprise is "an ongoing organization,

formal or informal" where "various associates function as a single unit." *United States v. Hewes*, 729 F.2d 1302, 1310 (11th Cir. 1984). Moreover, to allege a pattern of racketeering activity, Plaintiff must allege two predicate acts which are indictable under several criminal statutes and occur within a ten year period. *Id.* To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380 (11th Cir. 1997). In *Brooks*, we concluded that the complaint alleging a RICO claim did not meet the Rule 9(b) particularity standard because it was devoid of specific allegations with respect to each defendant; the plaintiffs lumped together all of the defendants in their allegations of fraud. *Id*. at 1381. "[I]n a case involving multiple defendants ... the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Id*.

In this case, Plaintiff has failed to state a claim against Defendants for RICO violations. Plaintiff has failed to sufficiently allege an enterprise or two predicate acts constituting a pattern of racketeering activity, and his RICO claims are barred

by the applicable statute of limitations. Thus, this claim should be dismissed with prejudice.

### a. Plaintiff Fails To Allege Facts That Would Establish A Pattern Of Racketeering Activity.

A plaintiff asserting a RICO claim must establish a pattern of racketeering activity, which is shown when a racketeer commits at least two distinct but related predicate acts. *Pelletier, 921 F.2d at 1496.* Predicate acts must meet standards of continuity and relatedness; allegations of mail fraud alone generally do not satisfy RICO's pattern requirement. *See, e.g., Jackson v. Bellsouth Telcomm*, 372 F.3d 1250, 1265 (11th Cir. 2004) (where predicate acts are mail fraud, courts have held that a pattern of racketeering activity requires proof of something beyond the predicate act – mail fraud – itself); *Menasco, Inc. Wasserman*, 886 F.2d 681, 684-85 (4th Cir. 1989) (same); J.G. *Williams Inc. v. Regency Props., Ltd*., 672 F. Supp. 1436, 1442 (N.D. Ga. 1987); *Bivens v. Roberts*, 2009 WL 891859, at *10 (S.D. Ga. Mr. 31, 2009) (dismissing RICO claims because plaintiffs failed to show "a continuing pattern criminal conduct worthy of the drastic remedy that RICO provides."). *Jackson*, 372 at 1265. Moreover, conclusory allegations that the defendant defrauded others are not sufficient to establish the requisite pattern of fraud. *Id*.

As an initial matter, because Plaintiff cannot establish fraud even in an individual transaction, he cannot establish a pattern of racketeering activity, i.e., a series of related predicate acts. Furthermore, Plaintiff offers no factual allegations whatsoever that explains what predicate acts actually occurred, how they were related, how they have the same or similar purpose, or the results. In short, there are no allegations that would show that any predicate acts were interrelated and not isolated. Plaintiff's Complaint does not establish that Defendants engaged in a pattern of racketeering activity.

### b. **Plaintiff Has Failed To Establish The Existence Of A RICO Enterprise.**

Plaintiff has also not offered any factual allegations to support a finding of a RICO enterprise. To establish an enterprise, a plaintiff must show the existence of: (1) an ongoing organization, formal or informal, (2) that functions as a continuing unit, and (3) is an entity separate and apart from the pattern of activity in which it engages. *U.S. Turkette*, 452 U.S. 576, 583 (1981). It is not sufficient for a plaintiff to allege that an enterprise exists solely as a result of a defendant's alleged racketeering activity or that a defendant participated in the enterprise through a pattern of racketeering activity. The plaintiff must allege facts showing an enterprise existed separate and apart from the pattern of activity in which engages. *U.S. v.*

24

*Goldin Indus*., Inc., 219 F.3d 1271, 1275 (11th Cir. 2000) (noting that the identity of the enterprise is distinct from the identity of the defendant).

In this case, Plaintiff merely recites the elements of RICO, he does not allege sufficient facts to show that an enterprise existed. Plaintiff has not alleged that Defendants conducted the affairs of a RICO enterprise, or that an enterprise existed separate and apart from the purported pattern of racketeering activity. *See Reves v. Ernst & Young,* 507 U.S. 170, 179 (1993) (finding that the defendant must have some part in directing the affairs of the enterprise). Accordingly, Plaintiff's RICO claim should be dismissed with prejudice as a matter of law.

