## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS,<br><br>      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. a/k/a BAC HOME LOANS SERVICING, LLP a/k/a COUNTRYWIDE HOME LOANS SERVICING, LLP a/k/a BANK OF AMERICA CORP.; RUBIN LUBLIN, LLC; MCGUIRE WOODS, LLP; NORTHSTAR MORTGAGE GROUP, LLC; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a/k/a MERSCORP HOLDINGS, INC., collectively known as "MERS",<br><br>      Defendants. | Case No. 1:21-cv-03369-WMR |

## RUBIN LUBLIN, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Rubin Lublin, LLC ("RL"), and files this Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

## STATEMENT OF FACTS

Plaintiff Keith Thomas (the "Plaintiff") is a serial litigator who has been mounting baseless challenges to try to avoid foreclosure for over a decade. The Plaintiff obtained the mortgage loan at issue in 2007 from Northstar Mortgage Group, LLC ("Northstar"). *See* [Doc. 1] at ¶ 9. To secure repayment of this loan, the Plaintiff conveyed the real property located at 2655 West Road, Riverdale, Georgia 30296 to Mortgage Electronic Registration Systems, Inc. as nominee for Northstar, its successors and assigns, via security deed recorded on June 25, 2007, in Deed Book 45245, Page 448, Fulton County, Georgia records (the "Security Deed"). A true and correct copy of the Security Deed is attached hereto as **Exhibit "A"**.[1]

On August 23, 2010, MERS assigned the Security Deed to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP (the "Assignment"). *See* [Doc. 1] at pp. 20-21. MERS executed a Corrective Assignment on December 19, 2011, to Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP

---

[1] This Court can take judicial notice of public records on a Motion to Dismiss without converting the motion to one for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.2d 1271, 1280 (11th Cir. 1999). Pursuant to Fed. R. Civ. 201(c)(2), RL requests that this Court take judicial notice of the documents attached hereto, as well as to the docket entries cited herein from other cases filed by the Plaintiff in this district (district court and bankruptcy court).

(the "Corrective Assignment"). *Id.* at p. 23. The Corrective Assignment contains a note that it was "**NEEDED TO CORRECT THE EXECUTION**". *Id.* (emphasis in original).

The Plaintiff claims that the Assignment and Corrective Assignment are fraudulent and were created "to support Bank of America's ongoing fraudulent discriminatory efforts preventing this plaintiff from conducting any transactions with his residential property." *Id.* at ¶ 4. The supposed reason why these documents are "fraudulent" is because the Plaintiff claims that Northstar's residential mortgage license was revoked by the Georgia Department of Banking and Finance on February 1, 2010. *See id.* at ¶ 3. Since the Security Deed was assigned in 2010, the Plaintiff claims that "Bank of America have [*sic*] fraudulently demanded money from the plaintiff via U.S. Mail and other interstate commerce methods of communication." *Id.* at ¶ 8. However, the Plaintiff admits that he has not made any payments since 2010, claiming that he only performed under the contract until the time that Northstar ceased to exist. *Id.* at ¶ 9. The Plaintiff claims that Northstar was administratively dissolved by the Georgia Secretary of State in January 2010. *Id.* at ¶ 10. According to the Plaintiff's allegations, certain documents on file with the Georgia Secretary of State – which

he fails to identify or attach as exhibits – fail to show that Northstar claimed any interest in the Property at the time of its dissolution. *Id.* at ¶ 11.

Bank of America's attorneys (who are not identified) allegedly began sending foreclosure notices to the Plaintiff in May 2010. *Id.* at ¶ 12. This makes sense since the Plaintiff admitted that he stopped making payments no later than January 2010. *Id.* at ¶ 9. In response to these foreclosure notices, the Plaintiff filed for bankruptcy in this district, which began his string of lawsuits challenging Bank of America's right to enforce the Security Deed. *Id.* at ¶ 12.

