IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 23 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

KEITH THOMAS,

    Plaintiff,

v.

BANK OF AMERICA, N.A. et al.,

    Defendants.

CIVIL ACTION FILE NO.
1:21-cv-03369-WMR

**PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

COMES NOW Keith Thomas, plaintiff in the above action before the court do now submit this timely motion to the court for an order disqualifying [defendants] McGuire Woods LLP from serving as counsel of record for Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc. a/k/a Merscorp Holdings, Inc. collectively known as MERS before the court on this case for cause.

**GROUNDS SUPPORTING THIS MOTION**

**1.** As the Court is aware, courts in the State of Georgia have long since adopted the ABA Model Rules of Professional Conduct [Model Rules] governing the conduct of attorneys before the courts, and as such, the plaintiff now applies the Model Rules in this instant case as one of the prevailing grounds supporting this motion to disqualify counsel.

**2.** The plaintiff also supports this motion with known and established well-settled Georgia case law from the Georgia Supreme Court that states clearly that "An attorney who is a party to a case should not represent a co-party. *Id.*" *See Cherry v. Coast House, Ltd.,* Ga. 403, 405 (1987). "Serious possibilities for conflict of interest are present when the

1

attorney is also a party in the case.". end quote... McGuire Woods, LLP is in fact named as a defendant to this lawsuit and both individual attorneys working for McGuire Woods, LLP as well as paralegals employed for McGuire Woods, LLP will be fact witnesses during the course of litigation of this lawsuit. Any responses, statements of fact and or testimony that will be forthcoming from any person or attorney employed by defendant McGuire Woods, LLP will all be totally relevant to disputed facts and evidence within this case and additionally, any responses, statements of fact or testimony in response to questions surrounding McGuire Woods, LLP's knowledge of any of the transactions pertaining to the construction of, enforcement of or filing of the fraudulent assignment document at the center of this lawsuit renders McGuire Woods, LLP and any of their attorneys or employees as necessary witnesses to this case or renders a full explanation as to their actions pertaining to their physical and legal support for actions against this plaintiff by and through the use of the fraudulent assignment documents complained about within this lawsuit. To permit [defendant] McGuire Woods, LLP to represent any other defendants named to this lawsuit will prejudice the plaintiff's case and only serves to violate the plaintiff's rights to equal protection and the due process of laws before this court.

## CITATIONS OF LAW

3. The plaintiff submits to the court the following ABA Model Rules of Professional Conduct that should govern the identified actions attributed to [defendant] McGuire Woods, LLP as it pertains to their representation of two other defendants named to this case that they have submitted documents on the behalf of before the court;

   **(i) ABA Model Rule 3.1;** A lawyer shall not bring or defendant a proceeding or

2

assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.  A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

  **(ii) ABA Model Rule 3.3(a)(1);** A lawyer shall not knowingly (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact.

  **(iii) ABA Model Rule 3.3(a)(3);** A lawyer shall not knowingly offer evidence that the lawyer knows to be false.  If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.  A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

  **(iv) ABA Model Rule 3.3(b);** A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

  **(v) ABA Model Rule 3.3(d);** In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

  **(vi) ABA Model Rule 3.7(a);** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:  (1) the testimony relates to an

uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

## ARGUMENT

**4. Plaintiff's Complaint Clearly Establishes The Existence of The Fraudulent Documents That Were Created By The Defendants:** Plaintiff's complaint specifically identify two fraudulent real estate assignment documents that by all account of Georgia law can be proven to be fraudulent. Those two fraudulent documents were created in the name of and on the behalf of Northstar Mortgage Group, LLC [Northstar] on or around August 2010 purporting to have assigned a financial interest in plaintiff's residential property from Northstar over to Bank of America, N.A. [a/k/a BAC Home Loans Servicing, LLP]. All of the facts and evidence presented with this lawsuit before the court proves to a certainty that Northstar Mortgage Group, LLC was ordered to cease and desist any and all residential mortgage transactions within the State of Georgia no later than December 2009. Further, the facts and evidence clearly states that any residential transaction either performed by Northstar or on the behalf of Northstar by any other entity would (1) be considered to be a fraudulent transaction, (2) had no legal standing and was non-enforceable before any court and (3) any person or entity creating or initiating residential mortgage documents in the name of Northstar Mortgage Group, LLC at any point in time after December 31, 2009 would be knowingly committing fraud.

