IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEITH THOMAS,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀CIVIL ACTION FILE
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀NO.  1:21-cv-03369-WMR
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
BANK OF AMERICA, N.A., et al.,⠀⠀)
⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀)
⸻⸻⸻⸻⸻⸻⸻⸻)

## Defendants' Response to Plaintiff's Motion to Disqualify Counsel [Doc. 18]

COME NOW Defendants Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, which is formerly known as Countrywide Home Loans Servicing, LP[1] ("BANA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP Holdings, Inc.[2] ("MERSCORP"),[3] and McGuireWoods LLP ("McGuireWoods") (collectively

---

[1] As of July 1, 2011, BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, L.P. no longer exists as a legal entity, as it merged with and into Bank of America, N.A.

[2] Plaintiff erroneously names "Mortgage Electronic Registration Systems, Inc. a/k/a MERSCORP, Inc." as a Defendant. However, Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc. (f/k/a MERSCORP Inc.) are separate entities and each will respond in its own capacity.

[3] Defendants MERS and MERSCORP file this Response by Special Appearance as Plaintiff has failed to serve personally either MERS or MERSCORP with the Summons and Complaint, and has not filed any proof of service on either MERS or MERSCORP with this Court. MERS and MERSCORP do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions.

"Defendants"), by and through the undersigned counsel, and hereby files this Response and Opposition to Plaintiff Keith Thomas' ("Plaintiff") Motion to Disqualify Counsel [Doc. 18], as follows:

## I.   INTRODUCTION

Plaintiff's Motion to Disqualify Counsel should be denied because there is no valid reason justifying the disqualification of Defendants' selected counsel, McGuireWoods.  Like Plaintiff's rambling Complaint, the Motion to Disqualify is difficult to understand.  Citing a string of irrelevant rules of professional conduct and a single Georgia case that has no bearing here, Plaintiff alleges that McGuireWoods should be disqualified because it represented BANA, MERS, and MERSCORP in prior lawsuits that Plaintiff filed in which he challenged his security deed assignment(s) in the county deed records. [Doc. 18, p. 5].  Plaintiff does not allege that McGuireWoods engaged in any independent conduct that would impose liability on it. [Doc. 18, generally].  Inexplicably, Plaintiff fails to advise this Court that the Defendants were successful in each of the many prior actions Plaintiff filed based on the same core allegations and claims, as all of those lawsuits were dismissed with prejudice by numerous Georgia trial and appellate courts. [Docs. 10, 10-1, 10-2, 10-3, 10-4, 10-5].

Plaintiff's sole discernible allegation in support of his Motion to Disqualify Counsel – that McGuireWoods might be a witness in this case – is meritless. Plaintiff's Complaint and Motion to Disqualify Counsel do not allege that McGuireWoods had any involvement with the challenged security deed assignment(s), and a review of the public records demonstrates that McGuireWoods did not have any involvement with these security deed assignment(s). [Doc. 1, ¶ 4]. The law in Georgia directly contradicts Plaintiff's assertion and Plaintiff's Motion to Disqualify Counsel is entirely without evidentiary support.

For these reasons, and since Plaintiff has a pattern of misusing a motion to disqualify counsel as a technique of harassment (*see Thomas Keith v. BANA et al*, Superior Court for Fulton County, 2014CV249678[4]), Plaintiff's Motion to Disqualify Counsel should be denied.

---

[4]A true and correct copy the prior motion to disqualify, response, and order are attached hereto as Exhibit "1," and are incorporated herein. This Court can take judicial notice of public records without converting this motion to one for summary judgment. See *Bryant v. Avado Brands, Inc.* 187 F.3d 1271, 1278 (11th Cir. 1999); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 355, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *Mcfarland v. BAC Home Loans Serv., LP,* No. 1:11–cv–4061–RWS, 2012 WL 2205566, at *1 n. 2 (N.D.Ga. June 14, 2012); *Lawson v. Ocwen Loan Servicing,* LLC, No. 1:14-CV-1301-WSD, 2015 WL 881252, at *1 (N.D. Ga. Mar. 2, 2015).

## II.   BRIEF STATEMENT OF FACTS

This is at least the **fifth** action filed by *pro se* Plaintiff in an attempt to avoid the consequences of his default on a home mortgage loan. [Docs. 10, 10-1, 10-2, 10-3, 10-4, 10-5]. Plaintiff's spurious and vexatious claims against these Defendants and others have previously been dismissed with prejudice and recognized as meritless by the Unites States District Court for the Northern District of Georgia, the Eleventh Circuit Court of Appeals, the Fulton County Superior Court, the Georgia Court of Appeals, and the Georgia Supreme Court. [Docs. 10-2, 10-3, 10-4, 10-5]. Undaunted by his complete lack of success and disregarding the unambiguous prior court rulings, *pro se* Plaintiff yet again makes the same claims about his loan's origination, servicing, and transfers in this case. [Doc. 1]. Defendants have once again asked the court to dismiss *pro se* Plaintiff's Complaint as barred by the doctrines of res judicata and/or collateral estoppel and for failure to state a claim for relief. [Doc. 10-1].  Instead of responding to the Defendants' pending Motion to Dismiss, Plaintiff has filed this frivolous Motion to Disqualify Counsel. [Doc. 18].

This is not the first time Plaintiff has tried to use a frivolous motion to disqualify as a tactic to seek advantage in his marathon litigation efforts stemming from his mortgage loan.  In the lawsuit he filed in 2014 against Northstar Mortgage Group, LLC, BANA, MERS, MERSCORP, and other defendants in the Superior

Court for Fulton County (Civil Action No. 2014CV249678), Plaintiff previously tried to disqualify another law firm representing two of the defendants. Fulton County Superior Court Judge Constance Russell denied Plaintiff's motion to disqualify counsel finding "nothing in the record to support Plaintiff's assertions" that counsel filed misleading or deceiving documents and holding that "Plaintiff has failed to demonstrate that counsel and/or his law firm would be a necessary witness in this matter. Consequently, Plaintiff's motion to disqualify is Denied." [Ex. 1]. Plaintiff's pattern of misusing a motion to disqualify counsel as a technique of harassment should be denied once again.[5]

### III.   ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Motion to Disqualify Counsel fails to meet the high standard rightly imposed upon a litigant who seeks to disqualify opposing counsel. The Motion to Disqualify Counsel is not properly supported as mandated by this Court's rules, and it rests solely upon unsupported allegations as to the possible or potential need for McGuireWoods to be a witness. It must therefore be denied.

