**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 2 9 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

KEITH THOMAS,

      Plaintiff,

v.

BANK OF AMERICA, N.A.,
et al.,

      Defendants.

Civil Action File No.
1:21-cv-03369-WMR

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT RUBIN LUBLIN, LLC'S MOTION TO DISMISS</u>

NOW COMES Keith Thomas, plaintiff in the above action before the court do respond to and object to Defendant Rubin Lublin, LLC's motion to dismiss and state the following;

**Defendant Rubin Lublin, LLC's Statement of Facts Are Incorrect;** Defendant Rubin Lublin, LLC's description of the plaintiff as a "Serial Litigator who has been mounting baseless challenges to try to avoid foreclosure for over a decade." Is as far from the truth as night is from day. The fact is, the plaintiff is a victim of a massive fraudulent scheme that has been perpetrated against the general public, mostly African Americans and other people of color that this defendant is the most recent to join into as

1

none of his facts are correct, including his so called statement that "The Plaintiff obtained the mortgage loan at issue in 2007 from Northstar Mortgage Group, LLC [Northstar] [See Doc.1] at ¶ 9. To secure repayment of this loan, the Plaintiff conveyed the real property located at 2655 West Road, Riverdale, Georgia 30296 to Mortgage Electronic Registration Systems, Inc. as nominee for Northstar, its successors and assigns, via security deed recorded on June 25, 2007, in Deed Book 45245, Page 448, Fulton County, Georgia records (the Security Deed").

In this recital, defendant Rubin Lublin, LLC's version of the alleged transfer of any rights from Northstar to Mortgage Electronic Registration Systems, Inc. [MERS] was only valid during the time frame that Northstar remained a VALID and LICENSED corporation in Georgia. Beyond the point in time that Northstar ceased to exist, there are no operations of either state or federal that supports a NOMINEE having any financial powers or legal powers to act on the behalf of the person or company which that Nominee is alleged to be acting in the behalf of. According to "Investopedia" the only available legal definition for "Nominee" is as follows; "A nominee is a person or firm whose name is titled on securities or other property to facilitate certain transactions or transfers while leaving

2

the original customer as the actual legal owner, in this way, a nominee can serve as a CUSTODIAN". *See Investopedia….August 14, 2021, fact check by Yarilet Perez..* Additionally, the term Nominee according to (Black's Law Dictionary 1076 [8[th] ed 2004]). Described the word "Nominee" as "[a] person designated to act in place of another, usually in a very limited way" or "a party who holds bare legal title for the benefit of others.". "This definition suggests that a nominee possesses few or no legally enforceable rights beyond those of a principal whom the nominee serves."

Defendant Rubin Lublin's recital of the account of events that took place on or around June 12, 2007 to be that this plaintiff assigned a financial interest over to MERS  or either that Northstar Mortgage Group, LLC assigned a financial interest over to MERS by and through MERS being named as a Nominee to act on the behalf of Northstar.  This entire notion is not only false, but it is impossible given that MERS had no financial interest within the entire transaction and the only event that took place, according to the actual signed contract, was that Northstar Mortgage Group, LLC identified MERS to act as an Agent on their behalf during the lifetime or existence of their business operations.  According to all documented definitions for the word "Nominee", at most, a Nominee's ability to act on

the behalf of the actual owner only exists during the life span of the actual owner. Basically, the same as the identified powers of a person acting as a "Power of Attorney" on the behalf of another person. Whenever the person becomes deceased, the Power of Attorney dies along with that person. According to Blacks Law Dictionary, a Power of Attorney is "An Instrument authorizing to act as the agent or attorney of the person granting it." If the person ceases to exist, the power to act no longer exists. *"Marque and Reprisal to Minister Maxim* – The Foundations of Equity, "He Who Seeks Equity Must Do Equity." "He Who Comes Into Equity Must Come With Clean Hands." – "Equity follows the Law.", "Equity Acts Specifically." "Equity Regards substance rather than form."

In this instant case, Defendant Rubin Lublin, LLC is seeking to portray MERS as if they walked into the room, was granted a financial interest into the transaction between this plaintiff and Northstar and on or around August 23, 2010, MERS assigned their equity or financial interest within the plaintiff's property over to Bank of America, N.A. and the on or about December 19, 2011 MERS assigned an alleged Corrective Assignment over to Bank of America, N.A. . Again, this entire scenario is impossible because MERS had no financial interest or "Equity" within the initial

4

transaction in the first place coupled with the fact that Northstar did not exist as a legal entity after January 9, 2010.  The only operation of authorization [if any] that MERS could act in was as an Agent on the behalf of Northstar during the 2 and a half years following the June 12, 2007 transaction between this plaintiff and Northstar.  As this defendant have acknowledged, the 11th Circuit have ruled that a party not involved in a transaction [Contract or Document Signing] is basically a stranger to the transaction.  In this case, MERS is a total Stranger to any and all financial elements of any transactions between this plaintiff and Northstar.  *See Morgan Chase Bank, N.A.,* 783 S.E. 2d 614, 620 (Ga. 2016).  This principal equally applies to MERS in this instant case given that MERS was not present and in the room on the day that the contract was signed between this plaintiff and Northstar and also because MERS had no financial interest within the transaction whatsoever, MERS is a total Stranger to the referenced transaction and only was authorized to act as an AGENT or NOMINEE on the behalf of Northstar prior to Northstar becoming non-existent.

