

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 2 9 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRCT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KEITH THOMAS,

      Plaintiff,

NO.

v.

BANK OF AMERICA, N.A. et al.,

      Defendants.

CIVIL ACTION FILE

1:21-cv-03369-WMR

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MCGUIRE WOODS, LLP JOINT MOTION TO DISMISS WITH PREJUDICE ON THE BEHALF OF BANK OF AMERICA, N.A. AND MERSCORP HOLDINGS, INC

NOW COMES Keith Thomas, plaintiff in the above action before the court do respond to the above defendants' joint motion to dismiss with prejudice and support his response with facts, evidence and citations of law in support and state the following;

**Objection;** Plaintiff objects to the court permitting defendant McGuire Woods, LLP, a defendant to this present action before the court, to act, file, respond to, and to submit any documentation on the behalf of any of the other jointly identified defendants within the above captioned title or on the behalf of any other defendant named to this present action before this

1

court on the basis that the plaintiff has a right to the equal protection of laws

and the due process of law, both state and federal, as it is clear that McGuire

Woods, LLP [a law firm] consist of licensed attorneys, and the plaintiff is

entitle to demand discovery from any of McGuire Woods' attorneys at any

point in time during the course of this matter before this court, additionally,

the plaintiff have already submitted a motion to disqualify counsel outlining

multiple point of known and accepted law, rules of law and multiple grounds

already laid out by both Georgia advocacy standards and national advocacy

standards identifying specific rules, moreover and specific, 3.7a that clearly

prevents a lawyer from representing any party within any ongoing

proceeding before any court in which he or she may be called to be a fact

witness, accordingly, this ground as well as the multiple other grounds are

supporting factors that the plaintiff respectfully remind the court as to why

this present motion should be strickend from the records of this present case

on a basis that one or all of the grounds already set out by the plaintiff within

the pending motion to disqualify are sufficient enough to support this

additional objection made now concerning defendant McGuire Woods, LLP

[or any attorney acting on their behalf either by employment or by

appointment].  For the court to permit this present motion to dismiss with

2

prejudice to proceed will be a clear violation of the plaintiff's rights to equal

protection of laws and a violation of the plaintiff's rights to the equal

protection of laws in all aspects of the proceedings now before this court for

the matters at hand.

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT SERVES AS ADDITIONAL PROOF OF RICO ACTIVITY ON THE PART OF THE DEFENDANTS AND OTHERS INVOLVED

Defendant McGuire Woods, LLP [by and through one of their

attorneys] have provided this court with an 8 and a half page summation of

their version of events that allegedly took place from around May 2010 up

and through the filing of this present case now before this court, however,

they have failed to present any evidence [physical or otherwise] that can

provide the court with (1) any types of mortgage contract(s) that have

allegedly been signed by this plaintiff and any of the defendants named to

this lawsuit agreeing to pay any amounts of money to them, (2) any

documents that serves in support of MERS, Bank of America, NA or anyone

acting either separately or jointly on their behalf that would have or could

have authorized any mortgage transactions in the name of Northstar

Mortgage Group, LLC in Georgia after Northstar Mortgage Group, LLC was

ordered The Georgia Department of Banking and Finance to cease and desist

any and all residential mortgage, buying, selling or otherwise related activity(s) in Georgia beginning in and around January of 2010. or (3) nor have they presented any documents in support that could prove to the court or to any member of the general public that the fraudulent assignment document can survive a real legal challenges before a non-biased court or before a non-biased disinterested jury.

One or several statement(s) within defendant McGuire Woods, LLP's statement of facts and procedural history may somewhat be true such as on page 4 where he states that on January 10, 2013 the Honorable United States Magistrate Judge Alan J. Baverman issued a 69 page Final Report and Recommendation finding that "Plaintiff lacks standing to challenge the Assignment of the Security Deed from MERS to BANA or it predecessors-in-interest.". and on page 5 where they state that "On February 4, 2013 the District Judge (the Honorable William S. Duffey, Jr.) adopted the Final Report and Recommendation of the Magistrate Judge and dismissed the lawsuit with prejudice." And on page 6 that the "Plaintiff filed a second Complaint with the Superior Court of Fulton County (civil action no. 2013cv227759) (Thomas#2). a complaint to quiet title and on December 2, 2014 the Court adopted the Special Master Order and dismissed the case

4

with prejudice."

Plaintiff do agree that each of the previous lawsuits filed by the plaintiff and identified within the defendants' motion were in fact dismissed regardless of whether or not they were valid lawsuits and whether or not the facts and evidence supported any of the claims made by the plaintiff, however, as with most organized activities, the predictable outcomes were mostly based upon a prevailing factor that was kept hidden from the person or entity that the adverse result befalls such as in the backdrop of the lawsuits identified by the defendant.  In this set of instances, the factor(s) were publicly hidden from the plaintiff even after extensive exhausting searches that were not able to be identified until in or around December of 2020.  The plaintiff will be describing those prevailing factors more within his argument accompanying this response.

This present lawsuit, although naming the same defendants as in the previous lawsuits, is totally different in substance, facts, evidence and seeks to identify the real issues and factors that the defendants utilized to accomplish what the plaintiff has identified to be a history of racketeering as described by federal law.

## STANDARD OF REVIEW

5

The defendants motion filed under FRCP 12b6 for failure to state a

claim upon which relief can be granted does not address which specific part

of the complaint [according to the moving counsel] that she claims have

failed to state a claim nor does it support their assertions that the claims

made within the complaint are not valid and not true based on the facts and

evidence.  Moreover and more specifically, this motion is predicated upon

(1) whether or not the defendant(s) McGuire Woods, LLP while acting on

the behalf of the other defendants identified within the motion, should be

permitted to file this present motion on the behalf of the other defendants

and not be disqualified for the reasons identified by the plaintiff within his

pending motion to disqualify.  (2) whether or not the facts and evidence that

the plaintiff is presenting with his responses to this motion in general,

establishes a pattern of obvious wrongdoing on the part of both the

defendants and others that caused and or created the succession of verdicts

that were previously decided in their favor.  (3) whether or not any part of

the plaintiff's facts evidence and supporting evidence amounts to the

uncovering of a massive scheme that has obviously been the prevailing

factor as to why these defendants have been able to have obtained any

rulings in their favor for other claims made against them in the past filings.

6

In this instant case, plaintiff outlined a brief statement of the facts relating to the August 23, 2010 fraudulent Assignment of Security Deed document that the defendants do not dispute actually exists. The defendants outlined multiple lawsuits filed by the defendants for various reasons and pointed out to the court that those previously filed lawsuits were all dismissed, however, the defendants failed to point several key and very important factors that fully explains and outline why and how it was that each of the plaintiff's previous actions against them were promptly dismissed or whether or not any of the plaintiff's facts and evidence are actually true.

