IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. a/k/a BAC HOME LOANS SERVICING, LLP a/k/a COUNTRYWIDE HOME LOANS SERVICING, LLP a/k/a BANK OF AMERICA CORP.; RUBIN LUBLIN, LLC; MCGUIRE WOODS, LLP; NORTHSTAR MORTGAGE GROUP, LLC; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a/k/a MERSCORP HOLDINGS, INC., collectively known as "MERS",<br><br>    Defendants. | Case No. 1:21-cv-03369-WMR |

## RUBIN LUBLIN, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS

COMES NOW, Rubin Lublin, LLC ("RL"), and files this Reply to the Plaintiff's Response [Doc. 22] to its Motion to Dismiss [Doc. 12], respectfully showing this Honorable Court as follows:

## ARGUMENT AND CITATION OF AUTHORITY

**A.     RL IS IN PRIVITY WITH THE OTHER PARTIES TO THE PRIOR LAWSUITS SO RES JUDICATA APPLIES**

In the Plaintiff's first responsive argument, he tries to claim that *res judicata* cannot bar his claims against RL because RL was not a party to any of the prior lawsuits that he filed. However, the Plaintiff has completely ignored RL's acknowledgement of that fact in its Motion to Dismiss, where RL showed that it is in privity with the parties to the prior lawsuits and therefore *res judicata* applies:

> Both *Thomas I* and *Thomas II* involved nearly the exact same parties as the instant case. The only difference is the addition of RL, which as the Plaintiff admitted, is the law firm hired by Bank of America. However, attorneys are in privity with their clients for purposes of *res judicata*. *Bouldin v. Mortg. Elec. Registration Sys., Inc.*, No. 1:14-CV-03214-TCB-RGV, 2015 WL 11517084, at *7 (N.D. Ga. Feb. 5, 2015), *report and recommendation adopted*, 2015 WL 11622462 (N.D. Ga. Feb. 23, 2015) (finding RL to be in privity with Bank of America when it was retained to pursue foreclosure). Thus, the third prong is satisfied.

[Doc. 12-1] at p. 10.

RL also joined in the other Defendants' Motion to Dismiss with respect to collateral estoppel, *see id.* at p. 11 n.2, and the law regarding privity is identical in both collateral estoppel and res judicata. *See E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004). Since RL is clearly in privity with Bank of

America – a party to the Plaintiff's prior lawsuits – all the Plaintiff's claims are barred by *res judicata* and/or collateral estoppel.

**B.    THE PLAINTIFF LACKS STANDING TO CHALLENGE THE VALIDITY OF ANY ASSIGNMENT OF HIS SECURITY DEED**

Next, the Plaintiff attempts to address RL's argument that he lacks standing to contest any assignment of the Security Deed, and all claims in the Complaint "are grounded entirely on the allegation that Bank of America cannot foreclosure because the assignments of the security deed are claimed to be fraudulent." [Doc. 12-1] at p. 11. This is supported by binding case law from the Georgia Supreme Court. *See Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620 (Ga. 2016). The Plaintiff's response contains no citation to any authority and should be disregarded.[1] All claims should be dismissed for failure to state a claim since the Plaintiff lacks standing to challenge the assignments.

---

[1] The Plaintiff's argument goes as far as trying to accuse judges in this district and in state court who previously heard his cases as being biased because they supposedly had financial interests in the outcome of the case. *See* [Doc. 22] at p. 8. In support of this argument, the Plaintiff appears to have physically searched the deed records and attached mortgage documents relating to these judges. *Id.* This is highly inappropriate and, moreover, does not show a "financial interest." It merely shows that these judges have mortgage loan just like millions of others.

### C. THE PLAINTIFF'S CIVIL RIGHTS CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

RL moved to dismiss the Plaintiff's claim under 42 U.S.C. § 1982 on the grounds that it is barred by the statute of limitations and otherwise failed to state a claim upon which relief can be granted. *See* [Doc. 12-1] at pp. 12-14. In response, the Plaintiff contends that RL cited to cases about § 1983 instead of § 1982 and that an article from the Atlanta Journal-Constitution ("AJC") serves as a basis for his claim.

