FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 0 1 2021

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEITH THOMAS,

  Plaintiff,

v.

BANK OF AMERICA, N.A. a/k/a
BAC HOME LOANS SERVICING, LLP
a/k/a COUNTRYWIDE HOME LOANS
SERVICING, LLP a/k/a BANK OF
AMERICA CORPORATION, et al.,

  Defendants.

Civil Action File Number:
1:21-cv-03369-WMR

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS RESPONSE TO THE DEFENDANTS MOTIONS TO DISMISS

Now comes Keith Thomas, plaintiff in the above action before this court do submit this Memorandum of Law in support of his response to defendant McGuire Woods, LLP on their own behalf and also on the behalf of other defendants and also Rubin Lublin, LLC on their own behalf.

**Res Judicata and Collateral Estoppel Is Not Applicable To This Case For Multiple Reasons;** The two defendants, McGuire Woods, LLP and Rubin Lublin, LLC are the only two defendants that filed motions to dismiss. In their motions, they both cited res judicata and collateral estoppel as grounds for the case to be dismiss, however, the facts of this case clearly indicates that neither one of these defendants have ever received a Final Judgment in any court issued against this plaintiff for any prior claims, neither one of these defendants have ever been sued by this plaintiff in any court for any case that resulted in any types of judgment[s], none of the claims identified within this

1

complaint before this court have ever been alleged against neither of these two defendants prior to this plaintiff filing this lawsuit, and although McGuire Woods, LLP was named as a defendant before this court back in December 2020, this court dismissed the action citing lack of personal jurisdiction over McGuire Woods, LLP.

Even if this court were to consider applying res judicata and collateral estoppel as a ground to dismiss this plaintiff's action, the plaintiff respectfully submit that it is very clear that neither one of these two defendants offered an argument within either one of their responses as to the level of competence and or fairness that any of the previous Judges, either state or federal, have displayed within any of their previous rulings. Moreover and more specifically, all of the evidence submitted within the plaintiff's response to both of these defendant's motions to dismiss clearly indicate that every Judge that has ever been assigned to rule over any matters or claims made by this plaintiff against any of the defendants named within this lawsuit, did in fact have a financial interest within the outcome of the case[s] before them. Their levels of financial indebtness to at least one of more of each of these defendants influenced the orders issued by them and the facts support the plaintiff's claims that each and every one of those orders were tainted due to these Judiciaries having a financial interest in the outcome of each and every case cited by the defendants within their motions to dismiss.

This Court has the inherent power to set aside and or to form its' own opinion as to whether or not the previously issued orders, which were all issued by Judges with a financial interest in the outcome of the cases before them, whether or not any or all of those orders violated this plaintiff's rights to the equal protection of laws or the due

2

process of laws. The plaintiff states that all of the uncovered mortgage and contractual information that has been offered in support of his responses to the defendant's motions to dismiss all verify that a level of unfairness has been levied against him on a gross scale. The information submitted is actually a mere portion of the evidence of the contractual and financial relationships between both Judge William Duffey and Judge Alan J. Baverman, but the fact is that both of these Judges have had ongoing business relationships with at least one or more of the defendants named to this plaintiff's cases dating back to the 1980's. For the sake of simply establishing the relationship, the plaintiff only submitted a limited amount of information uncovered.

**The Court Has The Authority To Enforce This Plaintiff's Rights To Equal Protection and The Due Process Of Laws and To Void Any Prior Judgments In This Case Now Before The Court Pursuant To The 14th Amendment of The U.S. Constitution and FRCP 60(b);** At this point in time, none of the defendants have claimed that this present Court lacks personal or subject matter jurisdiction over them nor have they complained of ineffective process and service to any valid extent, therefore, this Court is fully within his powers and authority to scrutinize this entire case and all of the prior cases that the defendants have presented in their defenses in support of the pending motions to dismiss. On these basis, the plaintiff respectfully request the Court to void all of the previous judgments referred to by the defendants within their filings based on the fact that they were obtained in a manner that violated this plaintiff's constitutionally guaranteed rights to the due process of laws and the equal protection of laws. " void judgment is a nullity from the beginning, and is attended by none of the

3

consequences of a valid judgment….It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Ex parte Seidel,* 39 S.W.3d 221, 225 (Tex, Crim. App. 2001), *Ex parte Spalding,* 687 S.W.2d at 745 (Teague, J. Concurring).see also *Valley v. Northern Fire & Marine Ins. Co.,* 254 U.S. 348, 41 S. Ct. 116 (1920).

In this case, this Court has the authority to treat the previous judgments presented by the defendants in a voided manner prior to any actions or orders establishing that to be otherwise. *See Williamson v. Berry,* 8 HOW, 945, 540 12 L. Ed. 1170, 1189 (1850)…"It has also been held that " It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside, It may be impeached in any action direct or, collateral." See also *Holder v. Scott,* 296 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.). See also *Old Wayne Mt.L, Assoc. v. McDonough,* 204 U.S. 8, 27 S.Ct. 236 (1907).. In this case, the plaintiff respectfully request that this Court either entertain a process of treating the previous judgments and orders to be voidable as requested or in the alternative, treat this filing to be the same as a motion for relief from a final judgment under FRCP 60(b) if that is a requirement of this plaintiff in order for this case to be finally adjudicated upon based on the true facts and evidence before this Court.

**The Court Should Level The Playing Field And Bring This Matter To A Conclusion;** If this Court hold no financial interest in the outcome of any final orders of this case before him, then the plaintiff respectfully request that this Court level the playing field and bring this entire matter to a conclusion. The plaintiff have requested that defendant McGuire Woods, LLP be disqualified and that based on the fact that the evidence clearly shows that all previous Judges in this case had a financial interest in the

4

outcome of the cases presented before them involving this plaintiff. If these defendants are absolutely sure that they are 100% sure that they can prevail before a non-bias jury and that they can defend the fraudulent assignment documents that the facts and the law clearly state are fraudulent, then this plaintiff is 100% willing to extend the time for Bank of America and MERS to obtain counsel and for the Court to set this matter for a jury trial within 30 days after counsel has been obtained by this set of defendants and also after the Court issue an order striking the previously filed motion to dismiss on the behalf of Bank of America and MERS by McGuire Woods, LLP, then this matter can be resolved very quickly and enough facts and evidence can be brought to court that will support this plaintiff's lawsuit now before this Court.

For the reasons stated herein and for any other reasons that the Court deem appropriate, the plaintiff respectfully request that the Court take Judicial Notice to this memorandum of law in support of his response to the defendants motions to dismiss and that those motions be denied and that this lawsuit be permitted to proceed in a manner consistent with the United States Constitution's wording describing The Equal Protection of Laws and the Due Process of Laws as they may pertain to the matters presented before this court by this plaintiff.

Respectfully submitted on this 1st day of December, 2021.

Keith Thomas, plaintiff
P.O. Box 960242
Riverdale, GA 30296
404-838-0394

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of this document has been forwarded to the defendants at:

Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA  30071

McGuire Woods, LLP
100 N. Tryon Street
Charlotte, NC  28202

Within properly addressed envelopes with sufficient 1st Class U.S. Postage affixed thereto on this 1st day of December, 2021.

Keith Thomas
P.O. Box 960242
Riverdale, GA  30296