IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. a/k/a BAC HOME LOANS SERVICING, LLP a/k/a COUNTRYWIDE HOME LOANS SERVICING, LLP a/k/a BANK OF AMERICA CORP.; RUBIN LUBLIN, LLC; MCGUIRE WOODS, LLP; NORTHSTAR MORTGAGE GROUP, LLC; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a/k/a MERSCORP HOLDINGS, INC., collectively known as "MERS",<br><br>    Defendants. | Case No. 1:21-cv-03369-WMR |

**RUBIN LUBLIN, LLC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO ADD A PARTY**

COMES NOW, Rubin Lublin, LLC ("RL"), and files this Response to the Plaintiff's Motion for Leave of Court to Add a Party ("Motion for Leave") [Doc. 29], respectfully showing this Honorable Court as follows:

1

## INTRODUCTION AND RELEVANT FACTS

In this extraordinarily frivolous case, Plaintiff Keith Thomas is challenging the right to foreclose a security deed that he executed on the basis that the assignments of the security deed to Bank of America, N.A. are allegedly fraudulent. *See* [Doc. 12-1] at pp. 2-4. This allegation serves as the basis for all claims in the Complaint, *id.* at p. 7, and this allegation has also served as the basis in two prior cases that were decided, on the merits, against the Plaintiff. *Id.* at pp. 4-7. These cases date back to 2011, *id* meaning that the Plaintiff has been raising the same baseless claims for over a decade. Most shocking is that the Plaintiff admitted that he has avoided paying his mortgage since at least January 2010. *Id.* at p. 4.

The Plaintiff now asserts that the subject security deed has been assigned to DLJ Mortgage Capital, Inc. ("DLJ"), and that the new servicer of the loan is Select Portfolio Servicing, Inc. ("SPS"). [Doc. 29] at p. 1. The Plaintiff is seeking leave of court to amend his Complaint and add DLJ and SPS as parties. *Id.* The Plaintiff should not be permitted to drag out this litigation any longer by amending pleadings, supplementing pleadings, or adding new parties. Any proposed amendment or supplementation is futile, and this Court should deny the Motion for Leave and promptly dismiss the case.

## ARGUMENT AND CITATION OF AUTHORITY

A.  STANDARD OF REVIEW

To begin, it is necessary to clarify what the Plaintiff's motion asks for and how it should be reviewed. The Plaintiff seeks relief under Fed. R. Civ. P. 15(a), to amend his Complaint, and Fed. R. Civ. P. 21, to add parties. However, Rule 15(a) – which governs amended pleadings – is not the correct rule. Rather, Rule 15(d), which governs supplemental pleadings, applies. "A supplemental pleading differs from an amended pleading in two respects. While an amended pleading relates to matters that occurred prior to the filing of the original pleading and entirely replaces such pleading, a supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading." *Habitat Educ. Center v. Kimbell*, 250 F.R.D. 397, 401 (E.D. Wisc. 2008) (citing 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Fed. Practice & Proc.* § 1504, at 183-84 (2d ed. 1990)); *see also Harris v. Garner*, 216 F.3d 970, 987 n.6 (11th Cir. 2000). New parties may be added through supplemental pleadings "if necessary." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226 (1964). Since the Plaintiff here is trying to file a new pleading to address an event that occurred in November 2021, and the Complaint was filed on August 18, 2021, the Plaintiff is attempting to supplement, not amend.

3

> Rule 15(d) provides that:
>
> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

In the Eleventh Circuit, the trial court is directed to review a Rule 15(d) motion the same as a Rule 15(a) motion for leave to amend. *Harris*, 216 F.3d at 987 n.6.

> The trial court has "extensive discretion" in deciding whether to grant leave to amend. *Campbell v. Emory Clinic,* 166 F.3d 1157, 1162 (11th Cir.1999). A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." *Id.* A claim is futile if it cannot withstand a motion to dismiss. *Fla. Power & Light Co. v. Allis Chalmers Corp.,* 85 F.3d 1514, 1520 (11th Cir. 1996); *see Burger King Corp. v. Weaver,* 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law").

*Atlanta Indep. Sch. Sys. v. S.F. ex rel. M.F.*, 740 F. Supp. 2d 1335, 1343 (N.D. Ga. 2010).

## B. IT WOULD BE FUTILE TO ALLOW THE PLAINTIFF TO SUPPLEMENT HIS COMPLAINT

To allow the Plaintiff to supplement his Complaint would clearly be a futile endeavor and any supplemental pleading would fail to state a claim upon which relief can be granted. The Plaintiff's brief in support of the instant Motion for

4

Leave shows that he is attempting to bring claims against DLJ and SPS that are grounded in the baseless assertion that the assignment executed in 2010 was fraudulent. *See* [Doc. 29-1] at pp. 2-5. As detailed in RL's Memorandum of Law in Support of its Motion to Dismiss, all such claims are barred by the doctrine of *res judicata* and/or collateral estoppel because there are two prior judgments on the merits that rejected the Plaintiff's challenges to the 2010 assignment. *See* [Doc. 12-1] at pp. 9-11. It makes no difference that DLJ and SPS were not parties to the prior case, as they are in privity with Bank of America, N.A., who was a party. *See Gilford v. Bank of New York Mellon as Trustee for CWALT, Inc.*, No. 1:18-cv-1567-SCJ-JSA, 2018 WL 4474648, at *8-9 (N.D. Ga. June 20, 2018) (citations omitted), *report and recommendation adopted*, 2018 WL 4473153 (N.D. Ga. July 26, 2018).

Even if the Plaintiff was trying to assert that the most recent assignment of the security deed was improper or fraudulent, the claims would still be subject to immediate dismissal because the Plaintiff lacks standing to dispute any assignment of his security deed. *Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620 (Ga. 2016). Thus, there is no doubt that any supplemental pleading would be futile and the Plaintiff's Motion should be denied and this case dismissed.

5

## CONCLUSION

Based on the foregoing, RL respectfully requests that this Court deny the Plaintiff's Motion for Leave.

Respectfully submitted, this 14th day of January, 2022.

                     */s/ Bret J. Chaness*
                     BRET J. CHANESS (GA Bar No. 720572)
                     **RUBIN LUBLIN, LLC**
                     3145 Avalon Ridge Place, Suite 100
                     Peachtree Corners, GA 30071
                     (678) 281-2730 (Telephone)
                     (470) 508-9203 (Facsimile)
                     bchaness@rlselaw.com

                     *Attorney for Rubin Lublin, LLC*

## **FONT CERTIFICATION**

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 14th day of January, 2022.

            */s/ Bret J. Chaness*
            BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 14th day of January, 2022, served all parties in this matter with the within and foregoing via CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)