IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS, | |
|    Plaintiff, | |
| v. | CIVIL ACTION NOS.<br>1:21-cv-03369-WMR<br>1:22-cv-00272-WMR |
| BANK OF AMERICA, N.A., et al., | |
|    Defendants. | |

## RESPONSE TO PLAINTIFF'S MOTION TO SET ASIDE ORDER

COME NOW, Rubin Lublin, LLC, Select Portfolio Servicing, Inc., and DLJ Mortgage Capital, Inc., and file this Response to the Plaintiff's Motion for Recusal and to Set Aside Order [Doc. 50], respectfully showing this Honorable Court as follows:

## INTRODUCTION

On March 28, 2022, this Court held a very thorough hearing on all pending motions in the above-captioned cases. During the hearing, the Plaintiff repeatedly argued that Magistrate Judge Baverman and Retired Judge Duffey should not have decided one of his many prior cases on the merits because the security deeds that

1

they executed at some prior point in time were, either now or previously, held by Mortgage Electronic Registration Systems, Inc. ("MERS").

This Court made clear to the Plaintiff that it did not believe this would constitute a conflict of interest requiring recusal. Nevertheless, the Plaintiff has again scoured the deed records to locate a security deed executed by Judge Ray and his wife in favor of MERS. Without citation to any authority showing that this would create a conflict of interest, the Plaintiff has now moved for Judge Ray to be recused. Further, he has moved under Rule 60 to set aside a non-existent order dismissing the above-captioned cases. The Plaintiff's motion must be immediately denied.

### ARGUMENT AND CITATION OF AUTHORITY

**A.    THERE IS NO ORDER TO BE SET ASIDE**

The first sentence of the Plaintiff's motion asks the "court to set aside and or vacate his Order of Dismissal in the above action for cause pursuant to Fed. Rule Civil Procedure 60(b)(6)." [Doc. 50] at p. 1. Although the Court announced that it would be granting the Motions to Dismiss and dismissing the cases in their entirety, the Court has not yet entered any order dismissing the cases, so there is nothing to set aside.

Even if an order had been entered, the Plaintiff is completely off base in seeking to have it set aside and Judge Ray recused. "A judge's improper failure to recuse himself may constitute grounds for relief under Rule 60(b)." *Guthrie v. Wells Fargo Home Mortg. NA*, 706 F. App'x 975, 977 (11th Cir. 2017) (citing *Curves, LLC v. Spalding County, Ga.*, 685 F.3d 1284, 1287-88 (11th Cir. 2012)). Here, the Plaintiff claims without any citation to authority (in violation of LR 7.1(A)(1)) that the security deed in favor of MERS somehow makes Judge Ray "affiliated with [MERS]" and therefore there is "an obvious conflict of interest as defined by 28 U.S.C. § 455." [Doc. 50] at p. 3.

> Section 455 requires recusal of a judge in a host of specific circumstances listed in 28 U.S.C. § 455(b), and "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Although § 455 "liberalize[d] greatly the scope of disqualification in federal courts[,]" *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001) (quoting *United States v. Alabama*, 828 F.2d at 1541) and relieves litigants of the strict procedural predicates mandated by § 144, it does not invite recusal whenever it is requested by a party. Rather, recusal under subsection (a) is appropriate only where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality . . . ." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotations omitted). While any doubts must be resolved in favor of recusal, *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014), cert. denied sub nom. *Moody v. Thomas*, 135 S. Ct. 437 (2014) (quoting *Patti*, 337 F.3d at 1321), "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." Id. (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)).

*Guthrie v. Wells Fargo Home Mortg. NA*, No. 1:13-cv-04226-RWS [Doc. 119] at pp. 7-8 (N.D. Ga. March 26, 2012).

The Eleventh Circuit has held that "consumer transactions made in the ordinary course of business do not warrant recusal." *Guthrie*, 706 F. App'x 975, 977 (citing *Delta Air Lines v. Sasser*, 127 F.3d 1296, 1297-98 (11th Cir. 1997)). And that is all that the Plaintiff presents here – a standard consumer transaction whereby a judge obtained a mortgage loan on arm's length terms like any other person. In fact, the Plaintiff is not the first to raise the exact issue regarding MERS or other lenders with whom a judge has done business. Every known case has found there to be no conflict of interest. *See In re Zow*, No. 12-41944, 2013 WL 445385, at *2 (Bankr. S.D. Ga. Jan. 24, 2013) (citing *Townsend v. BAC Home Loans Serv., L.P.*, 461 F. App'x 367 (5th Cir. 2011); *In re U.S.*, 158 F.3d 26 (1st Cir. 1998); *Sasser*, 127 F.3d 1296).

