# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>　　Defendants. | CIVIL ACTION NO.<br>1:21-cv-03369-WMR |

## ORDER

Plaintiff has filed a motion to recuse the undersigned in this action and has included the undersigned's purported land records along with his motion. [*See* Doc. 50.] Although there is a "common-law right of access to judicial proceedings," the "right of access is not absolute" and "may be overcome by a showing a good cause," which requires balancing the right of access with the interest in keeping the information confidential. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). The Court considers various factors, such as:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246.

The Court finds there is good cause to seal Plaintiff's motion. Among other reasons, the purported land records concern a public official, contain personal information that could harm the undersigned's legitimate privacy interests, create possible safety threats, and could lead to serious injury. Indeed, as one judge recently recognized, other "[c]ourts have found good cause exists to redact the home addresses of government employees because of safety concerns." *Malhan v. Grewal*, 2020 WL 6689753, at *3 (D.N.J. Nov. 13, 2020) (collecting cases). Accordingly, the Clerk is **DIRECTED** to seal or otherwise redact Plaintiff's motion. [*See* Doc. 50.]

While the Court does not believe Plaintiff acted with malicious intent, the Court nonetheless is troubled by Plaintiff's decision to file the undersigned's purported land records without sealing or redacting them. To be sure, land records are available to the public, but Plaintiff's decision to file these records demonstrates a cavalier attitude regarding the safety of public officials. Accordingly, Plaintiff is **ORDERED** to redact personal identifying information in any similar future filings.

**IT IS SO ORDERED**, this 1st day of April, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE