IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., et al., )<br>)<br>)<br>    Defendants. )<br>) | CIVIL ACTION FILE<br>NO.  1:21-cv-03369-WMR |

**DEFENDANTS' RESPONSE TO "PLAINTIFF'S MOTION FOR THE COURT TO SET ASIDE OR VACATE HIS ORDER OF DISMISSAL FOR CAUSE"  [DOC. 50]**

COME NOW, Defendant Defendants Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, which is formerly known as Countrywide Home Loans Servicing, LP[1] ("BANA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP Holdings, Inc.[2]

---

[1] As of July 1, 2011, BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, L.P. no longer exists as a legal entity, as it merged with and into Bank of America, N.A.

[2] Plaintiff erroneously names "Mortgage Electronic Registration Systems, Inc. a/k/a MERSCORP, Inc." as a Defendant. However, Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc. (f/k/a MERSCORP Inc.) are separate entities and each will respond in its own capacity.

1

("MERSCORP")³, and McGuireWoods LLP ("McGuireWoods") (collectively "Defendants"), and file this Response to the Plaintiff's "Motion for the Court to Set Aside or Vacate his Order of Dismissal for Cause" [Doc. 50] ("Motion"), respectfully showing this Honorable Court as follows:

I. **INTRODUCTION**

On March 28, 2022, this Court held a very thorough hearing in this case. During the hearing, the Plaintiff repeatedly argued that your Honor should not have decided this case on the merits because the security deed that he executed at some prior point in time were, either now or previously, held by MERS.

This Court made clear to the Plaintiff that it did not believe this would constitute a conflict of interest requiring recusal. Nevertheless, the Plaintiff has again scoured the deed records to locate a security deed executed by Judge Ray and his wife in favor of MERS. [Doc. 50, generally]. Without citation to any authority showing that this would create a conflict of interest, the Plaintiff has now moved under Rule 60 to set aside a future dismissal in this case. The Plaintiff's Motion must be immediately denied as meritless.

---

³ Both MERS and MERSCORP have not been served with a copy of the Summons and Complaint, nor executed a waiver of service as required pursuant to Fed. R. Civ. P. 4(h). MERS and MERSCORP do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions.

## II.  ARGUMENT AND CITATION OF AUTHORITY

### A. LEGAL STANDARD

A Rule 60(b) motion can be granted for (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence that could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, reversed, or vacated, or that is no longer equitable when applied prospectively; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"The purpose of a Rule 60(b) motion is to permit the trial court to reconsider matters so that it can correct obvious errors or injustices and perhaps obviate the laborious process of appeal." *Berber v. Wells Fargo*, NA, No. 20-13222, 2021 WL 3661204, at *2 (11th Cir. Aug. 18, 2021). "By its very nature, [Rule 60(b)] seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Aldana v. Del Monte Fresh Produce Inc.*, 741 F.3d 1349, 1355 2014) (*quoting Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). Rule 60(b) motions are directed to the sound discretion of the district court, and we will set aside the denial of relief

from such motion only for abuse of that discretion." *Cheney v. Anchor* Glass Container Corp., 71 F.3d 848, 849 n.2 (11th Cir. 1996).

The Fifth Circuit has also delineated factors that should inform the district court's consideration of a motion under Rule 60(b): (**1**) final judgments should not be lightly disturbed; (**2**) a Rule 60(b) motion is not to be used as a substitute for appeal; (**3**) the rule should be liberally construed in order to achieve substantial justice; (**4**) whether the motion was filed within a reasonable time; (**5**) whether, if the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (**6**) whether, if the judgment was rendered after a trial on the merits, the movant had a fair opportunity to present his claim or defense; (**7**) whether there are intervening equities that would make it inequitable to grant relief; and (**8**) any other factors relevant to the justice of the judgment under attack. *United States v. Gould*, 301 F.2d 353, 356 (5th Cir. 1962) (quoting 7 Moore's Federal Practice Guide ¶ 60.19, at 237-39).