### c.  <u>Plaintiff Fails To Allege A Scheme To Defraud.</u>

In the Complaint, Plaintiff fails to sufficiently allege a scheme to defraud or use of mail in furtherance thereof with particularity. Plaintiff alleges no facts evincing that Defendants devised a scheme to defraud Plaintiff or ever intended to defraud him. Moreover, Plaintiff has not alleged the "fraud" underlying the purported scheme to defraud against the Plaintiff with particularity under Rule 9(b). Plaintiff makes a number of general allegations about Defendants, but, as stated supra, these allegations were not fraudulent. Therefore, Plaintiff cannot proceed under RICO based on allegations of mail without these essential allegations. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F. 3d 1309 (11th Cir. 2007).

### d.  **Plaintiff Fails To Allege A Proximately Caused Injury.**

Finally, to establish a RICO claim, Plaintiff must allege an injury proximately caused by the RICO violation. *Williams v. Mohawk Indus., Inc.,* 465 F.3d 1277, 1282 (11th Cir. 2006). Courts are encouraged to "scrutinize proximate causation at the pleading stage and carefully evaluate whether the injury pled was proximately caused…" *Id*. "The central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Id*. Stated otherwise, courts must give careful consideration to the "relation between the injury asserted and the injurious conduct alleged." Additionally, although first-party reliance is not an element of a RICO claim where fraud is alleged, a plaintiff must show that someone relied on the misrepresentations to show either "but for" or proximate causation. *Bridge v. Phoenix Bond & Indem. Co*., 553 U.S. 639, 658-59 (2008). "A plaintiff asserting a RICO claim based on fraud must show that someone, either themselves or a third party, relied on the misrepresentations and that such reliance caused plaintiff's injury." *Numrich v. JPMorgan Chase Bank, N.A*., 2012 U.S. Dist. LEXIS 74687 (D. Or. May 30, 2012) (dismissing a similar RICO claim for absence of reliance or other proximate cause).

Here, Plaintiff fails to provide even a perfunctory recitation that he relied upon any representations, and Plaintiff fails to explain how he was allegedly harmed.

Since there has been no foreclosure sale of the Property, Plaintiff has not been harmed and has no damages against Defendants.  The fact that Plaintiff did not rely on any false statement, however, leads this Court to the conclusion that Plaintiff has not alleged a cause of action for a RICO violation.

In sum, Plaintiff failed to allege that Defendants made any fraudulent statements, failed to allege any predicate acts – much less a pattern of racketeering activity, failed to allege the existence of an enterprise, failed to allege a scheme to defraud, and failed to allege that he relied on fraudulent statements or was harmed. Plaintiff's cause of action for a RICO violation utterly fails and should be dismissed with prejudice.

 **e.** **Plaintiff's RICO Claim Is Barred By the Applicable Statute of Limitations.**

Additionally, Plaintiff's RICO claim is also barred by the applicable statute of limitations. "The statute of limitations for civil RICO actions is four years. The action begins to run "when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering." *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013).

In this case, Plaintiff's 2021 RICO claims – challenging the 2010 Assignment - are barred by the 4 year statute of limitations. Therefore, for this additional reason, Plaintiff's RICO claims fail and should be dismissed with prejudice.

### G. **Plaintiff's Complaint Fails To State A Claim For Fraud.**

Plaintiff alleges that Defendants acted fraudulently towards Plaintiff by recording the Assignment in the county deed records. [Doc. 1, pp. 13-14]. This claims is meritless.

Firstly, this fraud claim fails as a matter of law since it is time barred. Plaintiff's fraud claim relate to the alleged 2010 Assignment. This claim is barred by the four-year statute of limitation for claims of fraud. Under Georgia law, a fraud claim must be brought within four years after the cause of action has accrued, which is the time of injury. O.C.G.A. § 9-3-31 (2011); *Hanna v. McWilliams*, 213 Ga. App. 648, 650 (1994); *Anthony v. Am. Gen. Fin. Servs*., Inc., 626 F.3d 1318, 1321 (11th Cir. 2010). Moreover, the limitations period here is not tolled since under Georgia law the type of fraud "which is necessary to toll the statute of limitations until the discovery of the fraud which gives rise to the cause of action, must be actual fraud, involving moral turpitude, which 'debars and deters' the plaintiff from his action. . .", *Union Circulation Co v. Tr. Co. Bank*, 146 Ga. App. 612, 613, 247 S.E.2d 197, 198 (1978) (*citations omitted*); *see also Charter Peachford Behavioral Health Sys.*

*v. Kohout*, 233 Ga. App. 452, 457, 504 S.E.2d 514, 522 (1998) ("The key element for such tolling to apply is that the fraud must have debarred or deterred plaintiff from bringing the suit" in a timely manner).   Here, as evidenced by the Prior Lawsuits, Plaintiff was aware of the 2010 Assignment as early as 2011. Therefore, this Court should hold that Plaintiff's 2021 fraud claim is untimely based on the relevant statute of limitations.