The Plaintiff claims that he filed an adversary proceeding against Bank of America, "challenging [its] authority to conduct a foreclosure against him in or around June 2010." *Id.* The only adversary proceeding that the Plaintiff filed around this time was on July 23, 2010. *See Thomas v. Bank of Am., N.A. (In re Thomas)*, No. 10-09064-jrs (Bankr. N.D. Ga.). The Plaintiff claims here that Judge Sacca held an injunction hearing in June 2010 and "noted that Bank of America lacked standing to proceed against this plaintiff in any manner pertaining to a real property foreclosure . . . ." [Doc. 1] at ¶ 13. In actuality, Judge Brizendine was the judge assigned at the time, and he entered an order on August 5, 2010, that "Plaintiff-Debtor's emergency motion to set hearing on request for injunctive relief be, and the same hereby is, **denied** as said relief appears unnecessary given that the

4

automatic stay is in place." *In re Thomas* at [Doc. 8] (emphasis in original). This adversary proceeding was dismissed on March 7, 2011, because the underlying bankruptcy case was dismissed on November 19, 2010. *Id.* at [Doc. 25]. The Plaintiff appealed the dismissal of the underlying bankruptcy case to this Court, where it was affirmed both times. *See In re Thomas*, No. 1:11-cv-1608-WSD, [Doc. 11] (N.D. Ga. Sept. 21, 2011).

Shortly after this first bankruptcy case was dismissed, the Plaintiff filed a second case (No. 10-95887), and filed another adversary proceeding against Bank of America. *See Thomas v. Bank of Am. Home Loan Servicing LP. (In re Thomas)*, No. 11-05079-jrs (Bankr. N.D. Ga.). There was very little activity in this second adversary, and it was eventually dismissed on February 19, 2014, due to the underlying bankruptcy case being dismissed on April 6, 2011. *Id.* at [Doc. 9]. This was not the end of the Plaintiff's litigation, however.

During the midst of his second bankruptcy case, the Plaintiff filed a case in this Court against Bank of America, N.A., BAC Home Loan Servicing, LP, McCalla Raymer, LLC, Countrywide Bank, FSB, Northstar, MERS, and MERSCORP. *See Thomas v. Bank of Am., N.A.*, No. 1:11-cv-00391-WSD (N.D. Ga.) (*Thomas I*). As evidenced by the Final Report and Recommendation issued by Magistrate Judge Baverman on January 10, 2013, the Plaintiff was – as he is here –

5

challenging Bank of America's right to enforce the Security Deed by claiming that the assignments were fraudulent. *See Thomas I* at [Doc. 118], p. 7 ("As a result, Plaintiff contends, 'the assignment document was and is fraudulent in nature . . . .'"); *see also id.*at pp. 26-27; 40-41. All the Plaintiff's claims were dismissed with prejudice on February 4, 2013. *See Thomas I* at [Doc. 123]. The Plaintiff appealed the dismissal to the Eleventh Circuit, which affirmed. *See* 557 F. App'x 873 (11th Cir. 2014).

Shortly after this Court dismissed *Thomas I*, the Plaintiff filed another lawsuit in Fulton County Superior Court. *See Thomas v. Northstar Mortg. Group, LLC*, No. 2013CV227759 (Fulton Cnty. Super. Ct.) (*Thomas II*). The case was removed to this Court as Case No. 1:13-cv-01038-WSD, but remanded on October 16, 2013, for lack of subject matter jurisdiction. In this case, the Plaintiff sought to quiet title to the Property, alleging that the assignments "attributed to MERS were unauthorized, fraudulent and cast a cloud upon plaintiff's residential property referred to within this complaint." *See* No. 1:13-cv-01038-WSD at [Doc. 1-1], p. 13. Back in Superior Court, the case was assigned to a Special Master who issued an Order and Opinion on August 20, 2014 (the "Special Master Order"). A true and correct copy of the Special Master Order is attached hereto as **Exhibit "B"**. The Special Master found that *Thomas II* was barred by *res judicata* due to the

dismissal with prejudice of *Thomas I* and that the Plaintiff had otherwise failed to state a claim upon which relief can be granted. *Id.* Judge Constance Russell adopted the Special Master Order as the final order of the Court on December 29, 2014 (the "Final Order"). A true and correct copy of the Final Order is attached hereto as **Exhibit "C"**. The Plaintiff appealed the Final Order to the Georgia Court of Appeals, which affirmed on June 9, 2016. *See* No. A16A0484 (Ga. Ct. App. June 9, 2016). A true and correct copy of the Remittitur is attached hereto as **Exhibit "D"**.