**5. McGuire Woods, LLP Should Be Disqualified For Their Continuous and Ongoing Support of The Fraud:** Applying ABA Model Rule 3.1 to the actions of

4

McGuire Woods, LLP in respect to their representation of Bank of America, N.A. as to any previous litigation brought by this plaintiff have all been in support of the fraudulent activity committed by Bank of America, N.A. and their support has been done in a manner that only stood to controvert the factual issues before the courts. There have been no new Georgia law(s) that would have rendered the 2009 State of Georgia ruling against Northstar Mortgage Group, LLC referenced within the complaint to have suddenly been either reversed or repealed, therefore, each and every filing made by McGuire Woods, LLP on the behalf of Bank of America from the very onset of their representation have all been in total support of that fraudulent act made on the part of Bank of America in connection with the August 2010 fraudulent mortgage security deed assignment documents that were created by Bank of America, N.A. and MERS and referenced within this instant complaint. McGuire Woods, LLP have not made any efforts to either explain to any court why the referenced documents should not be deemed to be fraudulent nor have they attempted to identify any Georgia or federal law(s) that substantiates or validates the fraudulent documents based on the fact that they were created on a company that virtually did not exist in August 2010. There is no legal explanation that can make the transaction anything other than fraud, and based on these facts, McGuire Woods, LLP's continued efforts to represent Bank of America, N.A. and MERS before a court only serves to help to protect their both their interest and also the interest of their co-defendants within all of their ongoing complicity into the fraudulent event described within this complaint before the court.

      **6. McGuire Woods, LLP Should Be Disqualified For Refusing To Identify The**

**Fraud Before A Court:** Applying ABA Model Rule 3.3(a)(1), McGuire Woods, LLP would indicate that McGuire Woods, LLP have made no effort(s) at all to address the outright fraud that Bank of America have obviously committed nor have McGuire Woods, LLP presented any physical factual evidence before any court in a manner that is supported by state or federal law at any point in the past or in the present before this court. Any documents presented before this court by McGuire Woods, LLP on the behalf of Bank of America, N.A. or any other defendant that does not directly address a Georgia statue of law that makes the August 2010 fraudulent assignment document legal, and any additional documents filed by McGuire Woods, LLP only serves in support of the ongoing years of fraud that has been perpetrated by McGuire Woods, LLP and the other defendants.

Under Rule 402 of The Federal Rules of Evidence, "All relevant evidence is admissible unless any of the following provides otherwise; The United States Constitution, a federal statue; these rules; or other rules prescribed by the Supreme Court. The plaintiff is well within his rights to petition or request that this court thoroughly examine the origin and construction of the referenced documents that are being labeled fraudulent within this lawsuit, and in the process of determining those specific facts, the court should be able to make a well informed determination concerning whether or not McGuire Woods, LLP should be disqualified for their ongoing refusal to be truthful concerning whether or not the documents referenced by this plaintiff are in fact fraudulent.

7. **McGuire Woods, LLP Owes a Duty To The Court To Address The Fraud Head On or Be Disqualified For Not Doing So:** If the Court were to apply ABA Model

6

Rules 3.3 (a)(3) and 3.3 (b) and 3.3(d), to McGuire Woods, LLP, then they would have a professional duty to at least disclose all of the fact(s) surrounding all individual(s) involved in the drafting, signing and filing of the fraudulent assignment documents referenced within this lawsuit. If McGuire Woods, LLP were to refuse to expose all of this information to the court, then they should be disqualified and should be prevented from even presenting any further filings before this court in this present case even on their own behalf.