---

[5] Significantly, Plaintiff did not move to disqualify McGuireWoods in the most recent prior lawsuit related to his mortgage loan that was dismissed in December 2020, in which he also named McGuireWoods as a defendant arising from its prior representation of the defendants BANA, MERS, MERSCORP. [See Doc. 10-5] That Plaintiff did not object to McGuireWoods' representation of itself and the other defendants in that action confirms that his current disqualification gambit is a mere harassment tactic.

### a.  Standard of Review.

In Georgia, motions to disqualify are governed by two sources of authority as a matter of law.

> First, attorneys are bound by the local rules of the court in which they appear. The Georgia Rules of Professional Conduct, contained in the Rules and Regulations of the State Bar of Georgia, and judicial decisions interpreting those rules and standards, govern the professional conduct of members of the bar of the United States District Court for the Northern District of Georgia. Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties.

*Herrmann v. GutterGuard, Inc*., 199 F. App'x 745, 752 (11th Cir. 2006)(*internal citations omitted*).   As noted in Rule 1.7 of the Georgia Rules of Professional Conduct, any motion for disqualification based upon alleged ethical conflicts should preliminarily "be viewed with caution" because of its potential to "be misused as a technique of harassment," and such a motion must "clearly . . . call into question the fair or efficient administration of justice" before it is seriously considered by any Court. *Id*; comment 15 to Rule 1.7 of the Georgia Rules of Professional Conduct. A disqualification order "is a harsh sanction, often working substantial hardship on the

client" and should therefore 'be resorted to sparingly.'" *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n. 4 (11th Cir.1982).   A motion to disqualify brought by opposing counsel "should be viewed with caution ... for it can be misused as a technique of harassment." Ga. Rules of Prof'l Conduct, R. 1.7, cmt. 15." *Herrmann v. GutterGuard, Inc*., 199 F. App'x 745, 752 (11th Cir. 2006). "Because of the right involved and the hardships brought about, disqualification of chosen counsel should be seen as an extraordinary remedy and should be granted sparingly." *Bernocchi v. Forcucci*, 279 Ga. 460, 462, 614 S.E.2d 775, 778 (2005).

The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification. *In re: BellSouth Corp*., 334 F.3d 941, 961 (11th Cir.2003); *see also Herrmann v. GutterGuard, Inc*., 199 F. App'x 745, 752 (11th Cir. 2006) (per curiam). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *Id*.   "The rules of disqualification of an attorney will not be mechanically applied; rather, we should look to the facts peculiar to each case in balancing the need to ensure ethical conduct on the part of lawyers appearing before the court and other social interests, which include the litigant's right to freely chosen counsel." *Stoddard v. Bd. of Tax Assessors*, 173 Ga.App. 467, 468(1), 326 S.E.2d 827 (1985). But, it has been held that "[i]t is not objectionable for a lawyer who is a potential witness to be an advocate

if it is unlikely that he will be called as a witness because his testimony would be merely cumulative." *Southern Gen. Ins. Co. v. Holt*, 200 Ga. App. 759, rev'd on other grounds, 262 Ga. 267 (1992).

Georgia Courts have repeatedly denied frivolous motions to disqualify opposing counsel where the movant has failed to meet this burden. *See Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n. 4 (11th Cir.1982) (reversing disqualification order since the fact that following discovery lead counsel had been elected to city commission did not require his disqualification); *City of Jacksonville, Fla. v. Mun. Elec. Auth. of Georgia*, No. 1:19-CV-3234-MHC, 2019 WL 7819485, at *8 (N.D. Ga. Nov. 7, 2019) (denying motions for disqualification brought by opposing lawyers since "[m]otions for disqualification brought by opposing lawyers, as is the case here, should be viewed with caution for it can be misused as a technique of harassment. … JEA has not met that burden. It has not shown that Orrick's representation of MEAG in this matter violates Georgia Rule of Professional Conduct 1.9(a).") *Cardinal Robotics, Inc. v. Moody,* 287 Ga. 18, 22, 694 S.E.2d 346, 350 (2010)(" Simply, CR has failed to show an abuse of discretion in the trial court's refusal to disqualify the attorneys and law firm in question, nor has it provided any other basis to nullify the trial court's rulings regarding the default judgment and the sale of the property").

### b. The Motion To Disqualify Counsel Fails To Support Its Allegations Of Fact With Supporting Affidavits Or Other Admissible Evidence.

"Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law." L.R. 7.1 (A)(1).

Contrary to the mandate of the local rules, Plaintiff's Motion to Disqualify Counsel is entirely without evidentiary support. It repeatedly relies upon unsupported statements and seeks to have McGuireWoods disqualified based upon these uncorroborated conclusions and allegations. Despite acknowledging the fundamental right of a party to choose his counsel and the harm to that party and the judicial system when that counsel is removed without proper proof, Plaintiff nevertheless seeks removal of McGuireWoods based entirely upon unproven allegations and assumptions. This failure alone is enough to warrant denial of the Motion to Disqualify Counsel.

Plaintiff alleges that McGuireWoods should be disqualified as counsel since it represented BANA, MERS, and MERSCORP in Plaintiff's prior lawsuits wherein he challenged his security deed assignment(s) in the county deed records. [Doc. 18,

p. 5].  Plaintiff does not allege that McGuireWoods had any independent conduct which would impose liability on it. [Doc. 18, generally].  Instead, Plaintiff once again attempts to challenge his security deed assignment(s) in the county deed records. [Doc. 18, p. 5]. Plaintiff's Complaint and Motion to Disqualify Counsel do not allege that McGuireWoods had any involvement with the security deed assignment(s), and a review of these public records demonstrates that McGuireWoods did not have any involvement with these security deed assignment(s). [Doc. 1, ¶ 4]. Thus, Plaintiff failed to submit any evidence to support his Motion to Disqualify Counsel, relying instead on conclusory allegations lifted from his Complaint. The conclusory allegations involve matters that are immaterial, irrelevant and inadmissible – and as such, the motion is insufficient to meet Plaintiff's heavy burden in trying to disqualify counsel.