Given that defendant Rubin Lublin, LLC have admitted that they are fully aware of all of the events leading up to or prior events leading up to the filing of this present lawsuit, then they should also be fully aware of the fact

5

that each and every Judge assigned to all of plaintiff's previously filed lawsuits had a financial and or contractual interest in written form, such as a contract or mortgage contract and also that each one of them stood to benefit in the outcome one way or another in each of the cases filed by this plaintiff. *See Copies of mortgage contracts expressing a financial interest between each of the Judges both State and Federal that were assigned to the plaintiff's previously filed cases attached hereto as Plaintiff's Exhibits "1", "2", "3" and "4".*

Additionally, Defendant Rubin Lublin, LLC was aware or should have been aware of the fact that the Federal Judicial Canons of Ethics as well as Georgia's Judicial Canons of Ethics identify this type of behavior, on it's face, to be illegal and evidence of bias and prejudice to the detriment of an opposing party such as in this instant case as each of the Judges were influenced to rule against this plaintiff.

Defendant Rubin Lublin, LLC attempts to discount the facts as they actually happened in 2010 by indicating that the plaintiff did not have an injunction hearing before Judge James R. Saca and that the only set of events that took place was that the plaintiff filed bankruptcy and the automatic stay kicked in preventing a foreclosure from Bank of America.

6

N.A.. The facts are actually as the plaintiff stated them to be within his lawsuit before this court and if necessary, Judge Saca needs to be called as a witness as to what actually took place on that day in his courtroom.

**Plaintiff's Claims Are Not Barred By The Doctrine Of Res Judicata;** Defendant Rubin Lublin, LLC is also aware or should be aware of the fact that in order for this action to barred due to Res Judicata the same exact litigation must be the subject of this lawsuit and the same exact defendants had to be named to this lawsuit, on the contrary, this lawsuit does not litigate the same exact issues and it does not name the same exact defendants as evidenced that Rubin Lublin, LLC is named as a defendant. This defendant's recital of the requirements for Res Judicata to be invoked are totally without merit and can not be accepted by this court as a matter of law.  It is quite clear that the plaintiff have never initiated a lawsuit against Rubin Lublin, LLC at any point in time in the past other than this specific lawsuit, accordingly, Res Judicata does not apply for any claims alleged by this plaintiff between the plaintiff and Rubin Lublin, LLC.

**Defendant Rubin Lublin, LLC's Claim That The Plaintiff Lacks Standing To Challenge Any Assignment Of His Security Deed Is Without Merit Given That The Entire Process Was and Is Rooted In**

7

**Fraud;**  As previously stated, this defendant have mischaracterized the truth by refusing to admit that MERS had no financial interest within the plaintiff's residential property on August 23, 2010, and also that each and every Judge assigned to adjudicate plaintiff's lawsuit(s) all had a financial interest in the outcome of plaintiff's case and that financial interest more than likely motivated the adverse rulings made against the plaintiff, and also that Rubin Lublin, LLC was already fully aware of these facts prior to having mailed a letter to this plaintiff claiming to have to the authority to initiate a foreclosure against this plaintiff on the behalf of Bank of America, N.A. when there is no legal contract that has ever existed between this plaintiff and Bank of America, N.A.

O.C.G.A. 44-14-162 through 44-14-162.4 provides that in Georgia, only the Lender or legal title owner have the authority to conduct a non-judicial foreclose on a residential property if the mortgage agreement have the "Power of Sale Clause" specifically spelled out within the wording of it. In 2010, Bank of America, N.A. did not have a signed mortgage contract identifying this plaintiff as owing Bank of America any amount of money in the form of a mortgage against plaintiff's residential property then nor do they have one now.

8

Evidence of the U.S. Magistrate Judge's shifting opinions in favor of Bank of America, N.A. is displayed on page 24 thru 29 of docket number 117 of the first civil action filed by this plaintiff against Bank of America, N.A. where Judge Baverman appeared to "truthfully" indicate that there was no physical evidence that places this plaintiff and Bank of America, N.A. into any financial obligation what so ever. Bank of America offered NO EXPLANATION as to how they acquired the Note, or how they were able to first initiate their First attempted foreclosure against this plaintiff. *See copies of pages 24 thru 29 of docket #117 of Thomas v. Bank of America, N.A. et al, case no. 1:11-00391-WSD-AJB in the U.S. dist. Ct. ndga attached hereto as Plaintiff's Exhibit "5".*

**Plaintiff Has Stated A Claim For Civil Rights;** As stated in the response to Defendant McGuire Woods, LLP's motion to dismiss with prejudice, the plaintiff re-assert the same exact reasons and standards as the grounds as to why the plaintiff have in fact stated a claim for a violation of his civil rights under The Civil Rights Act of 1866. *See plaintiff's response to Defendant McGuire Woods, LLP's Motion to Dismiss with prejudice filed into this case on 10/29/2021.*

Additionally, Defendant Rubin Lublin, LLC made a conscious

9

decision to represent Bank of America, N.A. for the purposes of initiating a purported non-judicial foreclosure against this plaintiff's residential property, however, given that this defendant appears to have known the entire history of events between Bank of America, N.A. and this plaintiff, they willfully entered into an agreement that they knew or should have known was motivated for reasons other than money owed given that this plaintiff do not owe Bank of America any money and also given that there is no physical contract signed by this plaintiff to Bank of America that would justify Rubin Lublin, LLC to demand any amount of money from this plaintiff.