Plaintiff's first injunction hearing against the bank defendants that was held before the Honorable Judge James R. Saca, United States Bankruptcy Judge, NDGA, Bank of America, was represented by McCalla Raymer, LLC. Attorneys for McCalla Raymer, LLC did not have any legal documents, any purported assignment documents nor did they have any types of mortgage contracts whatsoever that appeared to be plausible before Judge Saca. As stated within the complaint, it was at that point in time that they launched the scheme to defraud the plaintiff, Judge Saca or any other judicial body. It was also at that point in time that the plaintiff filed a

7

separate lawsuit in the district court and Judge Alan J. Baverman, U.S. Magistrate Judge, NDGA was assigned to adjudicate and recommend an outcome over the plaintiff's claims before the court. Also, the case was assigned to U.S. District Judge William S. Duffey, NDGA for final disposition. What the defendants failed to mention to this court and what the plaintiff did not actually discover until around November of 2020, is that both Judge William S. Duffey and Magistrate Judge Alan J. Baverman both had a financial interest in the final outcome of plaintiff's case(s) that were assigned to them. Additionally, counsel defendant McGuire Woods, LLP failed to state to this court that that financial interest between District Judge Duffey, Magistrate Judge Baverman and at least one of the defendants that were named within plaintiff's case(s) is that the existence of this financial interest existed and more than likely influenced the outcome of the plaintiff's case(s). This financial interest was known by McCalla Raymer, LLC, Bank of America, N.A., McGuire Woods, LLP, MERS and both of the Justices but was somehow shielded from the plaintiff.

Additionally, defendant McGuire Woods, LLP failed to mention to this court that in the Fulton County, Georgia Superior Court case(s) that were assigned to Judge Constance Russell, Superior Court Judge and also to

8

Mr. Barry Zimmerman, Special Master to plaintiff's quiet title case before the Fulton courts, that both Judge Russell and Mr. Barry Zimmerman both had a financial interest in the outcome of plaintiff's case(s) before them.

In both of the district court Judge's financial interests and also the Superior Court Judge's financial interests, this information was mostly shielded from the plaintiff for approximately 10 years beginning around 2010 up and through 2020. Plaintiff was able to obtain and discover that Mr. Zimmerman had a large mortgage contract between himself and one or more of the defendants identified within the civil action assigned to him from Judge Russell. The plaintiff did file a motion to recuse but was denied by Judge Russell. The information that the plaintiff discovered in November 2020 explains why Judge Russell and Mr. Zimmerman refused to have him removed from plaintiff's case, because Judge Russell had multiple ongoing contracts with one or more of the defendants that the plaintiff had identified within his civil action(s) assigned to her and as a result, Judge Russell and Mr. Zimmerman's final rulings within plaintiff's case(s) were influenced by the financial interest that both of them did in fact have with one or more of the defendants named to the plaintiff's case(s) before the Fulton County Courts.

9

In applying a standard of review to the defendants 12b6 motion to dismiss with prejudice, the plaintiff respectfully request that the court consider this set of facts and evidence that clearly points to a pattern of events that, on its face, appears to have been undertaken on the part of the defendants gaining them a favorable outcome with Judges and a Special Master who all had a financial interest in the outcome of plaintiff's case(s) before them.  Also, the plaintiff respectfully request that the court consider the argument supporting the existence of an element of criminality as it should be investigated.

"It is unlawful for any one employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.  *18 U.S.C.A. § 1962(c) (West 1984).* "A violation of Section 1962(c), requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Sedima, S.P.R.L. v Imrex Co.*, 473 U.S.479, 496, 105 S. Ct. 3275, 3285, 87 L., Ed. 2d 3346 (1985).

The RICO statue expressly states that it is unlawful for any person to conspire to violate any of the subsections of 18 U.S.C.A. § 1962.  The

**10**

government need not prove that the defendant agree with every other conspirator, knew all of the other conspirators, or had full knowledge of all the details of the conspiracy. *Delano,* 825 F.Supp. at 542. All that must be shown is ;(1) that the defendant agreed to commit the substantive racketeering offense through agreeing to participate in two racketeering acts; (2) that he knew the general status of the conspiracy; and (3) that he knew the conspiracy extended beyond his individual role. *United States v. Rastelli,* 870 F.2d 822, 828 (2d Cir. ), *cert. denied,* U.S. 493 U.S. 982, 110 S. Ct. 515, 107 L. Ed. 2d 516 (1989).

A RICO claim cannot exist without some nexus to interstate commerce. *18 U.S.C.A. § 1962(a) to (c); J.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 232-33 (1989). A RICO enterprise is involved in "interstate commerce" when it is itself "directly engaged in the production, distribution, or acquisition of goods and services in interstate commerce." Although the statutory language expressly requires that the "enterprise" must affect interstate commerce, courts have ruled that the interstate commerce requirement is satisfied if the activity of either the enterprise or the predicate acts of racketeering affects interstate commerce. *See DeFalco v. Bernas,* 244 F.3d 286, 309 (2d Cir. 2001); *Cowan v. Corley,* 814 F.2d 223, 227 (5th

Cir. 1987);  *United States v. Gardiner*, 463 F.3d 445, 458 (6th Cir. 2006);

*United States v. Fernandez*, 388 F.3d 1199, 1218 (9th Cir. 2004).

Courts have held that the required interstate commerce nexus is

"minimal"  It is sufficient to show the use of interstate commerce through

the use of mail, interstate wires, or other instrumentalities of interstate

commerce.  *See e.g., Haggiag v. Brown,* 728 F. Supp. 286, 295 (S.D.N.Y.

1990); *Hall Am. Ctr. Assocs. Ltd. P'ship v. Dick,* 726 F. Supp. 1083, 1091-

92 (E.D. Mich. 1989)(use of mail and interstate wires).

Criminal mail fraud involves (1) a scheme based on an intent to

defraud; and (2) the use of the mails to further that scheme.  A scheme to

defraud encompasses "act of artifice or deceit which are intended to deprive

an owner of his property or money."  The elements of mail or wire fraud

have been identified as;  (1) a plan or scheme to defraud; (2) intent to

defraud; (3) reasonable foreseeability that the mail or wires will be used; and

(4) actual use of the mail or wires to further the scheme.  *See Wisdom v.*

*First Midwest Bank, of Poplar Bluff,* 167 F.3d 402 (8th Cir. 1999).  *See also*

*In re Sumitomo Copper Litig.,*  995 S. Supp. 451, 455 (S.D.N.Y. 1998) (

noting that elements of mail fraud are more broadly defined than elements of

common law fraud).

**12**

In this instant case, the plaintiff have identified the fact that the defendants [Bank of America, N.A.] have repeatedly sent to him a series of mortgage payments demands through the U.S. Mail and have demanded money from the plaintiff for a purported mortgage that is allegedly the result of a fraudulent Assignment of Security Deed document that they [Bank of America, N.A.] had hand in the formulation of and filing into land and deeds records at the office of the Clerk of Superior Court in Fulton County, Georgia. *See Paragraph 8, pg 6 of original complaint.*

In this instant case, the plaintiff have presented multiple facts supported by evidence that warrants a reasonable uninterested person to believe that the events described within the lawsuit, actually did take place, which they in fact did. Defendant McGuire Woods, LLP have referenced the complaint to be a "shotgun pleading" as a convenient term and as another method to disguise the real facts and truths that supports the facts and evidence within plaintiff's complaint and his response identifying an identifiable financial interest held between each of the Judges assigned to plaintiff's cases that were cited and outlined by defendant McGuire Woods, LLP in their motion. Along with the supporting evidence of each of the Judges assigned to each of the cases cited within defendant McGuire Woods,

LLP's Motion to dismiss, plaintiff's complaint do in fact support the claims outlined within the complaint and the court should deny the defendant's motion to dismiss with prejudice.