First, RL would like to clarify one important point for this Court. In its Motion to Dismiss, RL said that "[t]he statute of limitations for a claim under 42 U.S.C. § 1983 is two years." [Doc. 12-1] at p. 13 (citing *Banks v. McIntosh Cty., Georgia*, No. 2:16-CV-53, 2021 WL 3173597, at *8 n.9 (S.D. Ga. July 26, 2021) (citations omitted)). However, the reference to § 1983, instead of § 1982, is an inadvertent typographical error, which is obvious when one reads the cited language in *Banks*. In *Banks*, the Court held that the statute of limitations for a claim under **§ 1982** is two years. *Banks*, 2021 WL 3173597, at *8 n.9. Thus, the Plaintiff's claim must have been brought by 2012, and it is barred by the statute of limitations.

Even if not barred by the statute of limitations, the Plaintiff has utterly failed to state a claim upon which relief can be granted. In its Motion to Dismiss, RL

outlined the elements that the Plaintiff must plead to show a *prima facie* case of discrimination under § 1982 and then argued that

> While the Plaintiff alleges that he is African-American, there are no facts alleged showing any discriminatory intent or that any actions were taken against him because of his race. There are certainly no facts alleged with respect to RL that could be connected to any discrimination, and for that reason alone the claim fails. It is quite clear that the Plaintiff is facing foreclosure because he has admittedly not made a mortgage payment in over a decade.

[Doc. 12-1] at p. 14.

In response, the Plaintiff failed to cite to any facts pleaded in his Complaint to try to show that he stated a claim. Instead, he "references his responses to Defendant McGuire Woods, LLP's Motion to Dismiss where the plaintiff has pointed to an AJC news article that identifies [the fact that Bank of America has targeted African Americans] in more details." [Doc. 22] at p. 11. This is insufficient for three reasons. First and foremost, RL cannot be held liable for any alleged discrimination by Bank of America. Second, the article from the AJC is not pleaded within the Complaint and is not properly cited (there is no link or other identifiers to get to the article) or attached to the Plaintiff's response. *See* [Doc. 23] at p. 18. Third, the Plaintiff has not shown how this article – if it could even be considered by this Court – shows that a *prima facie* case under 42 U.S.C. § 1982 has been made as to him personally, and not simply an unidentified group of African Americans in an

AJC article. As such, the Plaintiff has completely failed to state any claim upon which relief can be granted under 42 U.S.C. § 1982.

**D.    THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RICO**

The Plaintiff responded to RL's arguments regarding RICO and mail fraud by simply referring to his response to the other Defendants' Motion to Dismiss. *See* [Doc. 22] at p. 11. This is completely inappropriate, since RL set forth different arguments than the other Defendants, including that mail fraud is not a stand-alone civil cause of action and that the Plaintiff lacks standing to bring a RICO claim because he has failed to plead any injury. *See* [Doc. 12-1] at pp. 15-16. The Plaintiff has not responded to the argument that he has no injury to complain of since he has not lost any money or property. Rather, he has only gained over a decade of free housing by failing to pay his mortgage. The Plaintiff has failed to state a claim for mail fraud or RICO and the claim must be dismissed.

**E.    THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FRAUD OR CIVIL CONSPIRACY**

In his final responsive argument, the Plaintiff tries to claim that he properly pleaded claims for fraud and civil conspiracy. However, his argument is rambling and incoherent and fails to cite to the Complaint or any authority. Moreover, it completely fails to meet the substance of RL's arguments. RL stands on the

arguments set forth in its Motion to Dismiss, and the Plaintiff's claims for fraud and civil conspiracy should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, RL respectfully renews its request that this Court grant its Motion to Dismiss.

Respectfully submitted, this 12th day of November, 2021.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rlselaw.com
>
> *Attorney for Rubin Lublin, LLC*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 12th day of November, 2021.

>/s/ Bret J. Chaness
>BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 12th day of November, 2021, served all parties in this matter with the within and foregoing via CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)