In *Zow*, a debtor moved for Judge Susan Barrett to recuse herself because she "signed security deeds in which [MERS] is the nominee of [her] lender" and the debtor was pursuing claims against MERS. *Id.* at *1. Judge Barrett denied the motion, stating the following:

> After considering this matter, I do not think a reasonable observer informed of all the facts and circumstances would have any reason to doubt my impartiality. The mere fact that MERS is the nominee of any lender with whom I have a contractual duty to pay money does not raise reasonable concerns as to my impartiality. Furthermore, I

4

continue to think I can fairly and impartially consider the matters before me in this case. While I have recently refinanced my outstanding loans, the nature and terms of my transactions are standard and available to all qualified borrowers. The note and security deed are standard loan documents, common in almost every conventional home mortgage with MERS serving as the nominee of my lender. I have had no direct or personal relationship with MERS. There have been no defaults and my communication and payments continue to be with my lender not with MERS. It is highly unlikely that any of my transactions will give rise to any controversy. There is nothing unique about this case and controversy, nor my relationship with MERS that would cause a reasonable person to doubt my impartiality under these circumstances. *See Townsend v. BAC Home Loans Serv., L.P.,* 461 F. App'x 367 (5th Cir. 2011)(fact that the judge had a line of credit from Bank of America was a baseless reason for recusal in case against BAC Home Loans Servicing, L.P.); *In re U.S.,* 158 F.3d 26 (1st Cir. 1998) (district court not required to recuse in case prosecuting bank officials of a bank where judge and her husband had a delinquent loan with the bank); *see also Delta Air Lines, Inc. v. Sasser,* 127 F.3d 1296 (11th Cir. 1997) (finding judges were not required to recuse themselves on the ground that they accumulated and used frequent flyer miles, in a case where Delta Airlines sued a defendant for tortious interference with business relations, alleging the defendant illegally purchased airline tickets and frequent flier awards. The three judge panel of the Eleventh Circuit held they were not required to recuse themselves stating, "[I]t is clear to us that no reasonable person could question the impartiality of the panel judges under the instance circumstances. If [defendant's] position were the prevailing one, judges would be disqualified by the multitude of day-to-day consumer transactions, conducted in the ordinary course of the business of a vendor, in which judges must and do participate as do all other citizens.").

In the case currently before me, I am confident I can consider the merits of this case impartially and the nature of my transactions do not merit my recusal. I also am confident that a reasonable person with knowledge of all the facts and circumstances would not question my impartiality. For these reasons I deny Mr. Zow's motion for recusal.

*Id.* at *2-3.

The Plaintiff's allegations are indistinguishable from those in *Zow* and it is abundantly clear that there is no conflict of interest here that would require recusal under 28 U.S.C. § 455. If the Plaintiff's theory was correct, the judicial system would grind to a halt in countless cases. For example, the Plaintiff's theory would require that a case with Visa, MasterCard, and American Express as parties be assigned to a judge without any credit cards, which is surely a near impossibility. The Plaintiff is just grasping at straws to try to further harass the Defendants and drag out this litigation to try to further delay a foreclosure sale. His motion should be quickly denied.

## **CONCLUSION**

Based on the foregoing, Rubin Lublin, LLC, Select Portfolio Servicing, Inc., and DLJ Mortgage Capital, Inc. respectfully request that this Court deny the Plaintiff's Motion to Set Aside Order.

Respectfully submitted, this 31st day of March, 2022.

                                                  */s/ Bret J. Chaness*
                                                  BRET J. CHANESS (GA Bar No. 720572)
                                                  **RUBIN LUBLIN, LLC**
                                                  3145 Avalon Ridge Place, Suite 100
                                                  Peachtree Corners, GA 30071
                                                  (678) 281-2730 (Telephone)
                                                  (470) 508-9203 (Facsimile)
                                                  bchaness@rlselaw.com

                                                  *Attorney for Rubin Lublin, LLC, Select*
                                                  *Portfolio Servicing, Inc., and DLJ Mortgage*
                                                  *Capital, Inc.*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 31st day of March, 2022.

                                      */s/ Bret J. Chaness*
                                      BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 31st day of March, 2022, served all parties in this matter with the within and foregoing via CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)