The "[r]elief under Rule 60(b)(6), however, is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Horton v. Hand*, 785 F. App'x 704, 706 (11th Cir. 2019); *Griffin v. Swim-Tech Corp.*, 722

F.2d 677, 680 (11th Cir. 1984). Under Rule 60(b)(6), "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Id*.

As discussed below, Plaintiff has not demonstrated "exceptional circumstances" nor does he offer justifications for relief so compelling that this Court is required to grant the Motion.

### B. There is No Order to Be Set Aside.

The first sentence of the Plaintiff's motion asks the "court to set aside and or vacate his Order of Dismissal in the above action for cause pursuant to Fed. Rule Civil Procedure 60(b)(6)." [Doc. 50] at p. 1. Although the Court announced that it would be granted the Defendants' Motion to Dismiss and dismiss the case in its entirety, the Court has not yet entered any order dismissing the case, so there is nothing to set aside.

### C. Plaintiff's Motion is Meritless.

Plaintiff's Motion is also meritless as Plaintiff has not demonstrated a basis to set aside a dismissal order under Fed. R. Civ. P. 60(b)(6) as to these Defendants.

In this case, the Plaintiff is completely off base in seeking to have it set aside and Judge Ray recused. "A judge's improper failure to recuse himself may constitute grounds for relief under Rule 60(b)." *Guthrie v. Wells Fargo Home*

5

*Mortg. NA*, 706 F. App'x 975, 977 (11th Cir. 2017) (citing *Curves, LLC v. Spalding County, Ga.*, 685 F.3d 1284, 1287-88 (11th Cir. 2012)). Here, the Plaintiff claims without any citation to authority (in violation of LR 7.1(A)(1)) that the Security Deed somehow makes Judge Ray "affiliated with [MERS]" and therefore there is "an obvious conflict of interest as defined by 28 U.S.C. § 455." [Doc. 50].

> Section 455 requires recusal of a judge in a host of specific circumstances listed in 28 U.S.C. § 455(b), and "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Although § 455 "liberalize[d] greatly the scope of disqualification in federal courts[,]" *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001) (quoting *United States v. Alabama*, 828 F.2d at 1541) and relieves litigants of the strict procedural predicates mandated by § 144, it does not invite recusal whenever it is requested by a party. Rather, recusal under subsection (a) is appropriate only where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality . . . ." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotations omitted). While any doubts must be resolved in favor of recusal, *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014), cert. denied sub nom. *Moody v. Thomas*, 135 S. Ct. 437 (2014) (quoting *Patti*, 337 F.3d at 1321), "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." Id. (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)).

*Guthrie v. Wells Fargo Home Mortg. NA*, No. 1:13-cv-04226-RWS [Doc. 119] at pp. 7-8 (N.D. Ga. March 26, 2012).

6

The Eleventh Circuit has held that "consumer transactions made in the ordinary course of business do not warrant recusal." *Guthrie*, 706 F. App'x 975, 977 (citing *Delta Air Lines v. Sasser*, 127 F.3d 1296, 1297-98 (11th Cir. 1997)). And that is all that the Plaintiff presents here – a standard consumer transaction whereby a judge obtained a mortgage loan on arm's length terms like any other person. In fact, the Plaintiff is not the first to raise the exact issue regarding MERS or other lenders with whom a judge has done business. Every known case has found there to be no conflict of interest. *See In re Zow*, No. 12-41944, 2013 WL 445385, at *2 (Bankr. S.D. Ga. Jan. 24, 2013) (citing *Townsend v. BAC Home Loans Serv., L.P.*, 461 F. App'x 367 (5th Cir. 2011); *In re U.S.*, 158 F.3d 26 (1st Cir. 1998); *Sasser*, 127 F.3d 1296).