Secondly, Plaintiff's fraud claim should be dismissed because Plaintiff has failed to plead fraud with the particularity required by Rule 9(b). The rule requires a party alleging fraud to "state with particularity the circumstances constituting the fraud or mistake."  Such particularity is required to ensure that defendants have fair notice of "the precise misconduct with which they are charged" and to safeguard against "spurious charges of immoral and fraudulent behavior." *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006).  The Eleventh Circuit has held that the particularity requirement of 9(b) is satisfied if the complaint alleges:

(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such

statements and the manner in which they misled the plaintiff, and (4)

what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Intern, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (*internal*

*citations and quotations omitted)*.

In this case, Plaintiff's conclusory allegations are not sufficient to support a

fraud claim. Plaintiff does not identify any specific statements made by Defendants

and fails to identify time and place of an omission, the person responsible for making

an omission, and what Plaintiff obtained as a consequence of fraud. [Doc. 1,

generally].   The Complaint omits essential facts necessary to satisfy Rule 9(b).

Plaintiff's fraud claim must also be dismissed because Plaintiff has failed to plead

either scienter or intent. Plaintiff makes no specific allegations that a representative

of any of the Defendants allegedly made a misrepresentation to Plaintiff, let alone a

misrepresentation made with the intent to deceive Plaintiff. This failure to plead

scienter, an essential element of a fraud claim, warrants dismissal of that claim. In

addition, Plaintiff has not set forth any facts demonstrating Defendants' intent in

making an alleged fraudulent statement. Because Plaintiff fails to allege that

Defendants intended to induce Plaintiff to act or refrain from acting, a fraud claim

cannot stand.

Moreover, Plaintiff's fraud claims attempting to challenge the 2010 Assignment are similarly meritless since the Georgia Court of Appeals has held that homeowners lack standing to bring claims of wrongful foreclosure to the extent that the claim is premised on challenges to the validity of an assignment of the mortgage or security deed whose assignment the homeowner was not a party. *See Montgomery v. Bank of Am.,* 740 S.E.2d 434, 438 (Ga. Ct. App. 2013); *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1251 (11th Cir. 2015).

Finally, to the extent that Plaintiff is somehow re-alleging in his fraud claim that the Assignment is invalid due to the legal status of the originating lender (Northstar) at the time of the Assignment, that argument is still meritless since this Court has already repeatedly "recognized that MERS has the ability to assign a security deed even where it is alleged that the original lender went bankrupt and no longer existed at the time of the assignment." *Williams v. Bank of Am.,* No. 1:13-CV-00910-AT-AJB, 2014 WL 12543865, at *7 (N.D. Ga. Jan. 23, 2014), report and recommendation adopted sub nom. *Williams v. Bank of Am., N.A.,* No. 1:13-CV-0910-AT, 2014 WL 12550440 (N.D. Ga. Feb. 19, 2014); *Crutcher v. CitiMortgage, Inc.,* Civ. Action No. 1:12-cv-00455-JOF, 2012 U.S. Dist. LEXIS 177136, at *4-5, 17 (N.D. Ga. Sept. 20, 2012) (holding that MERS carried on as grantee under the security deed and had authority to assign it); *White v. CitiMortgage, Inc.,* No.

112CV02035MHSJFK, 2012 WL 13018321, at *5 (N.D. Ga. Dec. 18, 2012), report and recommendation adopted, No. 1:12-CV-02035-MHS, 2013 WL 12249512 (N.D. Ga. Jan. 18, 2013)("A lender's declaration of insolvency prior to MERS transferring a security deed as nominee for that lender does "not mean that the security deed and the note it secured lacked value or that the transfer was made without good faith or with knowledge of defects or notice of dishonor such that [the Assignee] was not a holder in due course.")

Therefore, for these reasons, Plaintiff's fraud claim should be dismissed with prejudice as to these Defendants.