The Plaintiff filed yet another lawsuit in this Court on October 26, 2020. *See Thomas v. Bank of Am., N.A.*, No. 1:20-cv-04370-WMR (N.D. Ga.) ("*Thomas III*"). The case was dismissed for lack of subject matter jurisdiction on December 10, 2020. *See id.* at [Doc. 14].

RL is not alleged to have any involvement with the Plaintiff until April 6, 2021. That is when the Plaintiff claims that RL "continued the ongoing fraudulent campaign against the plaintiff on the behalf of Bank of America by serving written notices on the plaintiff via U.S. Mail of their intent to initiate yet another fraudulent foreclosure proceeding against the plaintiff . . . ." [Doc. 1] at ¶ 16. The Plaintiff claims – without any support – that "[t]he acts attributed to the defendants were perpetrated against the plaintiff primarily because of his race, African

7

American . . . ." *Id.* at ¶ 17. In this most recent case, the Plaintiff brings claims for (1) violations of the Civil Rights Act of 1866 and 42 U.S.C. § 1982; (2) RICO; (3) fraud; and (4) civil conspiracy.

This most recent case is clearly barred by the doctrine of *res judicata* and otherwise fails to state any claim upon which relief can be granted.

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

**A.   STANDARD OF REVIEW**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

8

**B.   ALL CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA**

As detailed above, this case was filed following two prior dismissals with prejudice in *Thomas I* and *Thomas II*. Both cases were grounded on the assertion that Bank of America lacks standing to enforce the Security Deed due to allegedly fraudulent assignments. Under federal preclusion principles,

> a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

*In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) All four elements have been satisfied:

1)   The judgments in *Tomas I* and *Thomas II* were rendered by a court of competent jurisdiction. The U.S. District Court for the Northern District of Georgia had federal question jurisdiction in *Thomas I*, as the case presented at least two claims under federal law – the Fair Debt Collection Practices Act and Real Estate Settlement Procedure Act. *See Thomas I* at [Doc. 118], p. 3. The Fulton County Superior Court has general jurisdiction in all cases, and exclusive jurisdiction over "cases respecting title to land." Ga. Const. Art. 6, § 4, ¶ 1. Therefore, its

jurisdiction was proper in *Thomas II*.  Accordingly, the first element of *res judicata* has been met.

2)      In both *Thomas I* and *Thomas II*, there were final judgments on the merits. Both cases were dismissed for failure to state a claim upon which relief can be granted. The Order Adopting the Final Report and Recommendation in *Thomas I* stated that the "Plaintiff's Amended Complaint [76] is **DISMISSED WITH PREJUDICE**." *Thomas I* at [Doc. 123], p. 11. The Final Order in *Thomas II* adopted the Special Master Order, which granted a motion for judgment on the pleadings. *See* Ex. A at p. 9. Such dismissals are considered decisions on the merits for preclusion purposes. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (citations omitted).

3)      Both *Thomas I* and *Thomas II* involved nearly the exact same parties as the instant case. The only difference is the addition of RL, which as the Plaintiff admitted, is the law firm hired by Bank of America. However, attorneys are in privity with their clients for purposes of *res judicata*. *Bouldin v. Mortg. Elec. Registration Sys., Inc.*, No. 1:14-CV-03214-TCB-RGV, 2015 WL 11517084, at *7 (N.D. Ga. Feb. 5, 2015), *report and recommendation adopted*, 2015 WL 11622462 (N.D. Ga. Feb. 23, 2015) (finding RL to be in privity with Bank of America when it was retained to pursue foreclosure). Thus, the third prong is satisfied.