**8. McGuire Woods, LLP Should Be Disqualified Because They Are Defendants In This Lawsuit And The Attorneys and Employees Are All Fact Witnesses In This Case and Can Be Called To Testify To Facts and Evidence Concerning Disputed Matters:** Applying ABA Model Rule 3.7(a), each and every attorney, employee and or paralegal employed at the law firm of McGuire Woods, LLP are considered to be fact witnesses for the matters and claims alleged against McGuire Woods, LLP within this lawsuit, for that reason, it is mandatory that the court disqualify McGuire Woods, LLP from serving as counsel of records on the behalf of Bank of America, N.A. and MERS in this present case before the court. Additionally, as stated earlier, it is well settled Georgia case law that prohibits a lawyer from representing a client when the lawyer, [or as in this case, a law firm] is a co-defendant within an action before a court. *See Cherry v. Coast House, Ltd.*, 257 Ga. 403 405 (1987)

There are no unfounded claims asserted against any of the defendants named to this case before this court and each and every one of the claims are all centered around the defendants either participating within the drafting of, the filing of or offering a defense for a specific set of fraudulent documents. In order for this court to show

7

complete non-bias to both this plaintiff and also to the defendants, the plaintiff respectfully request that the court apply the ABA Model Rules of Professional Conduct to McGuire Woods, LLP as requested within this filing and weigh that application against the facts and evidence surrounding the subject matter of this lawsuit as it has been presented before the court by the plaintiff.

**9. The Plaintiff Is Entitled To A Fair Prosecution of His Claims Before The Court With No Bias Or Prejudice:** The plaintiff is fully aware of the fact that the Court has the inherent and unfettered discretion as to whether or not to disqualify McGuire Woods, LLP from representing Bank of America, N.A. and MERS in this case, however, if the Court were to apply any or all of the afore stated ABA Model Rules of Professional Conduct to McGuire Woods, LLP in any of the scenarios that the plaintiff have respectfully request, then the facts and evidence do certainly support an order disqualifying McGuire Woods, LLP from representing Bank of America, N.A. and MERS. This motion only seeks what is reasonably considered as being fair in the eyes of a reasonable person and likewise, if the court were to apply the well settled case law and the Federal Rules of Evidence, then the Court certainly have ample grounds to disqualify McGuire Woods, LLP as now being requested. The plaintiff is also fully aware that any defendant can hire any attorney or any law firm that they so desire to defend them, however, McGuire Woods, LLP have an extensive history of continuously serving and assisting the other two defendants with the ongoing outright cover up of the facts concerning the 2010 fraudulent assignment documents and McGuire Woods, LLP have been instrumental with assisting Bank of America, N.A. with ongoing attempts to trick the plaintiff into signing a loan application with Bank of

America, N.A. given the absence of any existing written contract(s) between the plaintiff and Bank of America, N.A… The plaintiff have attached two examples of those documents beginning from around 2015 up and through 2021. *See Plaintiff's Exhibits "1" and "2" attached hereto copies of letters from McGuire Woods, LLP addressed to Plaintiff attempting to force the plaintiff into signing a written contract in order to cover up the ongoing fraud.* The mailing of these letters to the plaintiff by McGuire Woods, LLP were in no way considered to be copies of court documents filed into a court by McGuire Woods, LLP but instead, they were repeated attempts by McGuire Woods, LLP to assist the other defendants in their ongoing efforts eventually have a signed document that could back up the 2010 fraudulent assignment documents that are at the center of this lawsuit. McGuire Woods, LLP should be disqualified from representing Bank of America and MERS as a measure to level the playing field in light of all of the facts and evidence the plaintiff have offered in support of this motion.

For the reasons stated herein and for good cause, the plaintiff respectfully move the court to disqualify the defendant [McGuire Woods, LLP] from representing any other defendants named within this lawsuit and in light of the facts and evidence supporting this motion, the plaintiff respectfully request that the court order a fact finding hearing with all of the person(s) present at the alleged signing of the fraudulent document under The Federal Rules of Evidence in the form of a show cause hearing ordering them to testify truthfully concerning the its' origin, drafting and filing to determine whether or not any of the attorneys now appearing before the court for this case are in fact intentionally supporting a an ongoing fraud before the court.

9

Respectfully submitted on this 23rd day of September, 2021.

*[signature]*

Keith Thomas, plaintiff
P.O. Box 960242
Riverdale, GA 30296
404-838-0394

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of this motion to disqualify and all attached documents have been sent to the defendants at:

| | |
|---|---|
| McGuire Woods | Rubin Lublin, LLC |
| 1230 Peachtree Street, N.E. | 3145 Aviation Ridge Place, Suite 100 |
| Suite 2100 | Peachtree Corners, GA 30071 |
| Atlanta, GA 30309-3534 | |

Within properly addressed envelopes with First Class U.S. Postage affixed thereto on this 23rd day of September, 2021.