**c. Even Assuming There Was Admissible Evidence Arguably Supporting Plaintiff's Motion, Plaintiff's Own Authorities Require Denial Of the Motion.**

Plaintiff's reliance on *Cherry v. Coast House, Ltd.*, 257 Ga. 403 (1987) as support for his motion is entirely misplaced; the instant case is distinguishable on multiple grounds.

In *Cherry*, the counsel sought to be disqualified was the only possible witness who could testify; no other witnesses existed for certain issues. *See Cherry v. Coast House, Ltd.,* 257 Ga. 403 (1987) (sole attorney present at closing and who was a party himself was indispensable witness to dispute involving the closing). Moreover, there was a "virtual certainty" that Rolleston, a party to the case as well as Cherry's attorney in her claim for tortious interference with a contract, would be called upon to testify "not only as a witness for himself because of his position as a party but also as a witness on behalf of Mrs. Cherry because he was present without his client at the closing which is at the heart of this case." *Id*. at 405(3), 359 S.E.2d 904.

By contrast, in the instant case, McGuireWoods' testimony is not so indispensable as to make its disqualification necessary. Indeed, the *Cherry* case actually supports denial of the Motion to Disqualify Counsel rather than supporting its grant. *Cherry* presents facts in marked contrast to those present in the case *sub judice*, where McGuireWoods' activities were restricted to the role of defense counsel in cases previously decided against Plaintiff and in favor of these Defendants. [Docs. 10-2, 10-3, 10-4, 10-5].   Plaintiff does not allege that McGuireWoods had any independent conduct which would impose liability on it. [Doc. 18, generally].   Plaintiff has the burden of showing that McGuireWoods is a

necessary witness by proving that McGuireWoods' testimony "... is relevant to disputed, material questions of fact and that there is no other evidence available to prove those fact." *Clough v. Richelo*, 274 Ga. App. 129, 132 (2005) (*relying on Martinez v. Housing Auth. of DeKalb County*, 264 Ga. App. 282, 288 (2003). Plaintiff failed to submit any proof of the grounds for disqualification, revealing instead that McGuireWoods' testimony, if any, simply would duplicate other evidence related to the security deed assignment(s) in the county deed records. [Doc. 18, p. 5].

Instead of offering evidence that McGuireWoods will be a necessary witness for any party (because there is none), Plaintiff simply hypothesizes that McGuireWoods potentially might be a witness. [Doc. 18, p. 2]. Plaintiff failed to establish that McGuireWoods has exclusive knowledge of the conduct that Plaintiff condemns. Plaintiff failed to prove that other evidence is unavailable on the topics of his security deed assignment(s) in the county deed records. Plaintiff failed to prove that such evidence is not "available from other sources" such as from the county deed records or representatives of Northstar Mortgage Group, LLC, BANA, or MERS.

Since Plaintiff has failed to meet the heavy burden required to disqualify counsel, this Court should follow precedent and deny this frivolous Motion to

Disqualify Counsel. *See Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n. 4 (11th Cir.1982) (reversing disqualification order since the fact that following discovery lead counsel had been elected to city commission did not require his disqualification); *City of Jacksonville, Fla. v. Mun. Elec. Auth. of Georgia*, No. 1:19-CV-3234-MHC, 2019 WL 7819485, at *8 (N.D. Ga. Nov. 7, 2019) (denying motions for disqualification brought by opposing lawyers since "[m]otions for disqualification brought by opposing lawyers, as is the case here, should be viewed with caution for it can be misused as a technique of harassment. … JEA has not met that burden. It has not shown that Orrick's representation of MEAG in this matter violates Georgia Rule of Professional Conduct 1.9(a).") *Cardinal Robotics, Inc. v. Moody,* 287 Ga. 18, 22, 694 S.E.2d 346, 350 (2010)(" Simply, CR has failed to show an abuse of discretion in the trial court's refusal to disqualify the attorneys and law firm in question, nor has it provided any other basis to nullify the trial court's rulings regarding the default judgment and the sale of the property").

Finally, although deficient and without proof, even assuming the Plaintiff's Motion to Disqualify Counsel were accurate and properly supported, it reveals that at most, McGuireWoods involvement and potential testimony would merely be cumulative of other evidence, thus not requiring their disqualification. *See Southern Gen. Ins. Co. v. Holt*, 200 Ga. App. 759, rev'd on other grounds, 262 Ga. 267 (1992)

(affirming denial of motion for disqualification when attorney's testimony could only have added to the evidence presented through exhibits admitted at trial and was not "crucial"). Plaintiff has failed to meet his burden of proving that McGuireWoods is a necessary witness, and Plaintiff's Motion to Disqualify Counsel should be denied. *See Clough v. Richelo*, 274 Ga. App. 129, 132-33 (2005) .

## IV.   CONCLUSION

Plaintiff has failed to prove his Motion to Disqualify Counsel. There is no evidence that McGuireWoods will be a necessary witness so that they cannot serve as an advocate in this case. Rather than impose the drastic sanction of disqualification based solely on unsupported allegations and conclusions by an opposing party, Defendants respectfully pray that the Motion to Disqualify Counsel be denied and that McGuireWoods be allowed to serve as counsel in this case.

WHEREFORE, Defendants pray that this Court DENY Plaintiff's Motion to Disqualify Counsel and grant such other relief as the Court deems proper.

This 6th day of October, 2021.

/s/ Allison G. Rhadans
Allison G. Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)

(404) 443-5677  (Facsimile)
ARhadans@mcguirewoods.com
*Attorney for Defendant Bank of America,*
*N.A., Defendant Mortgage Electronic*
*Registration Systems, Inc., Defendant*
*MERSCORP Holdings, Inc., and Defendant*
*McGuireWoods LLP*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEITH THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.  1:21-cv-03369-WMR |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE, FONT AND MARGINS</u>

I hereby certify that on the undersigned date, I electronically filed the foregoing ***Defendants' Response to Plaintiff's Motion to Disqualify [Doc. 18]*** with the Clerk of the Court using the CM/ECF System, which will electronically deliver a copy to counsel of record, and served a true and correct copy of same on the undersigned individual(s) via First-Class Mail, postage prepaid, addressed to:

Keith Thomas
Post Office Box 960242
Riverdale, Georgia 30296
*Plaintiff, Pro Se*

BRET J. CHANESS, Esq.
RUBIN LUBLIN, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 6th day of October, 2021.