The fact that the plaintiff is a member of the African American race and based on the fact that the plaintiff have not been able to sell, convey or transact any business concerning his residential property as a direct result of the fraudulent assignment document that Rubin Lublin, LLC is aware of, that justifies the plaintiff's claim that Rubin Lublin, LLC willfully agreed to engage into act that they knew or should have known violated this plaintiffs rights as an African America citizen.

This defendant cited several cases citing 42 U.S.C. § 1983 indicating that the statue of limitations had already ran. This is incorrect first because

the plaintiff did not cite 1983 as a basis within the jurisdiction of this lawsuit for the court to consider nor did the plaintiff cite 1983 as the grounds for discrimination. For these reasons, this defendant is incorrect as to their indication that the statue of has ran already.

As to this defendant's assumption that the plaintiff can not show that Bank of America has targeted African Americans, the plaintiff again references his responses to Defendant McGuire Woods, LLP's Motion to Dismiss where the plaintiff has pointed to an AJC news article that identifies this fact in more details.

**Plaintiff Has Stated A Claim For Mail Fraud And RICO;** For the same exact reasons stated within plaintiff's response to Defendant McGuire Woods, LLP's motion to dismiss, the plaintiff re-asserts the same exact reasoning as his response to this assertion made by this defendant. *See Plaintiff's response to Defendant McGuire Woods, LLP's Motion to Dismiss With Prejudice filed into this case on 10/29/2021.*

This defendant's decision to mail a letter to the plaintiff incorporates them into the overall scheme that the plaintiff have fully outlined within the above referenced response to Defendant McGuire Woods, LLP. For the sake of not sounding redundant, the plaintiff respectfully ask the court to

11

attribute each and every set of events, grounds and responses to the plaintiff's already filed response and apply those events, grounds and responses to this set of defendants as they are a continuation of the same set of events.

**Plaintiff Has In Fact Stated A Claim For Fraud And Civil Conspiracy Against This Defendant;** The plaintiff re-asserts the same set of grounds, events and responses made against Defendant McGuire Woods, LLP against this defendant for the same exact reasons. Additionally, this set of defendants decision to represent Bank of America, N.A. in another fraudulent foreclosure speaks as evidence to both fraud and also to civil conspiracy. Additional evidence of fraud involving this set of defendants is the fact that Rubin Lublin, LLC's decision to agree with Bank of America, N.A. to proceed against this plaintiff with a fraudulent assignment document for the purposes of fraudulently taking the plaintiff's house is more than fraud, it's criminal. Same reasoning for the civil conspiracy, the law only require two or more individuals to participate in an unlawful act in a lawful manner to achieve an unlawful outcome. This is exactly what this defendant and Bank of America, N.A. is attempting to do.

For the reasons stated within this response and for others that the

12

plaintiff can present after discovery, the plaintiff respectfully request that

this court deny Rubin Lublin, LLC's motion to dismiss.

10-29-2021

Keith Thomas, plaintiff
P.O. Box 960242
Riverdale, GA  30296
404-8838-0394

**PLAINTIFF'S EXHIBIT "1"**

Nm: KEITH THOMAS  DocCpy-I CFN DE2008-0120676  ORB DE BK46760-PG0483  Pgs 1-1  Instr:CANC SD Page : 1 of 1

Deed Book 46760 Pg  483
Filed and Recorded May-20-2008 10:43am
2008-0120676
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Recording Requested By: BRANCH BANKING & TRUST CO.
When Recorded Return To: WILLIAM S DUFFEY JR, 43 IVY CHASE NE, ATLANTA, GA 30342-0000

## DISCHARGE OF DEED TO SECURE DEBT

BRANCH BANKING & TRUST CO. #:00006991421384 "DUFFEY" Lender ID:A07/615/476554357  Fulton, Georgia
MERS #: 100159969914213841  VRU #: 1-888-679-6377

**Prepared By:  Betty Nelson,  BRANCH BANKING & TRUST CO. PO BOX 2127, GREENVILLE, SC  29602-2127**
**800-295-5744**
The indebtedness referred to in that certain Deed to Secure Debt from WILLIAM S. DUFFEY JR. , A MARRIED MAN
BETSY B. DUFFEY to PREMIER ALTANTA MORTGAGE COMPANY, Dated:  10/10/2007  and filed of record on
10/19/2007  in Book/Reel/Liber: 45859,  Page/Folio: 478, of the office of the Clerk of the Superior Court of Fulton
County, Georgia  as Instrument No.: 2007-0297161 having been paid in full and cancelled by the undersigned on the
date shown below and the undersigned being the present record holder and owner of such deed; or the undersigned
being the present owner of such secured interest by virtue of being the original grantee or the heir, devisee,
executer, administrator, successor, transferee or assignee, or the servicing agent to whom indebtedness was paid
on behalf of or by grantor, the Clerk of such Superior Court is authorized and directed to cancel that deed of record,
as provided in Code Section 44-14-4 of the O. C. G. A. for other mortgage cancellations.