## RESPONSE TO DEFENDANT'S ARGUMENT AND CITATION OF AUTHORITIES

**Plaintiff's Claims Are Not Barred By The Doctrine of Res Judicata and Are Not Barred By Collateral Estoppel;** In theory, the defendant McGuire Woods, LLP is indicating to this court that the plaintiff's complaint should be barred pursuant to Res Judicata and Collateral Estoppel, however, in order for this lawsuit to be barred via Res Judicata, this case will have to be presenting the same exact duplicate litigation before this court for a second time and that duplicate litigation will have be involving this plaintiff and the same exact parties.

That is not the case here. According to all case files that plaintiff is aware of, defendant McGuire Woods, LLP have never been granted a Final Order issued by any court in which they were named as a defendant to any lawsuit(s) filed against them by this plaintiff. The lawsuit filed on or around 26 October, 2020 that named McGuire Woods, LLP as a defendant along with several of the other defendants was dismissed for lack of subject matter jurisdiction. That was not a Final Order resulting from any litigation that

**14**

resulted in this court rendering a Judgment in favor of McGuire Woods, LLP of any of the claims made against them by this plaintiff within this present case before this court rendering Res Judicata null and void as a defense for this defendant.

According to all case files that plaintiff is aware of, defendant McGuire Woods, LLP has never been named as a defendant by this plaintiff in which (1) Issues claimed within this lawsuit were claimed within a previous lawsuit against them by this plaintiff; (2) Issues within this present lawsuit were ever purportedly litigated between this plaintiff and defendant McGuire Woods, LLP; and (3) Issues within this present lawsuit have never been necessarily been decided on the merits between this plaintiff and defendant McGuire Woods, LLP and implicated explicitly with a Final Judgment rendering the doctrine of Collateral Estoppel null and void as a defense for this defendant.

**Plaintiff's Complaint is Not a Shotgun Pleading Nor Does It Fail To Comply With Rule 8(a) As Defendant McGuire Woods, LLP Claim In Their Motion;** Plaintiff's complaint identifies 4 distinct and specific claims that are alleged against each one of the defendants named to this lawsuit.  There are no singular claims made against one specific defendant

**15**

and not against another defendant, but instead, the lawsuit states what gave rise to the lawsuit within the statement of the facts, identifies each allegation within the scope of the violations of federal laws and statues that each defendant engaged in against the plaintiff.  Given that federal courts are courts somewhat operate within the general rules of each state for which they are situated within, Georgia is a Notice Pleadings State that only require the minimal standards of notice to served upon a defendant.  *Islam v. Wells Fargo Bank, N.A.* Case No. A13A2373 (decided April 18, 2014).  In this instant case before this court, the defendants are asking this court to raise the bar and to nick pick the plaintiff's claims in a manner that would violate the plaintiff's rights to the equal protection of laws and the due process of laws so that they can escape justice.  That justice being the fact that they have participated within and facilitated an ongoing RICO enterprise against this plaintiff and more than likely many other U.S. citizens on the behalf of defendant Bank of America, N.A. for the purposes of falsely claiming ownership within, or to the minimal, a financial interest within residential and commercial property situated here within the State of Georgia.

Defendant McGuire Woods, LLP is just as guilty of having taken part within each and every allegation and cause of action alleged against them by

this plaintiff within this action before this court both jointly and or

singularly.  If this lawsuit had only named defendant McGuire Woods, LLP

as the only defendant, the allegations would be the exact same.

As this court is fully aware, in 1938, the Federal Rules of Civil

Procedure were relaxed to only require the pleadings to only emphasize in

writing in a way to notify parties of general issues in a case.  Defendant

McGuire Woods, LLP was properly served this present lawsuit and did not

indicate that they somehow did not understand the wording within the body

of the lawsuit and is fully aware that this set of transactions justify the

plaintiff and the courts being able to state to a certainty that they [defendant

McGuire Woods, LLP] do in fact have a full understanding that a lawsuit

has been filed against them and they are defendants named within that

lawsuit.

In this lawsuit, the 4 causes of action giving rise to claims for relief

alleged against defendant McGuire Woods, LLP are in fact supported with

physical documents of evidence and also in response to this defendant's

motion to dismiss, additional evidence is now being submitted that also

supports the allegations made within the complaint.  This set of physical

documents and evidence should be sufficient enough to state to the court that

the plaintiff is entitle to relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).

**Plaintiff's Complaint Do In Fact State A Claim For Violation of The Civil Rights Act of 1866;** Plaintiff is in fact a Black African American Honorable U.S. Army Veteran who in fact earned certain rights by virtue of both being a U.S. Citizen and also by being a person identified within the Black African American race.  Although the requirements for a citizen to invoke a complaint or claim by and through the Civil Rights Act of 1866 do not only apply to Black African Americans, the discrimination factor primarily gives rise to the claims made here by the plaintiff given certain factors as outlined within the complaint.  One of those factors is that the defendant [Bank of America, N.A.] has a proven track record within the metro-Atlanta, Georgia area of initiating non-judicial foreclosures against more members of the Black African American race than against White people.  *"See AJC article dated September 29, 2020 by Arielle Kass, citing Bank of America, Countrywide Bank and Merrill Lynch & Co. collaborative schemes against mostly African American and Latino Borrowers resulting in unusually high numbers of foreclosures over and above the numbers assessed against White and non-Latino borrowers. "*

**18**

The plaintiff have outlined a factual scheme that is supported by evidence to the following;  (1) On or around May 2010 the primary defendant [Bank of America, N.A.] initiated a fraudulent attempt to foreclose upon the plaintiff's residential property.  (2) Plaintiff filed a personal bankruptcy and immediately filed an adversary proceeding against Bank of America who was represented at the time by McCalla Raymer, LLC.  McCalla Raymer, LLC appeared before the Honorable James R. Saca, U.S. Bankruptcy Judge, NDGA and admitted that they did not known anything whatsoever concerning the whereabouts of Northstar Mortgage Group, LLC after they were repeatedly asked by Judge Saca "where is Northstar?"…After questioning the two attorneys present on the behalf of Bank of America, Judge Saca told them directly that he did not see how they had standing to have initiated a foreclosure against this plaintiff in the first place and warned them that in the future, for any future hearings in his court, Bank of America would have to bring The Note to plaintiff's loan since they had nothing else in their possession indicating any assignments, any buy sell agreements, any documents signed by this plaintiff agreeing to pay any amount of money to Bank of America at all. (3)  Following that June 2010 in person hearing before Judge Saca, Bank of America, McCalla Raymer, LLC

**19**

and a individual identified as Lurice Lewis collaborated together and drafted
the fraudulent "Assignment of Security Deed" document and quickly filed it
into the records of the land and deeds records of this plaintiff's residential
property records.  (4)  The attorneys for Bank of America both knew at the
June 2010 hearing that Northstar Mortgage Group, LLC was officially no
longer in business and that any residential mortgage transactions in their
name after January 2010 was fraudulent.