In *Zow*, a debtor moved for Judge Susan Barrett to recuse herself because she "signed security deeds in which [MERS] is the nominee of [her] lender" and the debtor was pursuing claims against MERS. *Id.* at *1. Judge Barrett denied the motion, stating the following:

> After considering this matter, I do not think a reasonable observer informed of all the facts and circumstances would have any reason to doubt my impartiality. The mere fact that MERS is the nominee of any lender with whom I have a contractual duty to pay money does not raise reasonable concerns as to my impartiality. Furthermore, I continue to think I can fairly and impartially consider the matters before me in this case. While I have recently refinanced my outstanding loans, the nature and terms of my transactions are

7

standard and available to all qualified borrowers. The note and security deed are standard loan documents, common in almost every conventional home mortgage with MERS serving as the nominee of my lender. I have had no direct or personal relationship with MERS. There have been no defaults and my communication and payments continue to be with my lender not with MERS. It is highly unlikely that any of my transactions will give rise to any controversy. There is nothing unique about this case and controversy, nor my relationship with MERS that would cause a reasonable person to doubt my impartiality under these circumstances. *See Townsend v. BAC Home Loans Serv., L.P.,* 461 F. App'x 367 (5th Cir. 2011)(fact that the judge had a line of credit from Bank of America was a baseless reason for recusal in case against BAC Home Loans Servicing, L.P.); *In re U.S.,* 158 F.3d 26 (1st Cir. 1998) (district court not required to recuse in case prosecuting bank officials of a bank where judge and her husband had a delinquent loan with the bank); *see also Delta Air Lines, Inc. v. Sasser,* 127 F.3d 1296 (11th Cir. 1997) (finding judges were not required to recuse themselves on the ground that they accumulated and used frequent flyer miles, in a case where Delta Airlines sued a defendant for tortious interference with business relations, alleging the defendant illegally purchased airline tickets and frequent flier awards. The three judge panel of the Eleventh Circuit held they were not required to recuse themselves stating, "[I]t is clear to us that no reasonable person could question the impartiality of the panel judges under the instance circumstances. If [defendant's] position were the prevailing one, judges would be disqualified by the multitude of day-to-day consumer transactions, conducted in the ordinary course of the business of a vendor, in which judges must and do participate as do all other citizens.").

In the case currently before me, I am confident I can consider the merits of this case impartially and the nature of my transactions do not merit my recusal. I also am confident that a reasonable person with knowledge of all the facts and circumstances would not question my impartiality. For these reasons I deny Mr. Zow's motion for recusal.

*Id.* at *2-3.

The Plaintiff's allegations are indistinguishable from those in *Zow* and it is abundantly clear that there is no conflict of interest here that would require recusal under 28 U.S.C. § 455. If the Plaintiff's theory was correct, the judicial system would grind to a halt in countless cases. For example, the Plaintiff's theory would require that a case with Visa, MasterCard, and American Express as parties be assigned to a judge without any credit cards, which is surely a near impossibility. The Plaintiff is just grasping at straws to try to further harass the Defendants and drag out this litigation to try to further delay a foreclosure sale. His motion should be quickly denied.

### III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court deny the Plaintiff's Motion.

This 4th day of April, 2022.

/s/ Allison Rhadans
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
ARhadans@mcguirewoods.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, N.A., et al., ) <br> ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION FILE <br> NO. 1:21-cv-03369-WMR |

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on the undersigned date, I electronically filed the foregoing ***RESPONSE TO "PLAINTIFF'S MOTION FOR THE COURT TO SET ASIDE OR VACATE HIS ORDER OF DISMISSAL FOR CAUSE" [DOC. 50]*** with the Clerk of the Court using the CM/ECF System, which will electronically deliver a copy to counsel of record, and served a true and correct copy of same on the undersigned individual(s) via First-Class Mail, postage prepaid, addressed to:

Keith Thomas
Post Office Box 960242
Riverdale, Georgia 30296

I further certify that I prepared this document in 14 point Times New Roman

font and complied with the margin and type requirements of this Court.

This 4th day of April, 2022.

/s/ Allison Rhadans
Allison Rhadans
Georgia Bar No. 940557