## H. **Plaintiff's Complaint Fails To State A Claim For Civil Conspiracy.**

Plaintiff also alleges that Defendants conspired against Plaintiff by recording the Assignment in the county deed records. [Doc. 1, p. 14]. This claims is similarly meritless.

In Georgia, a conspiracy is "a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." *Deverze v. McCalla Raymer, LLC*, No. 1:16-CV-2399-RWS-JCF, 2017 WL 9963558, at *11 (N.D. Ga. Apr. 24, 2017), report and recommendation adopted, No. 1:16-CV-2399-RWS-JCF, 2017 WL 9963556 (N.D. Ga. Sept. 5, 2017). 'To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons,

acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy.' " *Id*.

In the Complaint, Plaintiff alleges that the Defendants conspired against Plaintiff to harm him by recording the Assignment. [Doc. 1, ¶ 18]. However, the claim for civil conspiracy fails because, as previously discussed, the underlying torts do not state a claim upon which relief can be granted. *See Loncke v. Bank of Am.*, Civil Action File No. 1:14-cv-01771-MHC-AJB, 2015 WL 11251741, at *19, 2015 U.S. Dist. LEXIS 180382, at * 59 (Jan. 16, 2015) (dismissing civil conspiracy claim because it was based on an unmeritorious wrongful foreclosure claim), adopted by 2015 U.S. Dist. LEXIS 180370 (N.D. Ga. Feb. 17, 2015); *Deverze v. McCalla Raymer, LLC*, No. 1:16-CV-2399-RWS-JCF, 2017 WL 9963558, at *11 (N.D. Ga. Apr. 24, 2017), report and recommendation adopted, No. 1:16-CV-2399-RWS-JCF, 2017 WL 9963556 (N.D. Ga. Sept. 5, 2017)(" For the reasons stated above, Count 5, which alleges wrongful acceleration against both defendants, fails against McCalla Raymer. For that reason, any civil conspiracy claim premised on the same allegations also fails.")

Here, Plaintiff's claim for civil conspiracy fails because, as previously discussed, the underlying torts do not state a claim upon which relief can be granted.

The Assignment is proper and Plaintiff lacks standing to challenge it as a matter of law. Therefore, this Court should grant this Motion to Dismiss with prejudice.

### I. **Plaintiff's Complaint Fails To State A Claim For Damages.**

Plaintiff is also not entitled to recover any damages since, as stated *supra*, all of Plaintiff's substantive claims fail as a matter of law. *See J. Andrew Lunsford Properties, LLC v. Davis,* 257 Ga. App. 720, 722 (2002).   Because Plaintiff's substantive claims must be dismissed for failure to state a claim as a matter of law, Plaintiff's derivative claim for damages also must be dismissed.

### J. **McGuireWoods is Not Liable to Plaintiff.**

Plaintiff is also not entitled to any relief against the law firm McGuireWoods as a matter of law. In the Complaint, Plaintiff has not pled that McGuireWoods, and its attorneys, engaged in any undertaking in which they exceeded the scope of any authority given to them by the banking defendants. Pursuant to O.C.G.A. §10-6-85, an agent is only liable in tort to a third party for exceeding the authority granted by its principal or for its own tortious acts. No such allegation is made here.  Plaintiff has not alleged that McGuireWoods, or its attorneys engaged in tortious conduct or exceeded the scope of any authority given to them by the banking defendants. Instead, Plaintiff's allegations are purely directed at the foreclosing bank. This is insufficient as a matter of law, and for this additional reason McGuireWoods must

be dismissed from this lawsuit. *See Enedah v. Am.'s Servicing Co*., No. 1:11-CV-695-AT, 2012 WL 10973752, at *3 (N.D. Ga. Mar. 16, 2012) (Although a law firm can be a proper defendant in a wrongful foreclosure lawsuit, such a suit against the firm must be based on the law firm or its attorney's own tortious conduct, and cannot ride on allegations that are purely directed at the foreclosing bank*.); McCarter v. Bankers Trust Co*., 247 Ga.App. 129, 543 S.E.2d 755, 757 (Ga.Ct.App.2000).  Here, the allegations in the Complaint relate to McGuireWoods efforts to defend banking defendants in the Prior Lawsuits. However, contrary to the  Plaintiff's allegations, all ruling in the Prior Lawsuits were in favor of McGuireWoods and the banking defendants, and against Plaintiff. McGuireWoods, and its attorneys, did not exceed the authority granted to them, and they did not engage in tortious acts. Accordingly, any claims suggested in the Complaint as against McGuireWoods must be dismissed for failure to state a claim.