4)     Finally, all cases involve the same causes of action. To determine whether "the same cause of action is involved in both cases," this Court "must examine the factual issues that must be resolved in the second suit and compare them with the issues explored in the first case." *In re Piper Aircraft Corp.,* 244 F.3d at 1299 (quoting *Pleming v. Universal-Rundle Corp.,* 142 F.3d 1354, 1357-58 (11th Cir. 1998)). Specifically, it must be determined whether the second case involves "legal theories and claims arising out the same operative nucleus of fact." *Id.* Here, all claims in the Complaint are grounded entirely on the allegation that Bank of America cannot foreclose because the assignments of the security deed are claimed to be fraudulent. This has been twice rejected and the Plaintiff cannot re-litigate the issue. This case should be dismissed as barred by *res judicata*.[2]

## C.   THE PLAINTIFF LACKS STANDING TO CHALLENGE ANY ASSIGNMENTS OF HIS SECURITY DEED

Even if this case was not barred by *res judicata*, the Plaintiff has still failed to state any claim upon which relief can be granted. As noted above, all claims in the Complaint are grounded entirely on the allegation that Bank of America cannot foreclose because the assignments of the security deed are claimed to be

---

[2] To the extent that *res judicata* does not bar the Plaintiff's claims, they are alternatively barred by the doctrine of collateral estoppel for the reasons set forth in the Memorandum of Law in Support of Motion to Dismiss filed by the other Defendants in this matter. *See* [Doc. 10-1] at pp. 12-15. RL joins in that motion as to collateral estoppel.

fraudulent.  However, borrowers do not have standing to challenge assignments of their security deed, since they are not parties to the assignments. *Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620 (Ga. 2016). This principal was cited in *Thomas I* as one basis for dismissal. *See Thomas I* at [Doc. 118], pp. 26-27 (collecting cases). Since the Plaintiff lacks standing to challenge the assignments, all of his claims fail and must be dismissed.

## D.  THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A CIVIL RIGHTS VIOLATION

In the first claim in the Complaint, the Plaintiff sets forth a wholly unsupported and frivolous claim alleging a violation of 42 U.S.C. § 1982, which provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Without any factual support, the Plaintiff claims that he has "been prevented from being able to freely enjoy, sell, modify, or to transact any type of business with his residential property as any other White citizen in these United States strictly as a result of the actions of the defendants to this complaint . . . ." [Doc. 1] at ¶ 18.

"Unlike 42 U.S.C. § 1983 which requires state action, Section 1982 also applies to private actors." *Farrior v. H.J. Russell & Co.*, 45 F. Supp. 2d 1358, 1367 (N.D. Ga. 1999).  In *Farrior*, Judge Thrash held that claims under Section 1983

should be reviewed using the *McDonnell Douglas* burden shifting analysis that is applicable to Title VII employment discrimination claims. *Id.* at 1367.

> To state a claim under Section 1982, a plaintiff must establish a *prima facie* case of discrimination by a preponderance of the evidence. *Bell,* 857 F. Supp. at 1557. A *prima facie* case requires a showing by Plaintiff that (1) she is a member of a racial minority; (2) she applied for and was qualified to rent or purchase certain property or housing; (3) was rejected; and (4) that the housing or rental unit remained available after her denial. *Id.; see also Phiffer v. Proud Parrot Motor Hotel,* 648 F.2d 548 (9th Cir. 1980); *Harper v. Hutton,* 594 F.2d 1091 (6th Cir. 1979). Further, in the Eleventh Circuit a plaintiff must also show that the defendant intentionally discriminated against a plaintiff's race in rejecting a qualified offer. *Bell,* 857 F. Supp. at 1557–58, *citing Terry Properties, Inc. v. Standard Oil Co.,* 799 F.2d 1523, 1534 (11th Cir.1986).

*Id.* at 1367-68.

The statute of limitations for a claim under 42 U.S.C. § 1983 is two years. *Banks v. McIntosh Cty., Georgia*, No. 2:16-CV-53, 2021 WL 3173597, at *8 n.9 (S.D. Ga. July 26, 2021) (citations omitted).