*[signature]*

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

10

# Exhibit "1"

McGuireWoods LLP
Fifth Third Center
201 North Tryon Street
Suite 3000
Charlotte, NC 28202
Tel 704.343.2000
Fax 704.343.2300
www.mcguirewoods.com

Michael T. Hosmer
Direct: 704.343.2392

**McGUIREWOODS**

mhosmer@mcguirewoods.com
Fax: 704.444.8794

June 19, 2015

***VIA FEDERAL EXPRESS***
***(Tracking No. 7808 4676 9447)***

Mr. Keith Thomas
2655 West Road
Riverdale, GA 30296

      Re:    *Thomas v. Northstar Mortgage Group, LLC, et al.*
               *Civil Action No. 2013cv227759*
               *Loan No. xxxxx4436*

Dear Mr. Thomas:

      Enclosed please find correspondence from Bank of America, N.A. dated June 15, 2015 regarding a property valuation, as part of the Bank's review of your request for loan mitigation assistance.

                                             Sincerely,

                                             Michael T. Hosmer

Enclosure

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Houston | Jacksonville | London
Los Angeles | New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington

Extremely Urgent

458  2  B
     10:30
     9447
     06:22

PS|Ship - FedEx Label

From: (704) 343-2000
Michael T. Hosmer
McGuireWoods LLP
201 North Tryon St
Suite 3000
Charlotte, NC 28202

Origin ID: QWGA



Ship Date: 19JUN15
ActWgt: 0.5 LB
CAD: 103720227/WSXI2750

J151215022303uv

Delivery Address Bar Code



SHIP TO: (704) 353-6242      BILL SENDER

**Keith Thomas**

**2655 WEST RD**

**RIVERDALE, GA 30296**

Ref # 2066280-8134
Invoice #
PO #
Dept #

RELEASE#: 3785346

MON - 22 JUN 10:30A
PRIORITY OVERNIGHT

TRK# 7808 4676 9447
0201

30296
GA-US

**XH FTYA**    ATL

537J1/8A0E/EE4B

**Exhibit "2"**

McGuireWoods LLP
201 North Tryon Street
Charlotte, NC 28202
Phone: 704.343.2000
Fax: 704.343.2300
www.mcguirewoods.com

Greg A. Veon

gveon@mcguirewoods.com
Direct Fax: 704.444.8810

# McGUIREWOODS

January 13, 2021

Keith E Thomas
2655 West Rd
Riverdale, GA 30296

Dear Mr. Thomas.

    Enclosed please find a loan mod application from the servicer of your home mortgage to complete and return to my attention that we have been asked to facilitate due to the active litigation.

    If you may, please provide a direct contact phone number and email address for assistance with processing and correspondence to complete the loss mitigation review.

    **Please provide the requested information back to my office no later than 2-3-21 via email in PDF format to the below email addresses.**

    If you have, any questions please reach out to assigned counsel for BANA Jarrod Mendel: JMendel@mcguirewoods.com or myself GVeon@mcguirewoods.com via email so that we can assist you.

Sincerely,
GV

Greg A. Veon
Paralegal
McGuireWoods LLP

GAV/lm
Enclosure

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Houston | Jacksonville | London
Los Angeles | New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington

43383955_1

Page 1 of 2

PS|Ship - FedEx Label

ORIGIN ID:QWGA  (704) 343-2000
GREG A. VEON
MCGUIREWOODS LLP
201 NORTH TRYON ST
SUITE 3000
CHARLOTTE, NC 28202
UNITED STATES US

SHIP DATE: 13JAN21
ACTWGT: 0.50 LB
CAD: 250191509/WSXI3400

BILL SENDER

TO **KEITH THOMAS**

**2655 WEST RD**

**RIVERDALE GA 30296**
(704) 343-2229        REF: 2078760-0105
INV:
PO:                   DEPT:



REL# 3785346

THU - 14 JAN 10:30A
PRIORITY OVERNIGHT

TRK# 0201  7825 6777 2229

**XH FTYA**         30296
                GA-US ATL





Extremely Urgent