/s/ Allison Rhadans
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
ARhadans@mcguirewoods.com
*Attorneys for Defendant Bank of America, N.A., Defendant Mortgage Electronic Registration Systems, Inc., Defendant MERSCORP Holdings, Inc., and Defendant McGuireWoods LLP*

# EXHIBIT 1



SOUTH ANNEX

FILED IN OFFICE

DEC 12 2014

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GA

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

KEITH THOMAS,

      Plaintiff,                          Civil Action No.2014CV249678

v.

BANK OF AMERICA, N.A. a/k/a
BAC HOME LOANS SERVICING, L.P.
*et al.,*

      Defendants.

### PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL FOR NORTHSTAR MORTGAGE GROUP, LLC AND J. BRIAN MESSER PURSUANT TO MODEL RULE 3.7 and SUBORNATION OF PERJURY

NOW COMES Keith Thomas, plaintiff in the above styled cause before the court

and respectfully move the court to disqualify J. Samuel Beck, in his professional and

individual authority and capacity as legal counsel to the two defendants, Northstar

Mortgage Group, LLC and J. Brian Messer and also The Slepian, Schwartz & Landgaard,

LLC law firm from acting as legal counsel for the two defendants, Northstar Mortgage

Group, LLC and J. Brian Messer for cause.

**1.**

On or about November 17, 2014 Mr. J. Samuel Beck, acting on his own behalf

and on the behalf of Slepian, Schwartz & Landgaard, LLC law firm submitted a sworn

affidavit that was signed by J. Brian Messer, a defendant named to this action, claiming

to be acting on the behalf of Northstar Mortgage Group, LLC, also a defendant named to

this action.

**2.**

Page 1

Copy from re:SearchGA

Mr. J. Samuel Beck notarized the sworn affidavit as the [Notary and Witness] identifying J. Brian Messer as being either an Officer, Representative, Court Appointed Agent, Sole Executive Officer, or some other Official authorized to act on the behalf of Northstar Mortgage Group, LLC.

**3.**

Mr. J. Brian Messer had submitted a sworn affidavit within a related action in federal court on July 1, 2011 claiming to [Not be an Officer or Authorized Agent and Not having any Official Authority] to act on the behalf of Northstar Mortgage Group, LLC.

**4.**

The two sworn affidavit are both in conflict with the facts and with the law in that J. Brian Messer is not capable of showing any documentation from either Northstar Mortgage Group, LLC or from W. Dave Sander that unilaterally transferred any Official Authority to him at any point in time following February 1, 2010 and also on or after any point in time following the July 1, 2011 point in time which the sworn affidavit was submitted in federal court. *See plaintiff's Exhibits "1" and "2" attached hereto.*

**5.**

At both points in time, Mr. J. Samuel Beck and The Slepian, Schwartz & Landgaard, LLC Law Firm claimed to be counsel of record for both Northstar Mortgage Group, LLC and presently for J. Brian Messer.

**6.**

Mr. J. Samuel Beck and others affiliated with The Slepian, Schwartz & Landgaard law firm should be disqualified from representing both Northstar Mortgage

Page 2

Copy from re:SearchGA

Group, LLC and J. Brian Messer according to Model Rule 3.7 given that this matter should be heard before the court to discuss the details of and authenticity of the two sworn affidavits.

### 7.

The submitting of a sworn affidavit into a court proceeding that is knowingly drafted, witnessed to and strictly for the purposes of deceiving both the court and all interested parties is a criminal act in Georgia. Further, for Mr. J. Samuel Beck to act as the witness [Notary], claiming that he has knowledge of some documentation that was either presented to him or presented by J. Brian Messer stating that J. Brian Messer has the authority to act on the behalf of Northstar Mortgage Group, LLC in an Official manner, makes Mr. J. Samuel Beck as a necessary witness to the facts in this present action.

### 8.

Based upon the facts and evidence submitted with this motion, both Mr. J. Samuel Beck and The Slepian, Schwartz & Landgaard, LLC law firm must be disqualified from representing the named defendants to this action as a matter of law.

For the reasons stated herein, the plaintiff respectfully request that the Court immediately disqualify both Mr. J. Samuel Beck and The Slepian, Schwartz & Landgaard, LLC law firm from representing defendants Northstar Mortgage Group, LLC and J. Brian Messer as counsel of record in this action.

Respectfully submitted on this 12th day of December, 2014.

Page 3

Copy from re:SearchGA

Keith Thomas, plaintiff
P.O. Box 960242
Riverdale, Georgia  30296
404-838-0394

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing and attached

documents have been forwarded to counsel for the defendants at:

Mr. J. Samuel Beck &
The Slepian, Schwartz & Landgaard, LLC Law Firm
42 Eastbrook Bend
Peachtree City, Georgia  30269

Within a properly addressed envelope and with sufficient First Class U.S. Postage affixed

thereto on this 12th day of December, 2014.

Keith Thomas
P.O. Box 960242
Riverdale, Georgia  30296

Page 4

Copy from re:SearchGA

**Plaintiff's Exhibit "1"**

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

KEITH THOMAS,                              )
                                          )
    Plaintiff,                        )
                                          )
v.                                        )
                                          )        CIVIL ACTION FILE
BANK OF AMERICA, N.A. a/k/a BAC           )
HOME LOANS SERVICING, LP,                 )        NO. 2014-CV-249678
MCCALLA RAYMER, LLC, NORTHSTAR            )
MORTGAGE GROUP, LLC, J. BRIAN             )
MESSER a/k/a BRIAN MESSER, &              )
MORTGAGE ELECTRONIC REGISTRATION          )
SYSTEMS, INC. a/k/a MERSCORP              )
HOLDINGS, INC.                            )
                                          )
    Defendants.                       )

---

## VERIFICATION

---

Personally appeared before the undersigned officer, duly authorized to administer oaths in the State of Georgia, J. BRIAN MESSER, an individual resident of the State of Georgia, on behalf of Defendant NORTHSTAR MORTGAGE GROUP, LLC, who after being duly sworn, states and deposes under oath, based upon his own personal knowledge, that the responses set forth in the foregoing *Defendant Northstar Mortgage Group, LLC's Responses and Objections to Plaintiff's First Request for Production of Documents* are true and correct.