Property Address: 43 IVY CHASE NE, ATLANTA, GA  30342

In witness whereof, the undersigned has set hand and seal.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
On May 13th, 2008

By: _____
MARCIA L PRIDGEON, Assistant
Vice-President

WITNESS                                          WITNESS
_____                 _____

STATE OF South Carolina
COUNTY OF Pickens

On May 13th, 2008, before me, DANA M HART, a Notary Public in and for Pickens County, in the State of South
Carolina, personally appeared MARCIA L PRIDGEON, Assistant Vice-President, personally known to me (or proved
to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and
that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.WITNESS my hand and official seal.

WITNESS my hand and official seal,

_____
DANA M HART
Notary Expires: 07/23/2012

                                          (This area for notarial seal)

*BN*BNBBNT*05/13/2008 10:19:02 AM* BBNT01BBNT0000000000000000399705* GAFULTO* 000006991421384 GASTATE_MORT_REL **BNBBNT*

Nm: KEITH THOMAS  DocCpy-I CFN DE1999-0064243  ORB DE BK26684-PG0035  Pgs 1-1  Instr:QCD Page : 1 of 1

GEORGIA, FULTON COUNTY
FILED AND RECORDED

1999 APR -1  AM 8 30

JUANITA HICKS
CLERK, SUPERIOR COURT

**QUIT-CLAIM DEED FOR RELEASE OF DEED TO SECURE DEBT.**

STATE OF GEORGIA, <u>FULTON</u>, County.

THIS INDENTURE, made the <u>18</u> day of <u>March</u> in the year <u>1999</u>, between <u>Countrywide Home Loans, Inc. (fka Countrywide Funding Corporation)</u> as party or parties of the first part, hereinafter called Grantor, and
WILLIAM S DUFFEY, JR.

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH: That the Grantor for and in consideration of the sum of ONE AND NO/100 DOLLAR ($1.00) AND OTHER GOOD AND VALUABLE CONSIDERATION, cash in hand paid, the receipt of which is hereby acknowledged has bargained, sold, and does by these presents bargain, sell, remise, release and forever quit claim to Grantee the interest of Grantor arising solely by virtue of the lien of that certain Deed to Secure Debt from
WILLIAM S DUFFEY, JR.

to <u>PREMIER ATLANTA MORTGAGE</u> dated <u>06/21/1993</u> securing payment of <u>$331,000.00</u> and recorded in Deed Book <u>16943</u>, Page <u>300</u>, <u>Fulton</u> County, Georgia Records, in and to the following described real property, to wit:
<u>As described in said Deed of Trust/Mortgage.</u>
with all the rights, members and appurtenances to the said described premises in anywise appertaining or belonging.

TO HAVE AND TO HOLD the said described premises unto the Grantee so that neither the said Grantor, nor any other person or persons claiming under Grantor shall at any time claim or demand any right, title or interest to the aforesaid described premises or its appurtenances.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written.

Signed, sealed and delivered in presence of

_Petalina Haswell_
Witness: Petalina Haswell

Countrywide Home Loans, Inc. (fka Countrywide Funding Corporation)

By: _David Teague_
David Teague
Assistant Secretary

_Kawonna Y. Reeves_
Kawonna Y. Reeves, Notary Public
My commission expires: 03/01/2003

KAWONNA Y. REEVES
Notary Public
STATE OF TEXAS
My Comm. Expires 03-01-2003

CORP. SEAL

BOOK 26684 PAGE 035

Mail Recorded Satisfaction To:
WILLIAM S DUFFEY, JR.
4825 FRANKLIN POND NE
ATLANTA        GA 30342

Document Prepared By:
Rose Rich
6400 Legacy Drive
MSN PTX-41, Plano, TX  75024

CHL Loan # 8150516

*(printed vertically in left margin)* CROSS REFERENCE

Nm: KEITH THOMAS  DocCpy-I CFN DE2005-0489247  ORB DE BK41584-PG0694  Pgs 1-1  Instr:CANC SD Page : 1 of 1

```
Deed Book 41584 Pg  694
Filed and Recorded Dec-21-2005 04:34pm
           2005-0489247
        Juanita Hicks
     Clerk of Superior Court
     Fulton County, Georgia
```

Recording Requested By: BRANCH BANKING & TRUST CO.
When Recorded Return To:  MORRIS & SCHNEIDER (GA- ATLANTA) 5163 ROSWELL RD, ATLANTA, GA  30342

### DISCHARGE OF DEED TO SECURE DEBT

BRANCH BANKING & TRUST CO. #:000006990931222 "DUFFEY"   Lender ID:005/002/6990931222   Fulton, Georgia
MERS #: 100159969909312228  VRU #: 1-888-679-6377