Although the plaintiff made multiple attempts to seek legal redress in
both State and Federal courts to address this issue, the climate of both the
State and Federal courts lent itself to favor issuing verdicts against the
plaintiff for first him being Black African-American and that was the
prevailing trend that was being set during the time frame beginning around
2008 up and through 2017, second because, in this case, each and every
Judge that this plaintiff was assigned to adjudicate his complaints did in fact
have an undisclosed financial interest within the outcome of all cases
brought against this set of defendants and also records recently retrieved by
the plaintiff can prove to a certainty that each and every one of the Judges
had open and ongoing business contracts between themselves and at least
one of the defendants named to each of plaintiff's lawsuits.  This set of facts

will be more elaborated upon within the next set of responses and will also

be referenced by copies of financial records from each and every Judge

previously assigned to the plaintiff's lawsuits.

Even though defendant McGuire Woods, LLP claim in their recital of

a ground for this court to dismiss plaintiff's complaint stating that the

plaintiff was not denied any contracts nor was the plaintiff rights impaired

[in their opinion] because of the plaintiff's race, that information can only be

proven through discovery given that this defendant do not personally know

the plaintiff, have never been consulted as to any matter concerning any

contracts that were prohibited from being freely engaged within as those

contracts may have involved the plaintiffs' real property, nor have this

defendant presented any sworn affidavits before this court stating either

under oath or to any level of a certainty that they can prove any of the

reasons that they claim that the plaintiff is not entitle to invoke a claim

against them by and through The Civil Rights Act of 1866.  Assuming that

counsel for defendant McGuire Woods, LLP is of the White Race, the

plaintiff respectfully object to his making vague assumptions concerning any

past or present business transaction that the plaintiff has been prevented

from engaging within as a result of the plaintiff being Black African

American.  Without any proof to the contrary, the plaintiff respectfully ask

this court to not dismiss this action for any of the reasons stated by

defendant McGuire Woods, LLP citing as grounds that they claim that no

such grounds exist for the plaintiff to assert this very important claim against

them and the other defendants as well.  Plaintiff supports his response citing

*Jones v. Alfred H. Mayer Co.* 392 U.S. 409 (1968) …also *Sullivan v. Little*

*Hunting Park, Inc.*, 396 U.S. 229 (1969).

**Plaintiff's Complaint Do In Fact State A Claim For Violation of**

**The Racketeer Influenced and Corrupt Organization Act, Do In Fact**

**Allege Facts That Would Establish A Pattern of Racketeering Activity,**

**Do In Fact Establish The Existence Of A RICO Enterprise, Do In Fact**

**Allege A Scheme To Defraud, and Do Establish A Proximately Caused**

**Injury;**

**Evidence That Supports A Claim For Violation of The RICO**

**Act;**  As stated within plaintiff's Standard of Review, in order to establish a

RICO claim against the defendant McGuire Woods, LLP and others named

to this lawsuit, a nexus to interstate commerce do in fact exist.  Over the

period of years since the formulation of the fraudulent Assignment

documents referenced within this complaint, defendant Bank of America,

N.A. have repeatedly used the United States Postal Service to make false claims that this plaintiff owes money to them for an un-established debt that they claim only to exist because of the fraudulent Assignment documents created by them [Bank of America and MERS].  Defendant McGuire Woods, LLP equally collaborated with Bank of America, not as their attorneys but as a facilitator of the scheme by also mailing multiple letters directly from them to this plaintiff within the U.S. Postal Service attempting to falsely claim that the plaintiff requested loan modification documents from either them or from Bank of America.  A Copy of one of such letters that was delivered to the plaintiff via the U.S. Postal Service is attached as "Plaintiff's Exhibit 1 accompanying plaintiff's motion to disqualify counsel filed into the records of this case on or around 23 September 2021.  *See Plaintiff's Motion to Disqualify Counsel filed into this case on September 23, 2021.*  Additionally, defendants Bank of America, N.A. have repeatedly used the services of the U.S. Postal Services to mail demanding letters to this plaintiff claiming that a debt is due to be paid to them in support of the fraudulent Assignment documents referenced within this lawsuit.  *See Bank of America, N.A.'s demand for payment of the fraudulent debt delivered to plaintiff via U.S. Mail Plaintiff's Exhibit "1" attached hereto and*

~~incorporated with this Response to the Defendant McGuire Woods, LLP's Motion to Dismiss with prejudice.~~

Evidence of the defendants using the U.S. Mail to make their demands upon this plaintiff constitutes (1);scheme based on an intent to defraud, and (2) the use of the mails to further that scheme. Additionally, the defendants scheme to defraud has been ongoing with the intent to deprive this plaintiff of his property and his money. *See Vicom, Inc. v. Harbridge Merch Servs., Inc.,* No. 92-CV-2808, 1993 WL 8340 (N.D. Ill. Jan. 8, 1993), *judgment aff'd,* 20 F.3d 771 (7th Cir. 1994).

Although plaintiff did not argue any violations of O.C.G.A. § 16-8-100 et seq., Georgia law have established that any mortgage related fraudulent acts committed by individuals or by companies establishes the existence of a racketeering event thereby rendering the person(s) or company(s) involved to have committed a racketeering act punishable by Georgia law.  In this case, the plaintiff have presented his case outlining an obvious fraud that occurred involving residential property in Georgia that was committed by the defendants named to this lawsuit.

Plaintiff made exhaustive searches for any evidence of possible conflicts of interest on the part of all of the Judges assigned to all previous

lawsuits referenced by Defendant McGuire Woods, LLP but was unable to

visibly see any documents on file that was available for public view until

around November 2020 when the plaintiff uncovered evidence that states

clearly that Honorable William S. Duffey, U.S. District Judge NDGA, U. S.

Magistrate Judge Alan J. Baverman, NDGA, Fulton County Superior Court

Judge Constance Russell, and Mr. Barry L. Zimmerman, Special Master

assigned by Judge Russell all had open financial contracts with at least one

or more of the defendants identified and named within all of plaintiff's

previously filed lawsuits in both federal and state courts. *See copies of*

*financial contracts identifying each Judge having signed a contract with or*

*did a major financial transaction with at least one or more of the defendants*

*named to plaintiff's complaints that were assigned to them attached hereto*

*as  Plaintiff's Exhibits "1" U.S. District Judge Duffey, "2" U.S. Magistrate*

*Judge Baverman, "3" Fulton County, Georgia Superior Court Judge*

*Constance Russell,  and "4" Mr. Barry L. Zimmerman, Special Master*

*assigned by Judge Russell in the Fulton County Case.*

It is literally impossible that any reasonable person can look at the

fact that each and every Judge assigned to the plaintiff's previous cases

incidentally ruled against the plaintiff for reasons other than the fact that

they all had a financial interest within the outcome of the case which they were assigned to adjudicate over involving this plaintiff.  Additionally, given that each of these Judges had a constitutional duty to examine all of the facts before them in a light more favorable to this plaintiff, the evidence speaks for itself that the evidence of the existence of financial contracts between them and the defendants in one way or another influenced the previous outcome of each case that plaintiff filed in court and was assigned to them to adjudicate over.