## K. **Plaintiff's Complaint Fails To State A Claim Against MERSCORP.**

Plaintiff is also not entitled to any relief against MERSCORP. A cursory review of the Complaint demonstrates there are no specific allegations against MERSCORP, but merely conclusions, legal or otherwise, directed at MERS – a separate legal entity. Without any specific factual allegations, Plaintiff has set forth nothing more than conclusory allegations which fail to show that he is plausibly

entitled to relief and he has failed to raise his right to relief above the speculative level. In the Complaint, Plaintiff does not assert any claims against MERSCORP, allege that MERSCORP was involved in any actions to foreclose on the Property, allege that MERSCORP owed any duty to Plaintiff, or allege that MERSCORP had any interest in the Loan. [Doc. 1, generally].  As a result, Plaintiff fails to state any cognizable claim against MERSCORP, and MERSCORP should be dismissed as a matter of law. *See Rosenhaft v. Citibank*, *N.A.*, No. 1:11-CV-4063-WSD, 2012 WL 1080388, at *4 (N.D. Ga. Mar. 29, 2012) ("That is, Plaintiff does not assert any claims against MERSCORP, allege that MERSCORP was involved in any actions to foreclose on his property, or allege that MERSCORP owed any duty to Plaintiff. Plaintiff fails to state any cognizable claim for wrongful foreclosure against MERSCORP."); *Barge v. Wilmington Sav. Fund Soc'y, FSB as trustee for Upland Mortg. Loan Tr. A*, No. 119CV00226ELRCMS, 2019 WL 3490461, at *3 (N.D. Ga. May 13, 2019), report and recommendation adopted sub nom. *Barge v. Wilmington Sav. Fund Soc'y, FSB as Tr. for Upland Mortg. Loan Tr. A*, No. 1:19-CV-00226-ELR, 2019 WL 3503743 (N.D. Ga. May 31, 2019)( dismissing with prejudice claims against MERSCORP for failure to state a claim).

**L.** **Plaintiff Has Failed to Effect Sufficient Service of Process on MERS or MERSCORP.**

Although the Complaint should be dismissed with prejudice under Rule 12(b)(6), and though it would be better for the Court and parties if this dispute were resolved on the merits, in the alternative the allegations against MERS and MERSCORP may be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and (5), as Plaintiff has failed to provide sufficient process or effect sufficient service of process on either within the time allowed by Fed. R. Civ. P. 4(m). To date, Plaintiff has failed to serve personally either MERS or MERSCORP with the Summons and Complaint, and has not filed any proof of service on either MERS or MERSCORP with this Court. The burden is on Plaintiff to prove sufficient process and service of process, and he has not done so. *See Carrier v. Jordan*, 714 F. Supp. 2d 1204, 1210-11 (S.D .Ga. 2008). Accordingly, the Complaint should be dismissed under Rule 4(m) and Rule 12(b)(5).

## IV.   CONCLUSION

In conclusion, the Court should grant Defendants' Motion to Dismiss and dismiss this lawsuit with prejudice since Plaintiff's claims all fail as a matter of law.

This 10th day of September, 2021.

/s/ Allison Rhadans
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)

37

ARhadans@mcguirewoods.com
*Attorney for Defendant Bank of America,*
*N.A., Defendant Mortgage Electronic*
*Registration Systems, Inc., Defendant*
*MERSCORP Holdings, Inc., and Defendant*
*McGuireWoods LLP*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEITH THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:21-cv-03369-WMR |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on the undersigned date, I electronically filed the foregoing ***MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT*** with the Clerk of the Court using the CM/ECF System, which will electronically deliver a copy to counsel of record, and served a true and correct copy of same on the undersigned individual(s) via First-Class Mail, postage prepaid, addressed to:

Keith Thomas
Post Office Box 960242
Riverdale, Georgia 30296
*Plaintiff, Pro Se*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 10th day of September, 2021.

/s/ Allison Rhadans
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
ARhadans@mcguirewoods.com
*Attorneys for Defendant Bank of America,*
*N.A., Defendant Mortgage Electronic*
*Registration Systems, Inc., Defendant*
*MERSCORP Holdings, Inc., and Defendant*
*McGuireWoods LLP*