Here, the claim fails first because it is barred by the statute of limitations. The allegedly fraudulent assignments on which the claim is based were executed in 2010, and that is when Bank of America first sought to foreclose the Security Deed. Any discriminatory intent would have been evident in 2010, and thus any claim needed to be filed by 2012. The claim should be dismissed for this reason.

Additionally, the Plaintiff has not alleged any facts to make out a *prima facie* case. While the Plaintiff alleges that he is African-American, there are no facts alleged showing any discriminatory intent or that any actions were taken against him because of his race. There are certainly no facts alleged with respect to RL that could be connected to any discrimination, and for that reason alone the claim fails. It is quite clear that the Plaintiff is facing foreclosure because he has admittedly not made a mortgage payment in over a decade. His civil rights claim must be dismissed.

## E.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR MAIL FRAUD OR RICO

In the next cause of action, the Plaintiff alleges that RL is liable for mail fraud and RICO because it "mailed documents, demand letters, and other written forms of communications to the plaintiff demanding money on the behalf of Bank of America for an alleged mortgage due to Bank of America from this plaintiff." [Doc. 1] at p. 13. It is unclear whether the Plaintiff intends to bring two separate claims – mail fraud and RICO – or just one under RICO. *See id.* ("Additionally, the plaintiff respectfully requests that the court certifies this complaint to be a RICO complaint . . . ."). However, if the Plaintiff intended to bring two separate claims, mail fraud is easily dismissed because it is "only actionable through a private federal RICO claim." *Keller v. Strauss*, No. 1:10-CV-3282-RWS, 2011 WL

14

2470631, at *6 (N.D. Ga. June 17, 2011), *aff'd*, 480 F. App'x 552 (11th Cir. 2012)

(citing *Ayers v. Gen. Motors Corp.*, 234 F.3d 514, 519 n.8 (11th Cir. 2000)).

> A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff. See Ray, 836 F.3d at 1348. If a plaintiff fails to adequately plead any one of these elements, she has failed to state a claim upon which relief may be granted, and her complaint must be dismissed. Fed. R. Civ. P. 12(b)(6).

*Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020).

RICO claims must be pleaded with particularity, and a Plaintiff "allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (citation omitted). "[I]n a case involving multiple defendants ... the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Id.*

Here, the Plaintiff has not failed to allege the necessary elements of RICO, and has certainly not done so with particularity. Moreover, he lacks standing to bring this claim. "In order to have standing under RICO, the plaintiff must be

'injured in his business or property.'" *Keller*, 2011 WL 2470631, at *6 (quoting 18 U.S.C. § 1964(c); *Bivens Gardens Office Bldg, Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 906 (11th Cir. 1998); *Grogan v. Platt*, 835 F.2d 844, 847 (11th Cir. 1998)). The Plaintiff has not alleged that he has been damaged at all because of any alleged RICO violation. The Property has not been foreclosed and he has not paid any money in response to the alleged fraudulent demands for money. The Plaintiff also never alleges any facts showing that he has been damaged – the Complaint is completely silent on this point. *See generally* [Doc. 1]. Thus, the Plaintiff lacks standing to bring a RICO claim and it must be dismissed.

Even if he did have standing, the Plaintiff has failed to plead with particularity how RL participated in a pattern of racketeering sufficient to comply with Rule 9(b). And he has failed to plead facts showing any predicate acts. The Plaintiff appears to be relying on mail fraud for the predicate acts, which

> require that a person (1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or "causes" the use of the mail[ ] . . . for the purpose of executing the scheme or artifice. *United States v. Hewes,* 729 F.2d 1302, 1320 (11th Cir.1984) (mail fraud); *United States v. Hasson,* 333 F.3d 1264, 1270 (11th Cir.2003) (wire fraud). The first element—a scheme or artifice to defraud—"involves the making of misrepresentations intended and reasonably calculated to deceive persons of ordinary prudence and comprehension." *Beck,* 162 F.3d at 1095. As for the second element, a person "causes" the mails to be used within the meaning of 18 U.S.C. § 1341 . . . when he acts "with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can

16

reasonably be foreseen, even though not actually intended." *Pereira v. United States,* 347 U.S. 1, 8–9, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

*United States v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007).