FURTHER AFFIANT SAYETH NOT this 17th day of November, 2014.

_____
Brian Messer, Affiant

Sworn to and subscribed before me this

17 day of November, 2014.

_____
Notary Public

*[Notary seal: SAMUEL BECK, J. NOTARY, EXPIRES OCT. 3, 2015, GEORGIA, PUBLIC, FAYETTE COUNTY]*

---

Defendant Northstar Mortgage Group, LLC's Responses and Objections to Request for Production of Documents
*Keith Thomas v. Bank of America, N.A. et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678

Copy from re:SearchGA

**Plaintiff's Exhibit "2"**

Copy from re:SearchGA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEITH THOMAS,          )
    Plaintiff,        )
                )
    v.            )     CIVIL ACTION FILE
                )     NO. 1:11-CV-0391
BANK OF AMERICA, N.A., et al.,  )
    Defendants.     )
_____)

## Motion for Relief from Entry of Default

COMES NOW, J. BRIAN MESSER, on behalf of NORTHSTAR MORTGAGE GROUP, LLC, Defendant in the above-styled action, and files this *Motion for Relief from Entry of Default* pursuant to the Federal Rules of Civil Procedure Rule 60(b)(4) and Rule 60(b)(6). Defendant Northstar Mortgage Group, LLC (hereinafter referred to as "Northstar") respectfully shows the court the following:

1.

Plaintiff KEITH THOMAS served a summons and complaint on J. Brian Messer (hereinafter referred to as "Mr. Messer") at 68 Eastbrook Bend, Peachtree City, Georgia 30269 on June 7, 2011.

Copy from re:SearchGA

2.

The proof of service filed with this Honorable Court lists Mr. Messer as the President of Northstar.

3.

At no time did Mr. Messer serve as the President for Northstar.

4.

O.C.G.A. § 14-11-1108 states that "a limited liability company's registered agent is the limited liability company's agent for service of process, notice, or demand required or permitted by law to be served on the limited liability company."

5.

Furthermore, O.C.G.A. § 14-11-1108 also provides that "if a limited liability company has no registered agent or the agent cannot with reasonable diligence be served, the limited liability company may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the limited liability company at its principal office."

6.

Northstar's last annual registration listed W. Dave Sander as its registered agent for service of process and also listed the limited liability company's principal address at 3535 Roswell Road, Building 25, Marietta, Georgia 30062.

Copy from re:SearchGA

7.

Plaintiff failed or refused to serve the summons and complaint on W. Dave Sander, the registered agent for Northstar, and failed or refused to serve the summons and complaint by sending it via registered or certified mail or statutory overnight delivery, return receipt requested, to the limited liability company's principal office address located at 3535 Roswell Road, Building 25, Marietta, Georgia 30062.

8.

O.C.G.A. § 14-2-1408 states that "upon filing of articles of dissolution, the corporation shall cease to exist, except for the purpose of actions or other proceedings, which may be brought against the corporation by service upon any of its last executive officers *named in its last annual registration* . . ." (emphasis added)."

9.

As its secretary, W. Dave Sander was an executive officer of Northstar and executed the final articles of termination filed with the Secretary of State, a copy of which are attached hereto as Exhibit "A" and incorporated herein by reference.

Copy from re:SearchGA

10.

Northstar filed its final annual registration with the Georgia Secretary of State on March 31, 2010, listing W. Dave Sander as Northstar's sole executive officer, a copy of which is attached hereto as Exhibit "B" and is incorporated herein by reference.

11.

Northstar was dissolved with the Georgia Secretary of State on January 20, 2011, and a Certificate of Voluntary Termination was issued the same day, a copy of which is attached hereto as Exhibit "C" and is incorporated herein by reference.

12.

Plaintiff failed or refused to serve the summons and complaint on the last executive officer listed on Northstar's last annual registration filed with the Secretary of State for the State of Georgia.

13.

Mr. Messer was not listed on Northstar's last annual registration filed with the Secretary of State for the State of Georgia.

14.

Because Mr. Messer was not a proper party to receive service of process, service of process upon Northstar was improper.

Copy from re:SearchGA

15.

In the absence of proper service of process of a complaint or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void based on due process grounds. U.S. Const. amend XIV § 1.

16.

Because service of process on Northstar was improper, this Honorable Court never obtained jurisdiction over Northstar, and a judgment of default against Northstar is void.

WHEREFORE, Northstar respectfully requests the following:

1) That service on J. Brian Messer, on behalf of Northstar, be deemed improper and insufficient;

2) That the clerk's entry of default against Northstar be set aside;

3) That Northstar be dismissed from this suit based on Plaintiff's failure to properly serve process on Northstar;

4) In the alternative, that a show cause hearing be held to establish that service of process was effectuated properly; and

5) Such other relief as this Honorable Court deems just and equitable under the circumstances.

Page 5 of 6

Copy from re:SearchGA

Respectfully submitted this 1st day of July, 2011.

SLEPIAN, SCHWARTZ, & LANDGAARD, L.L.C.

[s]_J. Samuel Beck

J. SAMUEL BECK, ESQ.
Georgia Bar No. 531351
Attorney for J. Brian Messer

Slepian, Schwartz, & Landgaard, L.L.C.
42 Eastbrook Bend
Peachtree City, Georgia 30269
Phone:       (770) 486-1220
Facsimile:   (770) 631-2340
sambeck@slepianfirm.com

Copy from re:SearchGA





## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

KEITH THOMAS,

     Plaintiff,                Civil Action No.2014CV249678

v.

BANK OF AMERICA, N.A. a/k/a
BAC HOME LOANS SERVICING, LP
*et al.*,

     Defendants.