**Prepared By:  Margarita Martinez,  BRANCH BANKING & TRUST CO. PO BOX 2127, GREENVILLE, SC 29602-2127 800-295-5744**
The indebtedness referred to in that certain Deed to Secure Debt from BETSY BYARS DUFFEY AND WILLIAMS S DUFFEY, JR. to PREMIER ATLANTA MORTGAGE COMPANY, Dated: 01/05/2004  and filed of record on 01/27/2004  in Book/Reel/Liber: 36944,  Page/Folio: 257, of the office of the Clerk of the Superior Court of Fulton County, Georgia  as Instrument No.: 20040026768 having been paid in full and cancelled by the undersigned on the date shown below and the undersigned being the present record holder and owner of such deed; or the undersigned being the present owner of such secured interest by virtue of being the original grantee or the heir, devisee, executer, administrator, successor, transferee or assignee, or the servicing agent to whom indebtedness was paid on behalf of or by grantor, the Clerk of such Superior Court is authorized and directed to cancel that deed of record, as provided in Code Section 44-14-4 of the O. C. G. A. for other mortgage cancellations.

Property Address:  4825 FRANKLIN POND ROAD, ATLANTA, GA  30342

In witness whereof, the undersigned has set hand and seal.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC SOLELY AS NOMINEE FOR BRANCH BANKING AND TRUST COMPANY
On December 9th, 2005

By: _Marcia L Pridgen_
MARCIA L PRIDGEON, Assistant
Vice-President

WITNESS                                              WITNESS
_Margarita Martinez_                                 _Margaret Trapka_

STATE OF South Carolina
COUNTY OF Greenville

On December 9th, 2005, before me, CORALIE STRUCKMAN, a Notary Public in and for GREENVILLE County, in the State of SOUTH CAROLINA, personally appeared MARCIA L PRIDGEON, Assistant Vice-President of the corporation that executed the within instrument, known to me to be the persons who executed the within instrument on behalf of the corporation herein named, and acknowledged to me that such corporation executed the within instrument pursuant to its by-laws or a resolution of its board of directors.Witness my hand and official seal.

WITNESS my hand and official seal,
_Coralie Struckman_
CORALIE STRUCKMAN
Notary Expires: 04/19/2011                                (This area for notarial seal)

**PLAINTIFF'S EXHIBIT "2"**

Nm: KEITH THOMAS  DocCpy-I CFN DE2002-0164683  ORB DE BK32482-PG0062  Pgs 1-2  Instr:WD Page : 1 of 2

Records: Last

5

Deed Book 32482 Pg      62
Filed and Recorded May-31-2002 10:46am
2002-0164683
Real Estate Transfer Tax $1.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

McCALLA, RAYMER, PADRICK, COBB, NICHOLS & CLARK
3003 SUMMIT BOULEVARD
SUITE 775
ATLANTA, GA 30319

WARRANTY DEED (FORM 36A)
Return to:
McCalla, Raymer, Padrick, Cobb, Nichols
& Clark, LL[
56 Perimeter Center East, Ste 320
Atlanta, Georgia  30346

## *WARRANTY DEED*

**STATE OF GEORGIA**
**COUNTY** of DeKalb

    **THIS INDENTURE,** made the      21st      day of      December      , in the year
two thousand  One     , between

                    Alan J. Baverman

of the County of      Fulton                    , and State of Georgia, as party or parties of the first part,
hereinafter called Grantor, and

                    Elida Baverman

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to
include their respective heirs, successors and assigns where the context requires  or permits).
    **WITNESSETH:** That Grantor for and in consideration of the sum of  **TEN AND NO/100
DOLLARS  ($10.00)  AND OTHER GOOD AND VALUABLE CONSIDERATION,**
in hand paid at and before the sealing and delivery of these presents, the receipts whereof is hereby
acknowledged, has granted, bargained, sold,  aliened, conveyed and confirmed, and by these presents does
grant, bargain, sell, alien, convey and confirm unto the said Grantee,

    All that tract or parcel of land lying and being in Land Lot 132 of the 17th District of Fulton County,
Georgia, being Lot 35, Block A of Rivershore Estates Subdivision, Unit Nine, as per plat recorded in Plat
Book 92, Page 44, Fulton County Records, which plat is incorporated herein by reference and made a part
hereof.

This conveyance is made subject to that certain loan deed from Alan J. Baverman
and Elida Baverman to Greater Atlanta Mortgage Co., dated 12/21/02, filed and
recorded in Fulton County Records, in the original amount of $140,000.00., and
that certain loan deed from Elida Baverman to Wachovia Bank of Georgia, N.A., dated
10/3/96, filed 10/30/96 and recorded in Deed Book 21734, page 35, said records,
in the original amount of $225,000.00.

Nm: KEITH THOMAS  DocCpy-I CFN DE2002-0164683  ORB DE BK32482-PG0062  Pgs 1-2  Instr:WD Page : 2 of 2

Deed Book 32482 Pg    63
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

**THIS CONVEYANCE** is made subject to all zoning ordinances, easements and restrictions of record affecting said described property.