The details of how the defendants named to this present lawsuit communicated to each of the Judges and how they were influenced is totally irrelevant given the existence of the contracts and given the written orders outlining their having ruled in the defendants favor.  Under these circumstances, the plaintiff respectfully ask that this court open up his own investigation to determine how that process took place and to not grant defendant McGuire Woods, LLP's motion to dismiss with prejudice as they now seek.

**The Pattern of Racketeering Activity Is Established By The Defendants' Use Of U.S. Mail and Their Having Received Favorable Rulings From Judges Who Maintain Open Financial Contracts With**

**One or More of The Defendants;**  As already established, all of the
defendants except for Rubin Lublin, LLC have benefited from the previous
activities performed on their behalf up to this point, however, defendant
Rubin Lublin, LLC served notice upon this plaintiff via U.S. Mail of their
intent to initiate a foreclosure on the behalf of Bank of America, N.A. by and
through the purported result of the same fraudulent Assignment documents
referenced within this complaint.  This constitutes plaintiff's claims that
defendant Rubin Lublin, LLC seeks to uphold and continue the racketeering
pattern described by this plaintiff that gave rise to this lawsuit and also
serves as evidence of a racketeering enterprise.  The length of time that the
above referenced acts have occurred have extended over a 10 year period of
time and are not just casual set of incidents regardless of the fact that the
defendants have never been charged with a crime related to racketeering.
*See Sedima, S.P.R.L.,* 473 U.S., 479, 488-93 (1985).

Based on the actions of the defendants as their efforts involved
multiple individuals that appears to have been influenced in a manner to
achieve a desired result, the plaintiff respectfully request that the court apply
the Multi-Factor test to determine whether there is a sufficient pattern of
racketeering activity.  *See H.J. Inc. v. Northwestern Bell Telephone Co.,* 492

U.S. 229 (1989).

Alternatively, the court can also apply the Open-Ended Continuity test to the events and actions described within this complaint as the evidence clearly states the following (1) a specific threat of repetition exists, (2) the predicates are a regular way of conducting an ongoing legitimate business, or (3) the predicates can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes..*See Liberlad v. Welch*, 53 F.3d 428, 445-446 (1st Cir. 1995)( sufficient evidence to defeat summary judgment where the defendants' regular way of conducting their affairs involved RICO predicate acts);

**Existence of A RICO Enterprise, The Outline of The Scheme to Defraud and The Proximately Caused Injury(s);**  Based on the defendant's use of the U.S. Postal Services to make demands upon this plaintiff for money under the threat of loosing property coupled with the scheme to defraud already established within the preceding sections of this response, the evidence stands self supporting that the plaintiff have not been able to sell, convey, trade or make any types of contract(s) on the residential property identified within this complaint as his due to the fraudulent Assignment documents that the defendants willfully and intentionally

28

created and filed into the land and deeds records of the Fulton County

Superior Court Clerk's Office.  The proximately caused injuries are the

direct result of the actions of these defendants and continue on an ongoing

basis until such time that a fair and non-bias court adjudicate over this entire

matter.

At the root of plaintiff's complaint, the facts and evidence all point to

the fact that the defendants are attempting to collect an unlawful and illegal

debt, accordingly, the U.S. Supreme Court have already upheld that the mere

fact that a defendant seeks to collect on an illegal or unlawful debt, a pattern

of "racketeering activity" has already been established.  That set of facts

coupled with the 2020 discovery by the plaintiff that every Judge assigned to

plaintiff's cases all have a financial interest in the outcome was the

influencing factor for the outcome of all previous rulings.  *See Durante*

*Bros. & Sons, Inc. v. Flushing Nat'l Bank*, 755 F.2d 239, 247-48 (2d Cir.

1985). *See also Wright v. Sheppard*, 919 F.2d 665, 673 (11th Cir. 1990).

**Plaintiff's RICO Claim Is Not Barr By Applicable Statue of**

**Limitations and The Evidence of Fraud Starts In or Around November**

**2020;**  Based on the fact that up and until November 2020, the plaintiff had

been fighting an unknown element of why all of the Judges appeared to have

been ruling in favor of the defendants even though all of the evidence

pointed to the fact that the defendants had committed crimes and had created

the fraudulent set of documents used in their effort to make multiple

attempts to take plaintiff's property, but when the financial contracts became

visible to the general public at the Clerk's Office in Fulton County, Georgia,

the scheme to defraud and the unanswered questions pertaining to whether

or not a racketeering scheme even existed was answered.  The statue of

limitation runs from the point in time that the apparent fraud and scheme to

defraud was discovered by the plaintiff.  *See Klehr v. A.O. Smith Corp.* 521

U.S. 179(1997).  "The last predicate act rule dictates that:  "the limitations

period for a civil RICO claim runs from the date the plaintiff knew or should

have known that the elements of the civil RICO cause of action existed

unless, as a part of the same pattern of racketeering activity, there is further

injury to the plaintiff or further predicate acts occur, in which case the actual

period shall run from the time when the plaintiff knew or should have known

of the last injury or the last predicate act which is part of the same pattern of

racketeering activity".  Based on this information, this complaint before this

court is well within the statue of limitations to initiate a RICO lawsuit

against the defendants given that the financial interests information was not

found or viewable publicly until around November 2020.

**Plaintiff Have Stated A Claim For Civil Conspiracy;**  As properly stated by Defendant McGuire Woods, LLP, "In Georgia, a conspiracy is "a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means.""…In this instant case, this defendant is one of the entity(s) that is comprised of the "one or two" persons working to accomplish the lawful end by unlawful means.  The facts and evidence submitted verify to a certainty that each and every time McGuire Woods, LLP signed onto any documents on the behalf of Bank of America, N.A. in support of the ongoing fraudulent scheme, they contributed to the conspiracy.

**Plaintiff's Complaint Do In Fact State A Claim For Damages Against All Defendants Including A Damage Claim Against Defendant McGuire Woods, LLP;**  Defendant McGuire Woods, LLP offered no information in support to the court indicating that the plaintiff failed to state a claim.  They are not immune to suit and are equally not immune from federal prosecution as they have participated in the massive cover up of all elements of this entire set of events that eventually gave rise to this plaintiff presenting this present lawsuit before this court.  McGuire Woods, LLP is an

equal defendant to this action, they participated within a mailing campaign at this plaintiff in the furtherance of the ongoing scheme to defraud this plaintiff in support of the fraudulent Assignment documents referenced at all times within this complaint.  Additionally, McGuire Woods, LLP was aware of or should have been aware of the fact that each and every Judge assigned to each civil case they used in support of their motion to dismiss with prejudice, had a financial interest or had an open and active financial contract with at least one of the defendants named to the plaintiff's lawsuits. This submersive posture lends to the civil conspiracy claims made against them.  Additionally, McGuire Woods, LLP acted as an emissary acting on the behalf of Bank of America, N.A. by making multiple attempts to threaten the plaintiff into signing and agreeing to pay Bank of America, N.A. money for an unlawful and illegal debt.