The facts alleged here do not show and scheme or any "scheme or artifice to defraud another of money or property." What the facts do show is that the Security Deed was assigned to Bank of America, which grants it standing to foreclose under Georgia law, *see You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 433 (Ga. 2013), and the Plaintiff lacks standing to challenge that point. This is not a fraud in any way, shape, or form. Instead, this case should be seen for what it is – a bad faith attempt by the Plaintiff to continue living for free after not having made a mortgage payment for over a decade. The RICO claim must be dismissed.

## F.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FRAUD

Next, the Plaintiff tries to state a claim for fraud based on the allegedly "fraudulent assignment documents against plaintiff's real property and afterwards, repeatedly making demands for money from the plaintiff over an 11 year period of time for payment of a debt that never occurred nor does it exist between the defendants and this plaintiff." [Doc. 1] at p. 13. "The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff."

*Johnson v. GAPVT Motors, Inc.*, 292 Ga. App. 79, 82, 663 S.E.2d 779, 783 (2008). "Scienter for fraud purposes may be shown by a . . . reckless representation." *Smith-Tyler v. Bank of Am., N.A.*, 992 F. Supp. 2d 1277, 1282-83 (N.D. Ga. 2014) (citation omitted). If relying on recklessness, a plaintiff "must also show that the Defendant had an intent to deceive." *Id.* (citation omitted).

Fraud claims must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b). This requires that a Plaintiff "allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (citation omitted).

The claim here fails for numerous reasons. First of which is that there is no allegation that RL made any false statement of fact. The only allegation related to RL is that it sent one letter to the Plaintiff on August 6, 2021, letting him know if its intentions to initiate foreclosure proceedings. *See* [Doc. 1] at p, 10. There is no allegation that this statement was false, and moreover, "the general rule is that actionable fraud cannot be predicated upon promises to perform some act in the future." *J. Kinson Cook of Ga., Inc. v. Heery/Mitchel*, 644 S.E.2d 440, 447 (Ga. Ct.

App. 2007) (citation omitted). The statement by RL is about what it is going to do in the future, so it is not actionable. The only exception to this rule is "where a promise as to future events is made with a present intent not to perform or where the promisor knows the future event will not take place." *Id.* (citation omitted). There are no such allegations here.

Additionally, there are no allegations that the Plaintiff was misled by anything said by RL or that he relied upon anything RL said to his detriment. He made no payments and did nothing else in response to RL's letter other than filing this lawsuit. The Plaintiff has also failed to plead any facts showing damages, instead saying only that he "is entitle [*sic*] to relief from each and every named defendant in the form of monetary, statutory and injunctive relief for the fraud described within this complaint." [Doc. 1] at p. 14. Not only is this a conclusory allegation, but it is illogical because there are no statutory damages or injunctive relief available for fraud. *See Orkin Exterminating Co. v. Bryan*, 294 Ga. App. 804, 805 (Ga. Ct. App. 1982) (measure of damages for fraud is only actual losses sustained). The Plaintiff has pleaded no facts showing any actual losses. The fraud claim fails and should be dismissed.

**G.  THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A CONSPIRACY**

Lastly, the Plaintiff contends that all the Defendants have engaged in a civil conspiracy. *See* [Doc. 1] at p. 14.

> A conspiracy is a combination of two or more persons to accomplish a n unlawful end or    to accomplish a lawful end by unlawful means. To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy.

*Jenkins v. Wachovia Bank, Nat. Ass'n*, 711 S.E.2d 80, 85 (Ga Ct. App. 2011) (citation omitted).

Since there is no underlying tort here, the conspiracy claim fails as a matter of law. The claim – along with the rest of the Complaint – should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, RL respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 13th day of September, 2021.

/s/ *Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(470) 508-9203 (Facsimile)
bchaness@rlselaw.com

*Attorney for Rubin Lublin, LLC*

20

## **<u>FONT CERTIFICATION</u>**

The undersigned counsel hereby certifies that the within and foregoing was

prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 13th day of September, 2021.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 13th day of September, 2021, served all parties in this matter with the within and foregoing via CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)