### PLAINTIFF'S AFFIDAVIT IN SUPPORT TO HIS MOTION TO DISQUALIFY J. SAMUEL BECK AND THE SLEPIAN, SCHWARTZ & LANDGAARD, LLC LAW FIRM FROM REPRESENTING DEFENDANTS NORTHSTAR MORTGAGE GROUP, LLC AND J. BRIAN MESSER

COMES NOW Keith Thomas, Affiant, do state under oath before a person duly authorized to administer oath in Georgia and state the following:

I am a United States citizen over the age of 18 years of age and of sound mind capable of being administered oath upon.

All of the statements, documents and information submitted to and with the above captioned motion are true and correct to the best of my personal knowledge and belief.

Further, this Affiant says not.

Sworn to and subscribed here before me on this 12 day of December 2014

_____
Notary
Larry Copeland Sr
Notary Public, Fayette County, GA
My Commission Expires July 22, 2017

_____
Keith Thomas

Copy from re:SearchGA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

KEITH THOMAS,               )

       Plaintiff,         )

                      )

v.                    )

                      )

BANK OF AMERICA, N.A. a/k/a BAC   )

HOME LOANS SERVICING, LP,      )

MCCALLA RAYMER, LLC, NORTHSTAR )

MORTGAGE GROUP, LLC, J. BRIAN   )

MESSER a/k/a BRIAN MESSER, &    )

MORTGAGE ELECTRONIC REGISTRATION )

SYSTEMS, INC. a/k/a MERSCORP     )

HOLDINGS, INC.            )

                      )

       Defendants.       )

SERVICE COPY

CIVIL ACTION FILE

NO. 2014-CV-249678

---

**DEFENDANTS J. BRIAN MESSER'S AND NORTHSTAR MORTGAGE GROUP, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL FOR DEFENDANTS NORTHSTAR MORTGAGE GROUP, LLC AND J. BRIAN MESSER PURSUANT TO MODEL RULE 3.7 AND SUBORDINATION OF PERJURY**

---

COME NOW, NORTHSTAR MORTGAGE GROUP, LLC and J. BRIAN MESSER, Defendants in the above-styled civil action (hereinafter referred to as the "Defendants"), by and through their undersigned counsel of record, and files this, their *Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar Mortgage Group, LLC And J. Brian Messer Pursuant to Model Rule 3.7 and Subordination of Perjury* against KEITH E. THOMAS, Plaintiff in the above-styled civil action (hereinafter referred to as the "Plaintiff"), and show this Honorable Court the following:

Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar and Messer
*Keith E. Thomas v. Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678
Page 1 of 10

## I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about December 12, 2014, Plaintiff filed a pleading with this Honorable Court entitled "Plaintiff's Motion to Disqualify Counsel for Northstar Mortgage Group, LLC and J. Brian Messer Pursuant to Model Rule 3.7 and Subordination of Perjury" (hereinafter referred to as the "Motion").  In keeping with Plaintiff's nature of pleading in this action, Plaintiff's Motion is incoherent and difficult to understand.  However, the general allegations of Plaintiff's Motion assert that the undersigned and other members of Slepian, Schwartz, & Landgaard made misrepresentations, false statements of fact, and attempted to engage in fraud upon this court in Defendant's pleadings.  In support of this contention, Plaintiff claims that Defendant has asserted conflicting claims by asserting that J. Brian Messer has no official authority to speak on behalf of Defendant while, at the same time, asserting that J. Brian Messer has the authority to speak on behalf of Defendant Northstar.

## II.  ARGUMENT AND CITATIONS OF AUTHORITIES

In his Motion, Plaintiff references a *Motion for Relief from Entry of Default* filed by counsel for Defendant Northstar in the United States District Court for the Northern District of Georgia.  According to Plaintiff, this *Motion for Relief from Entry of Default* constitutes an assertion by the undersigned counsel for Defendants that J. Brian Messer has no legal, personal, contractual, or business affiliation with Defendant Northstar.   Plaintiff then uses this "information" in conjunction with the Defendants' responses to Plaintiff's unlawful discovery requests in asserting that Defendants have stated that J. Brian Messer is now acting as the legal representative for Defendant Northstar.   For the reasons set forth hereinbelow, Plaintiff's allegations are without merit, frivolous, made for the purposes of delay, and constitute continued abuses of the judicial process by Plaintiff.  Based on the grounds below, Plaintiff's motion to

Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar and Messer
*Keith E. Thomas v. Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678
Page 2 of 10

disqualify the undersigned and the law firm of Slepian, Schwartz, & Landgaard should be denied.

**A. The documents filed by counsel for Defendant in the United States District Court for the Northern District of Georgia did not assert that J. Brian Messer was without authority to speak on behalf of Defendant or that Mr. Messer was not affiliated with Defendant**

Plaintiff, in his Motion, asserts that J. Samuel Beck and the law firm of Slepian, Schwartz, & Landgaard should be disqualified with regard to the instant action on the grounds that counsel for Defendants perpetrated a fraud upon the United States District Court for the Northern District of Georgia and the Superior Court of Fulton County by allegedly claiming that Mr. Messer was not, in any way, affiliated with Defendant Northstar or authorized to speak on the company's behalf.

Understandably, Plaintiff is not a licensed attorney, nor does he hold a law degree from an accredited law school. Nevertheless, a common sense review of the contents of Defendant's *Motion for Relief from Entry of Default* does not lead to the conclusions reached by Plaintiff. Plaintiff claims that counsel for Defendants asserted in the motion for relief from default that Mr. Messer had "no legal, personal, contractual, or business affiliation with" Defendant. On the contrary, Defendant Messer and Defendant Northstar have never disputed that Defendant Messer had, at one point in time, a vested interest in Northstar Mortgage Group, LLC. As a matter of fact, Defendant Northstar and Defendant Messer readily admit that Mr. Messer was a member of the company during its existence and was an integral part of many, if not all, of the day-to-day decisions of Defendant Northstar when it was in operation.

Although a member of Northstar Mortgage Group, LLC, Mr. Messer never served as the President of Northstar Mortgage Group, LLC as alleged by Plaintiff in his statements concerning service of process upon Defendant Northstar, and Defendant Northstar stated as such in the

Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar and Messer
*Keith E. Thomas v. Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678
Page 3 of 10

motion filed in the U.S. District Court for the Northern District of Georgia. Defendant Northstar's motion for relief from entry of default merely pointed out the flaws in the service of process attempted by Plaintiff. Georgia law, specifically O.C.G.A. § 14-2-1408, states that, once a company ceases to exist, any party desiring to initiate litigation against the terminated company must serve said company by serving any of its executive officers named in its last annual registration.