**TO  HAVE AND TO HOLD** the said described property, with all and singular the rights, members and appurtenances  thereof, to the same being, belonging, or in anywise appertaining, to the only proper  use, benefit and behoof of the said Grantee  forever in **FEE SIMPLE.**

**AND THE SAID** Grantor will warrant and forever defend the right and title to the said described property unto the said    Grantee against the claims of all persons whomsoever.

**IN WITNESS WHEREOF,** the Grantor has signed and sealed this deed, the day and year above written.

Signed, sealed and delivered in the presence of:

_____
Witness

_____
Notary Public

_____ (Seal)
Alan J. Baverman

_____ (Seal)

_____ (Seal)

_____ (Seal)

Deed Book 32482 Pg 58

Exhibit "A"

All that tract or parcel of land lying and being in Land Lot 132 of the 17th District of Fulton County, Georgia, being Lot 35, Block A of Rivershore Estates Subdivision, Unit Nine, as per plat recorded in Plat Book 92, Page 44, Fulton County Records, which plat is incorporated herein by reference and made a part hereof.

Nm: KEITH THOMAS  DocCpy-I CFN DE2002-0164680  ORB DE BK32482-PG0044  Pgs 15-16  Instr:SD Page : 2 of 2

GEORGIA - 
**McCALLA, RAYMER, PADRICK, COBB, NICHOLS & CLARK**
3003 SUMMIT BOULEVARD
SUITE 775
ATLANTA, GA 30319

GRANTOR:   ALAN J. BAVERMAN and ELIDA BAVERMAN

LENDER:   Greater Atlanta Mtg. Co.

DATE OF SECURITY DEED:   December 21, 2001

Deed Book 32482 Pg    59
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) **WAIVES** ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

Signed, Sealed and delivered in the presence of:

_____ (Seal)
ALAN J. BAVERMAN          -Grantor

_____ (Seal)
ELIDA BAVERMAN            -Grantor

_____ (Seal)
                         -Grantor

_____ (Seal)
                         -Grantor

KENNETH E. RAIMER
NOTARY
EXPIRES
GEORGIA
APR. 05, 2005
PUBLIC
COBB COUNTY

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn to and subscribed before me

on the date set forth above.

_____
Closing Attorney

KIM WESTCOTT
MY COMMISSION EXPIRES
APRIL 5 2003
COBB COUNTY, GA
NOTARY PUBLIC

## FORECLOSURE CLOSING DISCLOSURE

O.C.G.A. Section 7-1-1014(3) requires that we inform you that if you fail to meet any condition or term of the documents that you sign in connection with obtaining a mortgage loan you may lose the property that serves as collateral for the mortgage loan through foreclosure.

x _____         x _____

_____           _____

**PLAINTIFF'S EXHIBIT "3"**

Nm: KEITH THOMAS  DocCpy-I CFN DE2021-0181004  ORB DE BK63715-PG0049  Pgs 1-2  Instr:CANC SD Page : 1 of 2

Deed Book 63715 Page 49
Filed and Recorded 05/06/2021 11:07:00 AM
2021-0181004
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 2755203723
7067927936

This instrument drafted by
and after recording return to:
Amanda Koss
Quicken Loans, LLC
635 Woodward Ave.
Detroit, MI 48226
800-226-6308
Tax ID Number: 14-0018-0013-037-8

## SATISFACTION OF SECURITY DEED

Loan Number: 3347052190

Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for QUICKEN LOANS INC., its successors and assigns, grantee of a certain Security Deed, bearing the date October 23, 2015, executed by CONSTANCE C. RUSSELL, A SINGLE WOMAN, to Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for QUICKEN LOANS INC., its successors and assigns, and recorded on November 12, 2015, in Book 55569, Page 392, OR Instrument No. 2015-0304084, in the office of superior court clerk of FULTON COUNTY, Georgia Records, having been paid in full and the undersigned being the present record holder and owner of such deed by virtue of being the Grantee the Superior Court Clerk is authorized and directed to cancel that deed of record as provided in Code Section 44-14-4 of the O.C.G.A. for other mortgage cancellations as to property described as

### SEE ATTACHED LEGAL DESCRIPTION

Commonly known as: 850 Ralph Mcgill Blvd Ne 38 Atlanta GA, 30306

Dated this May 3, 2021
SIGNORS:

Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for
QUICKEN LOANS INC., its successors and assigns
By: Cole Harden
Its: Assistant Secretary of MERS

WITNESSES:

Printed Name: Georgina Montoya

### NOTARY ACKNOWLEDGEMENT AND ATTESTATION

STATE OF MICHIGAN)
ss
COUNTY OF WAYNE)

On May 3, 2021, before me, Amanda Miller, the above signed officer, Cole Harden, personally appeared and acknowledged to be the Assistant Secretary of Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for QUICKEN LOANS INC., its successors and assigns and that is, authorized to, executed the foregoing instrument for the purposes therein contained, by signing in the name of the corporation by as Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for QUICKEN LOANS INC., its successors and assigns.