**McGuire Woods, LLP Is Liable To The Plaintiff;**  Based on all facts and evidence submitted to and responded to by this plaintiff, defendant McGuire Woods, LLP is just as liable to this plaintiff as any of the other defendants.  The intentional emissary acts undertaken by McGuire Woods, LLP extended over and above just being a paid Agent speaking and acting on the behalf of Bank of America, N.A. given the fact that all language in all

filings, and or responses made by McGuire Woods, LLP on the behalf of

Bank of America, N.A. has been made with the full knowledge that the

Assignment documents referenced within this lawsuit was fraudulently

conceived on the behalf of a company that did not have any legal authority

to perform a residential mortgage transaction in Georgia on the day of its'

conception.

**Plaintiff's Complaint Do In Fact State A Claim Against**

**MERSCORP;** Given that Defendant McGuire Woods, LLP failed to or

refused to file an Entry of Appearance on the behalf of MERSCORP, the

plaintiff objects to them filing any documents or making any statements on

their behalf.

MERSCORP was properly served the complaint and the summons by

and through The Secretary of State for The State of Georgia pursuant to

Georgia law given that MERSCORP do not maintain a Registered Agent in

Georgia.

**All Supporting Case Law and Grounds For Relief Within This**

**Response Is Applicable To Each Defendant Named To This Complaint;**

The plaintiff respectfully request that the court apply each and every

supporting case law, federal and state statue of law to each remaining

defendant to this action as they are all incorporated as multiple members of the same operational set of circumstances to achieve the same unlawful outcome. This request is to avoid having the court to read the same supporting case law and statutory supporting cases against the remaining defendant Rubin Lublin, LLC.

For the reasons stated, the facts and evidence in support and all statues and citations of law in support thereof, the plaintiff respectfully request that this Court deny Defendant McGuire Woods, LLP's Motion to Dismiss with prejudice, disqualify this defendant from make any present or future filings on the behalf of any other defendants named to this lawsuit and that this lawsuit be permitted to proceed in the best interest of justice.

Respectfully submitted on this 29th day of October, 2021.

Keith Thomas, plaintiff
P.O. Box 960242
Riverdale, GA  30296
404-838-0394

# PLAINTIFF'S EXHIBIT "1"

GEORGIA, FULTON COUNTY
FILED AND RECORDED

1999 APR -1  AM 8 30

JUANITA HICKS
CLERK, SUPERIOR COURT

**QUIT-CLAIM DEED FOR RELEASE OF DEED TO SECURE DEBT.**

STATE OF GEORGIA, <u>FULTON</u>, County.

THIS INDENTURE, made the <u>18</u> day of <u>March</u> in the year <u>1999</u>, between <u>Countrywide Home Loans, Inc. (fka Countrywide Funding Corporation)</u> as party or parties of the first part, hereinafter called Grantor, and
WILLIAM S DUFFEY, JR.

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH: That the Grantor for and in consideration of the sum of ONE AND NO/100 DOLLAR ($1.00) AND OTHER GOOD AND VALUABLE CONSIDERATION, cash in hand paid, the receipt of which is hereby acknowledged has bargained, sold, and does by these presents bargain, sell, remise, release and forever quit claim to Grantee the interest of Grantor arising solely by virtue of the lien of that certain Deed to Secure Debt from
WILLIAM S DUFFEY, JR.

to <u>PREMIER ATLANTA MORTGAGE</u> dated <u>06/21/1993</u> securing payment of $<u>331,000.00</u> and recorded in Deed Book <u>16943</u>, Page <u>300</u>, <u>Fulton</u> County, Georgia Records, in and to the following described real property, to wit:
<u>As described in said Deed of Trust/Mortgage.</u>
with all the rights, members and appurtenances to the said described premises in anywise appertaining or belonging.

TO HAVE AND TO HOLD the said described premises unto the Grantee so that neither the said Grantor, nor any other person or persons claiming under Grantor shall at any time claim or demand any right, title or interest to the aforesaid described premises or its appurtenances.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written.

Signed, sealed and delivered in presence of

_Petalina Haswell_
Witness: Petalina Haswell

_Kawonna Y. Reeves_
Kawonna Y. Reeves, Notary Public
My commission expires: <u>03/01/2003</u>

KAWONNA Y. REEVES
Notary Public
STATE OF TEXAS
My Comm. Expires 03-01-2003

Mail Recorded Satisfaction To:
WILLIAM S DUFFEY, JR.
4825 FRANKLIN POND NE
ATLANTA        GA  30342

Countrywide Home Loans, Inc. (fka Countrywide Funding Corporation)

By: _David Teague_
David Teague
Assistant Secretary



CORP.
SEAL

BOOK 26684 PAGE 035

Document Prepared By:
Rose Rich
6400 Legacy Drive
MSN PTX-41, Plano, TX  75024

CHL Loan # 8150516

CROSS REFERENCE

Deed Book 41584 Pg 694
Filed and Recorded Dec-21-2005 04:34pm
2005-0489247
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

Recording Requested By: BRANCH BANKING & TRUST CO.
When Recorded Return To: MORRIS & SCHNEIDER (GA- ATLANTA) 5163 ROSWELL RD, ATLANTA, GA 30342

### DISCHARGE OF DEED TO SECURE DEBT

BRANCH BANKING & TRUST CO. #:000006990931222 "DUFFEY"    Lender ID:005/002/6990931222    Fulton, Georgia
MERS #: 100159969909312228 VRU #: 1-888-679-6377

**Prepared By:  Margarita Martinez, BRANCH BANKING & TRUST CO. PO BOX 2127, GREENVILLE, SC
29602-2127 800-295-5744**

The indebtedness referred to in that certain Deed to Secure Debt from BETSY BYARS DUFFEY AND WILLIAMS S
DUFFEY, JR. to PREMIER ATLANTA MORTGAGE COMPANY, Dated: 01/05/2004 and filed of record on
01/27/2004  in Book/Reel/Liber: 36944,  Page/Folio: 257, of the office of the Clerk of the Superior Court of Fulton
County, Georgia  as Instrument No.: 20040026768 having been paid in full and cancelled by the undersigned on the
date shown below and the undersigned being the present record holder and owner of such deed; or the undersigned
being the present owner of such secured interest by virtue of being the original grantee or the heir, devisee,
executer, administrator, successor, transferee or assignee, or the servicing agent to whom indebtedness was paid
on behalf of or by grantor, the Clerk of such Superior Court is authorized and directed to cancel that deed of record,
as provided in Code Section 44-14-4 of the O. C. G. A. for other mortgage cancellations.