In its motion for relief from entry of default, Defendant Northstar merely asserted that, as W. Dave Sander was the only executive officer listed on Defendant Northstar's last annual registration filed with the Georgia Secretary of State, and that, prior to service by Plaintiff, the company had ceased to exist, Plaintiff was required to perfect service upon W. Dave Sander. Because W. Dave Sander was the only individual upon which Plaintiff could have perfected service, service upon J. Brian Messer was improper. The U.S. District Court agreed with the arguments of Defendant's counsel, granted Defendant Northstar relief from the default, and ultimately found no merit in Plaintiff's allegations in dismissing the case outright. The United States Court of Appeals for the Eleventh Circuit agreed with the legal conclusions of the United States District Court for the Northern District of Georgia in affirming the dismissal with prejudice. Nowhere in the motion filed in the U.S District Court did Defendant Northstar assert that J. Brian Messer was not affiliated with the company or that J. Brian Messer was not authorized to speak on behalf of the company based on Mr. Messer's own personal knowledge.

**B.  J. Brian Messer, as an individual with personal knowledge of the business dealings of Defendant, was legally authorized to verify the responses to Plaintiff's unlawful discovery requests**

The above-styled action is the second action commenced by Plaintiff against Defendant Northstar and the first against Defendant Messer. This second action has been interposed in an

Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar and Messer
*Keith E. Thomas v. Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678
Page 4 of 10

effort to avoid the discovery deadlines established in that first action. In Civil Action File No. 2013-CV-227759, Plaintiff failed to timely commence discovery against Defendant Northstar and initiated discovery requests outside of the six (6) month discovery period. Defendant Northstar lawfully objected to those discovery requests and refused to provide any of the requested information.

As a result of Plaintiff's failure to comply with the Georgia Civil Practice Act in the first action, Plaintiff instituted a second action against Defendant Northstar that also included Defendant Messer as a defendant. Plaintiff has absolutely no cause of action against Defendant Messer but merely included him in the second action as a result of Plaintiff's misplaced allegation that Defendant Messer was colluding with Defendant Northstar to deprive Plaintiff of discovery materials. On or about October 16, 2014 and October 28, 2014, Plaintiff again attempted to engage in unlawful discovery against Defendants and served counsel for J. Brian Messer and Northstar Mortgage Group, LLC, respectively, with a series of discovery requests. Despite the fact that many of Plaintiff's requests were vague, overly broad, or sought irrelevant information concerning the subject matter of this action, Plaintiff's discovery requests were not in keeping with the requirements of the Georgia Civil Practice Act. Nevertheless, Defendant responded to Plaintiff's discovery requests with general objections and provided verifications to the responses signed by J. Brian Messer.

Plaintiff alleges that the fact that Defendant Northstar claimed that service upon Northstar by and through J. Brian Messer was improper in the federal court action, coupled with the fact that J. Brian Messer verified the truth of Defendant Northstar's discovery responses, evidences a misrepresentation and fraud committed by undersigned counsel and Defendants upon this Honorable Court. Plaintiff alleges that, because Defendants and undersigned counsel have

Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar and Messer
*Keith E. Thomas v. Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678
Page 5 of 10

"repeatedly argued in federal court that [J. Brian Messer] could not, do [sic] not, and can not [sic] speak for or on the behalf of Northstar," the fact that Mr. Messer verified Defendant Northstar's discovery responses evidences a fraud and misrepresentation made in open court. Once again, Plaintiff's motion completely ignores the legal significance of Defendants' discovery responses and has interposed this motion in bad faith, for the purposes of harassment, and without any justification whatsoever in law or in fact.

To repeat, Defendant Northstar has never claimed that J. Brian Messer was not an officer of Defendant Northstar or that Mr. Messer could not speak on behalf of Defendant Northstar in verifying the responses to Plaintiff's discovery requests. As stated hereinabove, J. Brian Messer was a founding member of Northstar Mortgage Group, LLC and was involved in the day-to-day operations of the company. Mr. Messer had personal knowledge of the information requested by Plaintiff with regard to the discovery requests and was therefore authorized to verify the responses on behalf of Defendant Northstar. Defendant Northstar has only asserted that (1) Mr. Messer was never President of Northstar Mortgage Group, LLC, (2) that service of process upon Mr. Messer in the federal court case was improper, and (3) that J. Brian Messer had personal knowledge of the day-to-day activities of Northstar Mortgage Group, LLC. Defendants, undersigned counsel, and the law firm of Slepian, Schwartz, & Landgaard have not committed any fraud upon this Honorable Court, and Plaintiff's motion should be denied in its entirety.

### III. CONCLUSION

Plaintiff has asserted, without any legal justification whatsoever, that Defendant, J. Brian Messer, the undersigned counsel, and the law firm of Slepian, Schwartz, & Landgaard committed a fraud upon this Honorable Court and upon the U.S. District Court for the Northern District of Georgia regarding Mr. Messer's role within Northstar Mortgage Group, LLC. Despite

Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar and Messer
*Keith E. Thomas v. Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678
Page 6 of 10

the relief requested under Plaintiff's motion, to wit: the disqualification of J. Samuel Beck and the law firm of Slepian, Schwartz, & Landgaard, Plaintiff makes unfounded and egregious allegations of professional, fraudulent, and intentional misconduct on the part of these individuals.

Defendant and its counsel have never asserted that J. Brian Messer was not an officer of Northstar Mortgage Group, LLC or that Mr. Messer could not legally speak on behalf of the company. Defendant and its counsel have merely asserted that service upon Mr. Messer in the federal court case referenced herein was improper under Georgia law. The U.S. District Court for the Northern District of Georgia agreed and dismissed Plaintiff's complaint, and the Eleventh District Court of Appeals affirmed the lower court's decision. Defendant is entitled to maintain that service in the federal case was improper while, at the same time, asserting that Mr. Messer has the authority to speak on behalf of Northstar Mortgage Group, LLC based upon his own personal knowledge; the two arguments are not mutually exclusive.