Notary Public, State of Michigan, County Of WAYNE
My Commission Expires: October 7, 2026
Acting in the County of Wayne

AMANDA MILLER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires October 7, 2026
Acting in the County of Wayne

MIN: 100039033470521901 MERS Phone: (888) 679-6377

q03347052190 0942 025 0101

Nm: KEITH THOMAS  DocCpy-I CFN DE2021-0181004  ORB DE BK63715-PG0049  Pgs 1-2  Instr:CANC SD Page : 2 of 2

Deed Book 63715 Page 50
CATHELENE ROBINSON
Clerk of Superior Court

# EXHIBIT A - LEGAL DESCRIPTION

Tax Id Number(s): 14 -0018-0013-037-8

Land Situated  in the City of Atlanta in the County of Fulton in the State of GA

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 18 OF THE 14TH DISTRICT, FULTON COUNTY, GEORGIA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

CONDOMINIUM UNIT 38 OF COPENHILL LOFTS CONDOMINIUM, A CONDOMINIUM, AS MORE PARTICULARLY DESCRIBED AND DELINEATED IN THE DECLARATION OF CONDOMINIUM FOR COPENHILL LOFTS CONDOMINIUM, RECORDED IN DEED BOOK 29555, PAGE 272, FULTON COUNTY, GEORGIA

THIS CONVEYANCE IS MADE SUBJECT TO THE DECLARATION AND ALL MATTERS REFERENCED THEREIN, ALL MATTERS SHOWN ON THE PLAT RECORDED IN CONDOMINIUM PLAT BOOK 13, PAGE 110, FULTON COUNTY, GEORGIA RECORDS, AND THE FLOOR PLANS RECORDED IN CONDOMINIUM FLOOR PLAN BOOK NO 7, PAGE 3, ET. SEQ., AFORESAID RECORDS.

THE PROPERTY ADDRESS AND TAX PARCEL IDENTIFICATION NUMBER LISTED ARE PROVIDED SOLELY FOR INFORMATIONAL PURPOSES.

Commonly known as:   850 Ralph McGill Blvd NE 38, Atlanta, GA 30306

**PLAINTIFF'S EXHBIT "4"**

Return To:

2100 RIVEREDGE PARKWAY, SUITE 950
ATLANTA, GA  30328

Prepared By:
LISA JERRIT
2100 RIVEREDGE PARKWAY, SUITE 950
ATLANTA, GA  30328

Return to:
Weissman, Nowack, Curry & Wilco, P.C.
5901-B Peachtree-Dunwoody Rd.
Suite 300
Atlanta, Ga. 30328
04CM-01609

Deed Book 38542 Pg   87
Filed and Recorded Sep-23-2004 01:33pm
2004-0297550
Georgia Intangible Tax Paid $2,070.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

CANC
DE Book 55250 Page 595

―――――――[Space Above This Line For Recording Data]―――――――

# SECURITY DEED

MIN   1002293-2000032322-5

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated        August 30, 2004                 ,
together with all Riders to this document.
**(B) "Borrower"** is BARRY L. ZIMMERMAN

Borrower is the grantor under this Security Instrument.
**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  **MERS is the grantee under this Security Instrument.**  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

ZIMMERMAN, BA TF                                    MIN#:        1002293-2000032322-5
**GEORGIA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**                 **Form 3011  1/01**

VMP-6A(GA) (0005).01
Page 1 of 14        MW 04/99.02    Initials: BKS        MW 05/00.01
VMP MORTGAGE FORMS - (800)521-7291

PLAINTIFF'S EXHIBIT "5"

involving MERS, reaching same conclusion under similar Oregon law); *Lomboy v. SCME Mortg. Bankers*, No. C-09-1160 SC, 2009 WL 1457738, *3 (N.D. Cal. May 26, 2009) (in case involving MERS, reaching same conclusion under similar California law).[4]

### d.   "Bank of America's" Ability to Initiate Foreclosure Proceedings

In paragraph 57 of Plaintiff's complaint, Plaintiff appears to admit that the security deed in issue here was assigned to Countrywide LP. [Doc. 1 ¶ 57 ("Bank of America relied upon a flawed security instrument that was assigned to Countrywide Home Loan Servicing LP from Northstar Home Loan Mortgaging Group.")]. In amended paragraph 12, however, Plaintiff asserts that "[t]o plaintiff's knowledge and belief, no documents exist that would transfer or assign a function to Countrywide Home Loans Servicing, LP or to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP." [Doc. 14 at 2]. To the extent Plaintiff is attempting to suggest in this amended paragraph that no assignment was ever made (valid or invalid), this is clearly inaccurate: Plaintiff himself attached a copy of the assignment to his

---

[4]   Because the assignment attached to Plaintiff's complaint purports to assign the security deed to BAC, not Countrywide LP, the undersigned does not address Plaintiff's assertions related to the document from the Secretary of State of Texas indicating that Countrywide LP changed its name to BAC.

AO 72A
(Rev.8/8
2)

original complaint.  That document indicates that the security deed was assigned from

MERS ("solely as nominee for Northstar Mortgage Group LLC") to "BAC Home

Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P." [Doc. 1-2 at 2].

It is therefore difficult to conclude anything other than that an assignment of the deed

was made to BAC.[5]  Further, the fact that the recording of the assignment was made

after the initiation of foreclosure proceedings does not invalidate those proceedings.