Property Address:  4825 FRANKLIN POND ROAD, ATLANTA, GA 30342

In witness whereof, the undersigned has set hand and seal.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC SOLELY AS NOMINEE FOR BRANCH BANKING AND
TRUST COMPANY
On December 9th, 2005

By: _____
MARCIA L PRIDGEON, Assistant
Vice-President

WITNESS                                            WITNESS

_____                            _____

STATE OF South Carolina
COUNTY OF Greenville

On December 9th, 2005, before me, CORALIE STRUCKMAN, a Notary Public in and for GREENVILLE County, in
the State of SOUTH CAROLINA, personally appeared MARCIA L PRIDGEON, Assistant Vice-President of the
corporation that executed the within instrument, known to me to be the persons who executed the within instrument
on behalf of the corporation herein named, and acknowledged to me that such corporation executed the within
instrument pursuant to its by-laws or a resolution of its board of directors.Witness my hand and official seal.

WITNESS my hand and official seal.

_____
CORALIE STRUCKMAN
Notary Expires: 04/19/2011                                    (This area for notarial seal)

*M_M*M_MBBNT*12/09/2005 02:52:53 PM* BBNT01BBNT00000000000000000301294* CAFULTO* 000006990931222 GASTATE_MORT_REL **M_MBBNT*

Deed Book 46760 Pg 483
Filed and Recorded May-20-2008 10:43am
2008-0120676
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Recording Requested By: BRANCH BANKING & TRUST CO.
When Recorded Return To: WILLIAM S DUFFEY JR,  43 IVY CHASE NE, ATLANTA, GA  30342-0000

## DISCHARGE OF DEED TO SECURE DEBT

BRANCH BANKING & TRUST CO. #:000006991421384 "DUFFEY"  Lender ID:A07/615/476554357  Fulton, Georgia
MERS #: 100159969914213841  VRU #: 1-888-679-6377

**Prepared By:   Betty Nelson,  BRANCH BANKING & TRUST CO. PO BOX 2127, GREENVILLE, SC  29602-2127**
**800-295-5744**

The indebtedness referred to in that certain Deed to Secure Debt from WILLIAM S. DUFFEY JR. , A MARRIED MAN
BETSY B. DUFFEY to PREMIER ALTANTA MORTGAGE COMPANY, Dated:  10/10/2007  and filed of record on
10/19/2007  in Book/Reel/Liber: 45859,  Page/Folio: 478, of the office of the Clerk of the Superior Court of Fulton
County, Georgia  as Instrument No.: 2007-0297161 having been paid in full and cancelled by the undersigned on the
date shown below and the undersigned being the present record holder and owner of such deed; or the undersigned
being the present owner of such secured interest by virtue of being the original grantee or the heir, devisee,
executer, administrator, successor, transferee or assignee, or the servicing agent to whom indebtedness was paid
on behalf of or by grantor, the Clerk of such Superior Court is authorized and directed to cancel that deed of record,
as provided in Code Section 44-14-4 of the O. C. G. A. for other mortgage cancellations.

Property Address:  43 IVY CHASE NE, ATLANTA, GA. 30342

In witness whereof, the undersigned has set hand and seal.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
On May 13th, 2008

By: _____
MARCIA L PRIDGEON, Assistant
Vice-President

WITNESS                                           WITNESS

STATE OF South Carolina
COUNTY OF Pickens

On May 13th, 2008, before me, DANA M HART, a Notary Public in and for Pickens County, in the State of South
Carolina, personally appeared MARCIA L PRIDGEON, Assistant Vice-President, personally known to me (or proved
to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and
that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument. WITNESS my hand and official seal.

WITNESS my hand and official seal,

_____
DANA M HART
Notary Expires: 07/23/2012                                    (This area for notarial seal)

# PLAINTIFF'S EXHIBIT "2"

Records Cust

5

Deed Book 32482 Pg 62
Filed and Recorded May-31-2002 10:46am
2002-0164683
Real Estate Transfer Tax $1.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

**McCALLA, RAYMER, PADRICK, COBB, NICHOLS & CLARK**
**3003 SUMMIT BOULEVARD**
**SUITE 775**
**ATLANTA, GA 30319**

WARRANTY DEED (FORM 36A)
**Return to:**
McCalla, Raymer, Padrick, Cobb, Nichols
& Clark, LLC
56 Perimeter Center East, Ste 320
Atlanta, Georgia 30346

## *WARRANTY DEED*

**STATE OF GEORGIA**
**COUNTY** of DeKalb

**THIS INDENTURE,** made the     21st     day of     December     , in the year
two thousand   One     , between

Alan J. Baverman

of the County of     Fulton                    , and State of Georgia, as party or parties of the first part,
hereinafter called Grantor, and

Elida Baverman

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to
include their respective heirs, successors and assigns where the context requires or permits).
**WITNESSETH:** That Grantor for and in consideration of the sum of   **TEN AND NO/100**
**DOLLARS   ($10.00)  AND OTHER GOOD AND VALUABLE CONSIDERATION,**
in hand paid at and before the sealing and delivery of these presents, the receipts whereof is hereby
acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does
grant, bargain, sell, alien, convey and confirm unto the said Grantee,

All that tract or parcel of land lying and being in Land Lot 132 of the 17th District of Fulton County,
Georgia, being Lot 35, Block A of Rivershore Estates Subdivision, Unit Nine, as per plat recorded in Plat
Book 92, Page 44, Fulton County Records, which plat is incorporated herein by reference and made a part
hereof.

This conveyance is made subject to that certain loan deed from Alan J. Baverman
and Elida Baverman to Greater Atlanta Mortgage Co., dated 12/21/02, filed and
recorded in Fulton County Records, in the original amount of $140,000.00., and
that certain loan deed from Elida Baverman to Wachovia Bank of Georgia, N.A., dated
10/3/96, filed 10/30/96 and recorded in Deed Book 21734, page 35, said records,
in the original amount of $225,000.00.

Deed Book 32482 Pg   63
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

**THIS CONVEYANCE** is made subject to all zoning ordinances, easements and restrictions of record affecting said described property.

**TO  HAVE AND TO HOLD** the said described property, with all and singular the rights, members and appurtenances  thereof, to the same being, belonging, or in anywise appertaining, to the only proper  use, benefit and behoof of the said Grantee  forever in **FEE SIMPLE.**

**AND THE SAID** Grantor will warrant and forever defend the right and title to the said described property unto the said    Grantee against the claims of all persons whomsoever.

**IN WITNESS WHEREOF,** the Grantor has signed and sealed this deed, the day and year above written.

Signed, sealed and delivered in the presence of:

_____
Witness

_____
Notary Public

_____ (Seal)
Alan J. Baverman

_____ (Seal)

_____ (Seal)

_____ (Seal)

Deed Book 32482 Pg 58

Exhibit "A"

All that tract or parcel of land lying and being in Land Lot 132 of the 17th District of Fulton County, Georgia, being Lot 35, Block A of Rivershore Estates Subdivision, Unit Nine, as per plat recorded in Plat Book 92, Page 44, Fulton County Records, which plat is incorporated herein by reference and made a part hereof.