Furthermore, neither the undersigned counsel for Defendant nor the law firm with which the undersigned is affiliated are subject to being called as witnesses in this action due to the fact that, at all times, these individuals have acted as the legal representatives for Defendant. Based on all of the facts as stated herein, J. Samuel Beck and the law firm of Slepian, Schwartz, & Landgaard are not subject to disqualification, and Plaintiff's motion to disqualify same should be dismissed with all costs of this action cast against Plaintiff.

Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar and Messer
*Keith E. Thomas v. Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678
Page 7 of 10

Respectfully submitted this 7th day of January, 2015.

SLEPIAN, SCHWARTZ, & LANDGAARD

J. Samuel Beck
Attorney for Defendants
Georgia State Bar No. 531351

42 Eastbrook Bend
Peachtree City, Georgia 30269
Telephone:      (770) 486-1220
Facsimile:      (770) 631-2340
Email: sambeck@slepianfirm.com

Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar and Messer
*Keith E. Thomas v. Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP,  et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678
Page 8 of 10

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

KEITH THOMAS,                                  )
                                               )
    Plaintiff,                                 )
                                               )
v.                                             )
                                               )    CIVIL ACTION FILE
BANK OF AMERICA, N.A. a/k/a BAC                )
HOME LOANS SERVICING, LP,                      )    <u>NO. 2014-CV-249678</u>
MCCALLA RAYMER, LLC, NORTHSTAR                 )
MORTGAGE GROUP, LLC, J. BRIAN                  )
MESSER a/k/a BRIAN MESSER, &                   )
MORTGAGE ELECTRONIC REGISTRATION              )
SYSTEMS, INC. a/k/a MERSCORP                   )
HOLDINGS, INC.                                 )
                                               )
    Defendants.                                )

---

## <u>CERTIFICATE OF SERVICE</u>

---

    This is to certify that I have this day served opposing counsel and all other attorneys of record with a true and accurate copy of the within and foregoing *Defendant Northstar Mortgage Group, LLC's Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendant Northstar Mortgage Group, LLC* by sending a copy of same via first class United States mail in a properly addressed envelope with adequate postage affixed thereto to ensure delivery to the following:

Keith Thomas, Pro Se                    Steven J. Flynn, Esq.
Post Office Box 960242                   Brett C. Giordano, Esq.
Riverdale, Georgia 30296                 McCalla Raymer, LLC
                                         900 Holcomb Woods Parkway
                                         Roswell, Georgia 30076
Michael T. Hosmer, Esq.
McGuire Woods, LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202-4011

---

Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar and Messer
*Keith E. Thomas v. Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678
Page 9 of 10

Respectfully submitted this 7th day of January, 2015.

SLEPIAN, SCHWARTZ, & LANDGAARD

J. Samuel Beck
Attorney for Defendants
Georgia State Bar No. 531351

42 Eastbrook Bend
Peachtree City, Georgia 30269
Telephone:    (770) 486-1220
Facsimile:    (770) 631-2340
Email: sambeck@slepianfirm.com

Response in Opposition to Plaintiff's Motion to Disqualify Counsel for Defendants Northstar and Messer
*Keith E. Thomas v. Bank of America, N.A. a/k/a BAC Home Loans Servicing, LP, et al.*
Superior Court of Fulton County, State of Georgia – Civil Action File No. 2014-CV-249678
Page 10 of 10

## IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

FILED IN OFFICE
APR 27 2015

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

Keith Thomas
   Plaintiff(s)
     v.

McCalla Raymer, LLC ,
NORTHSTAR MORTGAGE GROUP, LLC ,
J. Brian Messer ,
BANK OF AMERICA, N.A. A/K/A BAC HOME
LOANS SERVICING, LP ,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. A/K/A MERSCORP HOLDINGS,
INC. COLLECTIVELY KNOWN AS MERS

\*
\*
\*
\*
\*
\*

**Civil Action No. : 2014CV249678**

---

## ORDER DENYING PLAINTIFF'S
## MOTION TO DISQUALIFY

    Plaintiff has moved to disqualify Counsel for Northstar Mortgage Group, LLC and J. Brian Messer. Plaintiff asserts that counsel and his firm should be disqualified from representing Defendants pursuant to Model Rule 3.7. That counsel notarizing J. Brian Messer's verification of the discovery responses conflicts with the motion for relief from entry of default which was filed in U.S. District Court for Northern District of Georgia. That counsel misrepresented to the Court J. Brian Messer's role with the Northstar Mortgage Group, LLC. That counsel or the firm may be called as a witness against the Defendants. In support of his motion Plaintiff relies upon (1) his affidavit; (2) J. Brian Messer's Verification of Northstar Group, LLC 's Discovery Responses (Exhibit "1"); (3) J. Brian Messer on behalf of Northstar Mortgage Group, LLC's Motion for Relief from Entry of Default (Exhibit "2"). Defendants in their response to the motion assert that J. Brian Messer is a founding member of Northstar Mortgage Group, LLC with knowledge of the day to day activities, however he has never served as president of Northstar Mortgage Group, LLC. Defendants further assert they did not misrepresent the role of J. Brian Messer with Northstar Mortgage Group, LLC.

    Georgia State Bar Rule 4-102, RPC Rule 3.7 states " **(a)** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. **(b)** A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." Notarizing a verification and signing of pleadings by counsel does not violate Georgia State Bar Rule 4-102, RPC Rule 3.7. Further, the Court finds nothing in the record to support Plaintiff's assertion that the verification and pleading filed in the District Court are misleading or deceiving. Finally, Plaintiff has failed to demonstrate that counsel and/or his law firm would be a necessary witness in this matter. Consequently, Plaintiff's motion to disqualify is Denied.

So **ORDERED** this _2/_ day of _April. 20_.

**Judge Constance C. Russell**
**Fulton County Superior Court**
**Atlanta Judicial Circuit**

Steven J. Flynn Esq.
MCCALLA RAYMER, LLC
1544 Old Alabama Road
Roswell, GA 30076

Keith Thomas ProSe
ProSe
P.O. Box 960242
Riverdale, GA 30296