As the Bank Defendants note, [Doc. 8 at 13-14; Doc. 19 at 8], under Georgia law, "[t]he

security instrument or assignment thereof vesting the secured creditor with title to the

security instrument shall be filed *prior to the time of sale* in the office of the clerk of

the superior court of the county in which the real property is located." O.C.G.A. § 44-

14-162(b) (emphasis added).  Thus, as long as the sale has not been consummated, the

---

[5]     Plaintiff may simply have intended to suggest that while a document purporting to be an assignment exists, it is fraudulent or otherwise invalid.  [*See*, *e.g.*, Doc. 1 ¶ 11].  One of the arguments to this effect made in Plaintiff's response to the motion to dismiss is that the assignment was invalid because the Bank Defendants "can prove no set of facts" that would make the McCalla Raymer attorney who signed the security-deed assignment "both an officer for Northstar and for MERS." [Doc. 12 at 9].  As the Bank Defendants note, however, [Doc. 19 at 11], MERS members may have a person on their staff become a certified MERS office with the authority to sign on behalf of MERS, *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 491 (Minn. 2009).  In any event, for the reasons explained further below, Plaintiff's fraud claims fail.

AO 72A
(Rev.8/8
2)

initiation of foreclosure proceedings is not hindered by the fact that the recording of the assignment (if valid) was not made until after that initiation.

Plaintiff did not merely suggest that any assignment was invalid because it was recorded after the initiation of foreclosure proceedings, however. Separate from the recording issue, in paragraph 34 Plaintiff also asserts that "Bank of America" did not have an assigned interest at the time of the institution of the foreclosure proceedings. [*See* Doc. 1 ¶ 34 ("Bank of America did not possess any documents assigning an interest to them from any person or party into plaintiff's property prior to the commencing of the wrongful foreclosure proceedings which were initiated on or about June 10, 2010")]. Notably, not only was the recording of the assignment of the security deed not made until after the initiation of the foreclosure proceedings, but it also appears that the assignment itself was not made until thereafter. Plaintiff refers variously to June and July as the time when those proceedings were instituted, [*see* Doc. 1 ¶¶ 2 (July 4), 5-6 (June 10), 16 (June 10), 33 (July 4), 34 (June 10), 38 (June 10), 57-58 (June), 65-66 (June 1), 69 (June 10), 71 (June)] – and the Bank Defendants do not contest this, [*see* Doc. 8 at 3 & n.3, 4, 12, 22] – yet the assignment of the security deed attached to the complaint was not executed until August 23, 2010, [Doc. 1-2 at 3], which by itself might suggest that Plaintiff is correct that "Bank of

26

America" did not have the authority to initiate foreclosure proceedings.[6]  With his response to the motion to dismiss, however, Plaintiff attached a notice from Northstar dated June 12, 2007, indicating that the servicing rights to Plaintiff's account were being transferred to Countrywide Inc. effective August 1, 2007.  [Doc. 12 at 21; 12-1 at 2].  Another document, undated, indicates that the loan account would be transferred to Countrywide Inc. effective August 1, 2007.  [Doc. 12 at 23; 12-1 at 4].

These earlier documents indicating an assignment raise questions that do not appear to have been completely answered by the parties.  For example, it appears that Countrywide Inc. received an assignment of servicing rights effective August 1, 2007, but it is unclear if and when those rights were transferred to other parties, much less the party to whom they were transferred.  It is also unclear how Countrywide Inc. relates to Countrywide LP or Countrywide FSB, or whether one of the present defendants is a successor-in-interest to Countrywide Inc.  The parties do not appear to address these questions in any significant detail.  Plaintiff provides a case from the U.S. Bankruptcy Court for the District of New Jersey that he claims proves that Countrywide Inc. and

---

[6]    The Bank Defendants do not discuss or even note this potential problem, and instead they simply cite paragraph 57 of the complaint as an admission that the security instrument was assigned to Countrywide LP, which later became BAC, [*see* Doc. 8 at 12-13].

27

the authority to initiate foreclosure proceedings in this case.[8]   As will be explained below, however, all but one of the claims relevant to the assignment fail regardless of the time any assignments were made,[9] although some admittedly fail only because they were insufficiently pleaded.

### 2.    The Merits of Plaintiff's Claims

#### a.    Wrongful Foreclosure

"  'Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages.' " *DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 448, 662 S.E.2d 141, 147 (2008) (quoting *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004)).   A foreclosing party has the duty to exercise fairly the power of sale in a deed to secure a debt under O.C.G.A. § 23-2-114.   *See Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 285, 443 S.E.2d 837, 838 (1994).   Thus, there is

---

[8]    For this reason, and also because the argument was not raised in Plaintiff's complaint, the undersigned will not address Plaintiff's assertion that Northstar was a mortgage underwriter – not a "secured lender" – and therefore did not have the authority to assign the security deed to MERS, [*see* Doc. 12 at 12].

[9]    The exception is the FDCPA claim, which is the sole claim that the undersigned concludes survives the motion to dismiss.

AO 72A
(Rev.8/8
2)