Nm: KEITH THOMAS DocCnvl CEN DE2002-0164680 ORB DE BK32482 PG0059 ... ps 1 16 Inst ... Page: 2 of 2

McCALLA, RAYMER, PADRICK, COBB, NICHOLS & CLARK
3003 SUMMIT BOULEVARD
**GEORGIA -** SUITE 775
ATLANTA, GA 30319

**GRANTOR:**  ALAN J. BAVERMAN and ELIDA BAVERMAN

**LENDER:**  Greater Atlanta Mtg. Co.

**DATE OF SECURITY DEED:**  December 21, 2001

Deed Book 32482 Pg    59
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) **WAIVES** ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

Signed, Sealed and delivered in the presence of:

X _____ (Seal)
ALAN J. BAVERMAN            -Grantor

_____ (Seal)
ELIDA BAVERMAN             -Grantor

_____ (Seal)
                           -Grantor

_____ (Seal)
                           -Grantor

KENNETH E. RAYMER
NOTARY
EXPIRES
GEORGIA
APR. 05, 2005
PUBLIC
COBB COUNTY

_____ Notary Public

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights.  After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn to and subscribed before me

KIM WESTCOTT
MY COMMISSION EXPIRES
APRIL 5 2003
COBB COUNTY, GA
NOTARY PUBLIC

on the date set forth above.

_____
Closing Attorney

## FORECLOSURE CLOSING DISCLOSURE

O.C.G.A. Section 7-1-1014(3) requires that we inform you that if you fail to meet any condition or term of the documents that you sign in connection with obtaining a mortgage loan you may lose the property that serves as collateral for the mortgage loan through foreclosure.

X _____            X _____

_____              _____

VMP-960(GA) (9401).05

VMP MORTGAGE FORMS - (800)521-7291

1/94

# PLAINTIFF'S EXHIBIT "3"

Deed Book 63715 Page 49
Filed and Recorded 05/06/2021 11:07:00 AM
2021-0181004
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 2755203723
7067927936

This instrument drafted by
and after recording return to:
Amanda Koss
Quicken Loans, LLC
635 Woodward Ave.
Detroit, MI 48226
800-226-6308
Tax ID Number: 14-0018-0013-037-8

## SATISFACTION OF SECURITY DEED

Loan Number: 3347052190

Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for QUICKEN LOANS INC., its successors and assigns, grantee of a certain Security Deed, bearing the date October 23, 2015, executed by CONSTANCE C. RUSSELL, A SINGLE WOMAN, to Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for QUICKEN LOANS INC., its successors and assigns, and recorded on November 12, 2015, in Book 55569, Page 392, OR Instrument No. 2015-0304084, in the office of superior court clerk of FULTON County, Georgia Records, having been paid in full and the undersigned being the present record holder and owner of such deed by virtue of being the Grantee the Superior Court Clerk is authorized and directed to cancel that deed of record as provided in Code Section 44-14-4 of the O.C.G.A. for other mortgage cancellations as to property described as

### SEE ATTACHED LEGAL DESCRIPTION

Commonly known as: 850 Ralph Mcgill Blvd Ne 38 Atlanta GA, 30306

Dated this May 3, 2021
SIGNORS:

_____

Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for
QUICKEN LOANS INC., its successors and assigns
By: Cole Harden
Its: Assistant Secretary of MERS

WITNESSES:

_____

Printed Name: Georgina Montoya

### NOTARY ACKNOWLEDGEMENT AND ATTESTATION

STATE OF MICHIGAN)
ss
COUNTY OF WAYNE)

On May 3, 2021, before me, Amanda Miller, the above signed officer, Cole Harden, personally appeared and acknowledged to be the Assistant Secretary of Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for QUICKEN LOANS INC., its successors and assigns and that is, authorized to, executed the foregoing instrument for the purposes therein contained, by signing in the name of the corporation by as Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for QUICKEN LOANS INC., its successors and assigns.

_____

Notary Public, State of Michigan, County Of WAYNE
My Commission Expires: October 7, 2026
Acting in the County of Wayne

> AMANDA MILLER
> NOTARY PUBLIC - STATE OF MICHIGAN
> COUNTY OF WAYNE
> My Commission Expires October 7, 2026
> Acting in the County of Wayne

MIN: 100039033470521901 MERS Phone: (888) 679-6377    q03347052190 0942 025 0101

Deed Book 63715 Page 50
CATHELENE ROBINSON
Clerk of Superior Court

# EXHIBIT A - LEGAL DESCRIPTION

Tax Id Number(s): 14 -0018-0013-037-8

Land Situated  in the City of Atlanta in the County of Fulton in the State of GA

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 18 OF THE 14TH DISTRICT, FULTON COUNTY, GEORGIA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

CONDOMINIUM UNIT 38 OF COPENHILL LOFTS CONDOMINIUM, A CONDOMINIUM, AS MORE PARTICULARLY DESCRIBED AND DELINEATED IN THE DECLARATION OF CONDOMINIUM FOR COPENHILL LOFTS CONDOMINIUM, RECORDED IN DEED BOOK 29555, PAGE 272, FULTON COUNTY, GEORGIA

THIS CONVEYANCE IS MADE SUBJECT TO THE DECLARATION AND ALL MATTERS REFERENCED THEREIN, ALL MATTERS SHOWN ON THE PLAT RECORDED IN CONDOMINIUM PLAT BOOK 13, PAGE 110, FULTON COUNTY, GEORGIA RECORDS, AND THE FLOOR PLANS RECORDED IN CONDOMINIUM FLOOR PLAN BOOK NO 7, PAGE 3, ET. SEQ., AFORESAID RECORDS.

THE PROPERTY ADDRESS AND TAX PARCEL IDENTIFICATION NUMBER LISTED ARE PROVIDED SOLELY FOR INFORMATIONAL PURPOSES.

Commonly known as:   850 Ralph McGill Blvd NE 38, Atlanta, GA 30306

# PLAINTIFF'S EXHIBIT "4"

Return To:

2100 RIVEREDGE PARKWAY, SUITE 950
ATLANTA, GA 30328

Prepared By:

LISA JERRIT
2100 RIVEREDGE PARKWAY, SUITE 950
ATLANTA, GA 30328

Deed Book 38542 Pg 87
Filed and Recorded Sep-23-2004 01:33pm
2004-0297550
Georgia Intangible Tax Paid $2,070.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

CANC
DE Book 55250 Page 595

Return to:
Weissman, Nowack, Curry & Wilco, P.C.
5901-B Peachtree-Dunwoody Rd.
Suite 300
Atlanta, Ga. 30328
04CM-04069

———— [Space Above This Line For Recording Data] ————

# SECURITY DEED

MIN 1002293-2000032322-5

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated        August 30, 2004
together with all Riders to this document.
**(B) "Borrower"** is BARRY L. ZIMMERMAN

Borrower is the grantor under this Security Instrument.
**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  **MERS is the grantee under this Security Instrument.**  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

ZIMMERMAN,BA TF                              MIN#:      1002293-2000032322-5
**GEORGIA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**        **Form 3011 1/01**

VMP -6A(GA) (0005).01

Page 1 of 14    MW 04/99.02    Initials: BKZ    MW 05/00.01

VMP MORTGAGE FORMS - (800)521-7291