IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | CIVIL ACTION NOS.<br>1:21-cv-03369-WMR<br>1:22-cv-00272-WMR |

**OPINION AND ORDER**

Plaintiff Keith Thomas is no stranger to this Court. By this Court's count, this case represents at least his fourth visit, all for the purpose of challenging a 2010 assignment of a security deed, and ostensibly, trying to delay the foreclosure sale of his home, which he has admittedly been living in without making any mortgage payments since 2010.

The instant case is now before the Court on several pending motions: (1) Motion to Dismiss filed by defendants Bank of America, N.A. ("BANA"), McGuireWoods LLP ("MW"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP Holdings, Inc.[1] ("MERSCORP") [Doc. 10]; (2)

---

[1] Plaintiff named "Mortgage Electronic Registration Systems, Inc. a/k/a MERSCORP, Inc." as a Defendant. However, Mortgage Electronic Registration

1

Motion to Dismiss filed by Rubin Lublin, LLC ("RL") [Doc. 12]; (3) Motion to Dismiss filed by Select Portfolio Servicing, Inc. ("SPS") and DLJ Mortgage Capital, Inc. ("DLJ") [Doc. 45]; (3) two Motions to Disqualify Counsel filed by the Plaintiff [Docs. 18, 46]; and (4) Motion for Leave of Court to Add a Party filed by the Plaintiff [Doc. 29]. The Court held a hearing on the pending motions on March 28, 2022. For the reasons stated herein, the Court will **GRANT** the Motions to Dismiss, **DENY AS MOOT** the Motions to Disqualify Counsel, and **DENY AS MOOT** the Motion for Leave of Court to Add a Party. Further, the Court will order service to be perfected against Northstar Mortgage Group, LLC pursuant to Fed. R. Civ. P. 4(m).

## FACTS AND PROCEDURAL HISTORY

The Plaintiff obtained the mortgage loan at issue in 2007 from Northstar Mortgage Group, LLC ("Northstar"). *See* [Doc. 1] at ¶ 9. To secure repayment of this loan, the Plaintiff conveyed the real property located at 2655 West Road, Riverdale, Georgia 30296 ("Property") to MERS as nominee for Northstar, its successors and assigns, via security deed recorded on June 25, 2007, in Deed Book

---

Systems, Inc. and MERSCORP Holdings, Inc. (f/k/a MERSCORP Inc.) are separate entities.

2

45245, Page 448, Fulton County, Georgia records (the "Security Deed").[2] *See* [Doc. 12-1].

On August 23, 2010, MERS assigned the Security Deed to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP (the "Assignment"). *See* [Doc. 1] at pp. 20-21. MERS executed a Corrective Assignment on December 19, 2011, to Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP (the "Corrective Assignment"). *Id.* at p. 23. The Corrective Assignment contains a note that it was "**NEEDED TO CORRECT THE EXECUTION**". *Id.* (emphasis in original).

The Plaintiff claims that the Assignment and Corrective Assignment are fraudulent and were created "to support Bank of America's ongoing fraudulent discriminatory efforts preventing this plaintiff from conducting any transactions with his residential property." *Id.* at ¶ 4. The supposed reason why these documents are "fraudulent" is because the Plaintiff claims that Northstar's residential mortgage license was revoked by the Georgia Department of Banking and Finance on February 1, 2010. *See id.* at ¶ 3. Since the Security Deed was assigned in 2010, the Plaintiff claims that "Bank of America have [*sic*] fraudulently demanded money from the

---

[2] This Court can take judicial notice of public records on a Motion to Dismiss without converting the motion to one for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.2d 1271, 1280 (11th Cir. 1999).

plaintiff via U.S. Mail and other interstate commerce methods of communication." *Id.* at ¶ 8. However, the Plaintiff admits that he has not made any payments since 2010, claiming that he only performed under the contract until the time that Northstar ceased to exist. *Id.* at ¶ 9. The Plaintiff claims that Northstar was administratively dissolved by the Georgia Secretary of State in January 2010. *Id.* at ¶ 10. According to the Plaintiff's allegations, certain documents on file with the Georgia Secretary of State – which he fails to identify or attach as exhibits – fail to show that Northstar claimed any interest in the Property at the time of its dissolution. *Id.* at ¶ 11.

BANA's attorneys (who are not identified) allegedly began sending foreclosure notices to the Plaintiff in May 2010. *Id.* at ¶ 12. In response to these foreclosure notices, the Plaintiff filed for bankruptcy in this district, which began his string of lawsuits challenging Bank of America's right to enforce the Security Deed. *Id.* at ¶ 12.

The Plaintiff claims that he filed an adversary proceeding against Bank of America, "challenging [its] authority to conduct a foreclosure against him in or around June 2010." *Id.* The only adversary proceeding that the Plaintiff filed around this time was on July 23, 2010. *See Thomas v. Bank of Am., N.A. (In re Thomas)*, No. 10-09064-jrs (Bankr. N.D. Ga.). The Plaintiff claims here that Judge Sacca held an injunction hearing in June 2010 and "noted that Bank of America lacked standing

4

to proceed against this plaintiff in any manner pertaining to a real property foreclosure . . . ." [Doc. 1] at ¶ 13. In actuality, Judge Brizendine was the judge assigned at the time, and he entered an order on August 5, 2010, that "Plaintiff-Debtor's emergency motion to set hearing on request for injunctive relief be, and the same hereby is, **denied** as said relief appears unnecessary given that the automatic stay is in place." *In re Thomas* at [Doc. 8] (emphasis in original). This adversary proceeding was dismissed on March 7, 2011, because the underlying bankruptcy case was dismissed on November 19, 2010. *Id.* at [Doc. 25]. The Plaintiff appealed the dismissal of the underlying bankruptcy case to this Court, where it was affirmed. *See In re Thomas*, No. 1:11-cv-1608-WSD, [Doc. 11] (N.D. Ga. Sept. 21, 2011).

Shortly after this first bankruptcy case was dismissed, the Plaintiff filed a second bankruptcy case (No. 10-95887), and filed another adversary proceeding against BANA. *See Thomas v. Bank of Am. Home Loan Servicing LP. (In re Thomas)*, No. 11-05079-jrs (Bankr. N.D. Ga.). There was very little activity in this second adversary, and it was eventually dismissed on February 19, 2014, due to the underlying bankruptcy case being dismissed on April 6, 2011. *Id.* at [Doc. 9]. This was not the end of the Plaintiff's litigation, however.

During the midst of his second bankruptcy case, the Plaintiff filed *Thomas I* against Bank of America, N.A., BAC Home Loan Servicing, LP, McCalla Raymer,

5

LLC, Countrywide Bank, FSB, Northstar, MERS, and MERSCORP (Civil Action No. 1:11-cv-00391). As evidenced by the Final Report and Recommendation issued by Magistrate Judge Baverman on January 10, 2013, the Plaintiff was – as he is here – challenging Bank of America's right to enforce the Security Deed by claiming that the assignments were fraudulent. *See Thomas I* at [Doc. 118], p. 7 ("As a result, Plaintiff contends, 'the assignment document was and is fraudulent in nature . . . .'"); *see also id.*at pp. 26-27; 40-41. All the Plaintiff's claims were dismissed with prejudice on February 4, 2013. *See Thomas I* at [Doc. 123]. The Plaintiff appealed the dismissal to the Eleventh Circuit, which affirmed. *See* 557 F. App'x 873 (11th Cir. 2014).

Shortly after this Court dismissed *Thomas I*, the Plaintiff filed *Thomas II* in Fulton County Superior Court. *See Thomas v. Northstar, BANA, MERS and MERSCORP,* No. 2013CV227759 (Fulton Cnty. Super. Ct.). The case was removed to this Court as Case No. 1:13-cv-01038-WSD, but remanded on October 16, 2013, for lack of subject matter jurisdiction. In this case, the Plaintiff sought to quiet title to the Property, alleging that the assignments "attributed to MERS were unauthorized, fraudulent and cast a cloud upon plaintiff's residential property referred to within this complaint." *See* No. 1:13-cv-01038-WSD at [Doc. 1-1], p. 13. Back in Superior Court, the case was assigned to a Special Master who issued an

Order and Opinion on August 20, 2014 (the "Special Master Order"). *See* [Doc. 12-3]. The Special Master found that *Thomas II* was barred by *res judicata* due to the dismissal with prejudice of *Thomas I* and that the Plaintiff had otherwise failed to state a claim upon which relief can be granted. *Id.* Judge Constance Russell adopted the Special Master Order as the final order of the Court on December 29, 2014 (the "Final Order"). *See* [Doc. 12-4]. The Plaintiff appealed the Final Order to the Georgia Court of Appeals, which affirmed on June 9, 2016. *See* [Doc. 12-5].

Thereafter, the Plaintiff filed *Thomas III* in Fulton County Superior Court (2014CV249678). *See Thomas v. Northstar, BANA, MERS, MERSCORP, and McCalla Raymer*, No. 2014CV 249678 (Fulton Cnty. Super. Ct.). On April 27, 2015, the Court granted the defendants motion for summary judgment and held that the claims were barred by res judicata and collateral estoppel. *See* [Doc. 10-4, pp. 32-35]. Plaintiff appealed that final order to the Georgia Court of Appeals, which affirmed on January 7, 2020. *See* [Doc. 10-4, pp. 43-47].

The Plaintiff filed yet another lawsuit in this Court on October 26, 2020 ("*Thomas IV*"). *See Thomas v. Northstar, BANA, MERS, MERSCORP, and MW* (Civil Action No. 1:20-cv-04370-WMR). The case was dismissed for lack of subject matter jurisdiction on December 10, 2020. [Doc. 14].

Rubin Lublin (RL) is not alleged to have any involvement with the Plaintiff until April 6, 2021 – after the dismissal of *Thomas IV*. *See* [Doc. 1] at ¶ 16. That is when the Plaintiff claims that RL "continued the ongoing fraudulent campaign against the plaintiff on the [sic] behalf of Bank of America by serving written notices on the plaintiff via U.S. Mail of their intent to initiate yet another fraudulent foreclosure proceeding against the plaintiff . . . ." *Id.*

Case No. 1:21-cv-03369-WMR was filed on August 18, 2021. In the Complaint, the Plaintiff attempts to plead the following claims: (1) violations of the Civil Rights Act of 1866 and 42 U.S.C. § 1982, [Doc. 1] at ¶ 18; (2) violations of 18 U.S.C. § 1961 "Mail Fraud" and 18 U.S.C. § 1962 RICO, *id.* at ¶ 17; (3) fraud, *id.* at p. 13, ¶ 18; and (4) civil conspiracy, *id.* at p. 19, ¶ 18. Northstar has also been named as a Defendant in this case, but there is no evidence that it has been served with process.

BANA, MW, MERS, and MERSCORP jointly filed a Motion to Dismiss for failure to state a claim upon which relief can be granted on September 10, 2021. [Doc. 10]. RL filed its own Motion to Dismiss on September 13, 2021. [Doc. 12]. On September 23, 2021, the Plaintiff filed a Motion to Disqualify Counsel. [Doc. 18]. In that motion, the Plaintiff seeks to disqualify MW as counsel for BANA, MERS, and MERSCORP on the grounds that lawyers and paralegals from the firm

will allegedly be fact witnesses in this case. *Id.* at p. 2.  BANA, MW, MERS, and MERSCORP have opposed Plaintiff's Motion to Disqualify Counsel. [Doc. 21]. On December 29, 2021, the Plaintiff filed a Motion for Leave of Court to Add a Party. [Doc. 29]. In that motion, the Plaintiff asserts that the Security Deed has been assigned to DLJ and that the new servicer of the loan is SPS. [Doc. 29] at p. 1. The Plaintiff is seeking leave of court to amend his Complaint and add DLJ and SPS as parties. *Id.*

However, without waiting for an order on the Motion for Leave of Court, the Plaintiff filed Case No. 1:22-cv-00272-WMR, against DLJ and SPS. [Doc. 44]. The Complaint in the second case shows that it is nearly identical to the first case and based on the sale allegations of fraud with respect to the assignments of the Security Deed. Just like in Case No. 1:21-cv-03369-WMR, the Plaintiff again moved to disqualify counsel on the basis that they are allegedly fact witnesses. [Doc. 46]. DLJ and SPS moved to dismiss this case on the basis that it is barred by the claims-splitting doctrine, res judicata, and collateral estoppel. [Doc. 45].

Following the hearing on March 28, 2022, the Court ordered the two cases consolidated. [Doc. 43]. All pending motions have been fully briefed and are ripe for determination.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    MOTIONS TO DISMISS**

The Court will first address the Motions to Dismiss. [Docs. 10, 12, 45]. This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Both motions primarily seek to dismiss all claims on the basis that they are barred by the doctrines of *res judicata* and/or collateral estoppel. *See* [Doc. 10-1] at pp. 10-15; [Doc. 12-1] at pp. 9-11; [Doc. 45-1] at pp. 12-17.[3] Specifically, the

---

[3] DLJ and SPS also moved to dismiss on the basis that Case No. 1:22-cv-00272-WMR was filed in violation of the claim-splitting doctrine. "It is well settled that a plaintiff 'may not file duplicative complaints in order to expand their legal rights."

10

Defendants contend that this case, and each of the Plaintiff's prior lawsuits, are a challenge to the Assignment and Corrective Assignment and BANA's standing to enforce the Security Deed.

   1. *Res judicata*

Under federal preclusion principles,

> a party seeking to invoke the doctrine [of *res judicata*] must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

*In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). The Court agrees that all four elements have been satisfied.

   *First*, the judgments in *Thomas I*, *Thomas II,* and *Thomas III* were rendered by courts of competent jurisdiction. This Court had federal question jurisdiction in *Thomas I*, as the case presented at least two claims under federal law – the Fair Debt Collection Practices Act and Real Estate Settlement Procedure Act. See *Thomas I* at [Doc. 118], p. 3. The Fulton County Superior Court has general jurisdiction in all

---

*Vanover v. NCO Fin Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citations omitted). The "test for claim splitting 'is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit.'" *Id.* (quoting *Kantz v. Gerardi*, 655 F.3d 1212, 1218-19 (10th Cir. 2011)). Because the two cases have since been consolidated, the Court finds it unnecessary to address the claim-splitting doctrine.

cases, and exclusive jurisdiction over "cases respecting title to land." Ga. Const. Art. 6, § 4, ¶ 1. Therefore, its jurisdiction was proper in *Thomas II* and *Thomas III*, and the first element of *res judicata* has been met.

*Second*, there were final judgments on the merits in *Thomas I*, *Thomas II,* and *Thomas III*. These cases were dismissed for failure to state a claim upon which relief can be granted. The Order Adopting the Final Report and Recommendation in *Thomas I* stated that the "Plaintiff's Amended Complaint [76] is **DISMISSED WITH PREJUDICE**." *Thomas I* at [Doc. 123], p. 11. The Final Order in *Thomas II* adopted the Special Master Order, which granted a motion for judgment on the pleadings. *See* Ex. A at p. 9. The Final Order in *Thomas III* granted the defendants' motions for summary judgment and held that the claims were barred by res judicata and collateral estoppel. *See* [Doc. 10-4, pp. 32-35]. Such dismissals are considered decisions on the merits for preclusion purposes. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (citations omitted).

*Third*, *Thomas I*, *Thomas II,* and *Thomas III* all involved nearly the exact same parties as the instant case. The only difference is the addition of RL, which as the Plaintiff admitted, is the law firm hired by Bank of America. However, attorneys are in privity with their clients for purposes of *res judicata*. *Bouldin v. Mortg. Elec. Registration Sys., Inc.*, No. 1:14-CV-03214-TCB-RGV, 2015 WL 11517084, at *7

(N.D. Ga. Feb. 5, 2015), *report and recommendation adopted*, 2015 WL 11622462 (N.D. Ga. Feb. 23, 2015) (finding RL to be in privity with Bank of America when it was retained to pursue foreclosure). Thus, the third prong is satisfied.

*Fourth* and finally, all cases involve the same causes of action. To determine whether "the same cause of action is involved in both cases," this Court "must examine the factual issues that must be resolved in the second suit and compare them with the issues explored in the first case." *In re Piper Aircraft Corp.,* 244 F.3d at 1299 (quoting *Pleming v. Universal-Rundle Corp.,* 142 F.3d 1354, 1357-58 (11th Cir. 1998)). Specifically, it must be determined whether the second case involves "legal theories and claims arising out the same operative nucleus of fact." *Id.* Here, all claims in the Complaint are grounded entirely on the allegation that BANA cannot foreclose because the assignments of the security deed are claimed to be fraudulent. This argument has been rejected three times – and affirmed on appeal each time – and the Plaintiff cannot re-litigate the issue. All four elements of *res judicata* are therefore satisfied.

2. *Collateral estoppel*

As noted above, the Defendants moved to dismiss on the basis of both *res judicata* and collateral estoppel. Where "claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion,

13

may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). "Collateral estoppel, or issue preclusion, 'recognizes that suits addressed to particular claims may present issues relevant to suits on other claims' ... and requires that the identical issue in question was actually litigated and necessary to the judgment of an earlier suit." *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (citation omitted).

> The following elements must be established before collateral estoppel applies: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case.

*In re Se. Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir. 1995).

In resolving a claim of issue preclusion, "[a] court 'must look to the factual issues to be resolved [in the second cause of action], and compare them with the issues explored in' the first cause of action." *Manning*, 953 F.2d at 1359 (quoting *S.E.L. Maduro v. M/V Antonio De Gastaneta*, 833 F.2d 1477, 1482 (11th Cir. 1987)). "[A] consideration of 'actually litigated' is not addressed to the quality or quantity of evidence or argument presented. Instead, it only requires that an issue was

effectively raised in the prior action, and that the adverse party had a fair opportunity to contest the issue." *In re Betts*, 174 B.R. 636 (Bankr. N.D. Ga. 1994).

Here, it is apparent that the Plaintiff actually litigated issues challenging the Assignment, Corrective Assignment, and BANA's standing to enforce the Security Deed in *Thomas I, Thomas II*, and *Thomas III*. Indeed, as set forth above, Plaintiff actually raised all of the same arguments in *Thomas I, Thomas II*, and *Thomas III*, and these cases were dismissed with prejudice. Specifically, in *Thomas I*, the Plaintiff's claims were all grounded on the allegation that the assignments of the Security Deed to Bank of America were fraudulent. Magistrate Judge Baverman thoroughly addressed each of Plaintiff's claims and related issues, including Plaintiff's general argument regarding the validity of foreclosure based on Plaintiff's erroneous claim that Bank of America lacked standing to foreclose due to the allegedly fraudulent nature of the assignments. The Report and Recommendation (R&R) issued by Magistrate Baverman specifically found that Plaintiff lacked standing to challenge the assignments of his Security Deed. *See* [Doc. 10-2, p. 70].

The R&R was adopted by Judge Duffey and affirmed by the Eleventh Circuit. *See* [Doc. 10-2, pp. 131-139]. As a result, all issues addressed by the R&R preclude Plaintiff from litigating the issues that actually were litigated or could have been litigated in the prior lawsuits. *See* [Doc. 10-2, pp. 45-113]. The Court therefore finds

that collateral estoppel also precludes the Plaintiff from bringing the claims in this lawsuit, and this Court will **GRANT** the motions to dismiss on the basis that the claims are barred by *res judicata* and collateral estoppel. The Court further finds that any attempt to amend would be futile, and therefore, the Plaintiff will not be granted leave to file an amended complaint.

### B. MOTIONS TO DISQUALIFY COUNSEL

Next, the Court will address the Plaintiff's Motions to Disqualify Counsel. [Doc. 18, 46]. The basis for both motions is that lawyers at MW and RL will allegedly be fact witnesses in this case. Since the Court is granting the Motions to Dismiss and this case will not be proceeding to any discovery or trial, the Motion to Disqualify Counsel is **DENIED AS MOOT**.[4]

---

[4] The Court further notes that the Motions to Disqualify Counsel failed to comply with LR 7.1(A)(1) (N.D. Ga.) by failing to support any factual assertions with affidavits. If the motion was not moot, it would have been denied for failing to comply with this rule. Additionally, the Court notes that Ga. R. Prof'l Conduct 3.7, the rule the motion is based on, does not apply to the disqualification of firms, only to individual attorneys. *See* Ga. R. Prof'l Conduct 3.7(b). The Plaintiff's motion is improperly directed at an entire firm. Further, "federal courts construing the 'advocate-witness rule' have held that it generally does not apply to pretrial proceedings and that it does not require that a lawyer be disqualified from motions practice." *Bauman by & Through Sumner v. Publix Super Markets, Inc.*, No. 3:15-CV-00075-TCB, 2015 WL 13658206, at *2 (N.D. Ga. Sept. 3, 2015) (collecting cases). This case is only at the pleading and initial motion stage.

## C. MOTION FOR LEAVE OF COURT TO ADD A PARTY

In the Plaintiff's Motion for Leave of Court to Add a Party, he seeks to add DLJ and SPS as parties to Case No. 1:21-cv-03369-WMR because he asserts that the Security Deed has been assigned to DLJ in November 2021, and that the new servicer of the loan is SPS. [Doc. 29] at p. 1. RL has opposed this motion, arguing that it would be futile to allow the Plaintiff to add these parties. [Doc. 30]. As DLJ and SPS have been made parties by virtue of consolidation with Case No. 1:22-cv-00272-WMR, the Motion to Leave of Court is **DENIED AS MOOT**.

## D. SERVICE OF PROCESS ON NORTHSTAR

As noted above, the Plaintiff also named Northstar as a defendant. However, there is no evidence of service on Northstar. Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This case was filed more than 90 days ago. The Plaintiff is hereby notified that the Court will dismiss all claims against Northstar without prejudice unless service is perfected within **seven (7)** days of entry of this Order.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** as follows:

a) The Motions to Dismiss [Docs. 10, 12, 45] are **GRANTED**;

b) The Motions to Disqualify Counsel [Docs. 18, 46] are **DENIED AS MOOT**;

c) The Motion for Leave of Court to Add a Party [Doc. 29] is **DENIED AS MOOT**;

d) The Court finds that the Plaintiff's claims cannot be saved by any amendment and therefore amendment would be futile and leave to amend is **DENIED**; and,

e) This claims against Northstar will be dismissed without prejudice unless evidence of service of process on Northstar is filed within seven (7) days of entry of this Order.

**SO ORDERED**, this _____ day of April, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

**PREPARED AND PRESENTED BY:**

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(470) 508-9203 (Facsimile)
bchaness@rlselaw.com
*Attorney for Rubin Lublin, LLC,*
*DLJ Mortgage Capital, Inc., and*
*Select Portfolio Servicing, Inc.*


/s/ Allison G. Rhadans (by BJC w/ permission)
Allison G. Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5700 (Telephone)
(404) 443-5677 (Facsimile)
ARhadans@mcguirewoods.com
*Attorney for Defendant Bank of America, N.A.,*
*Defendant Mortgage Electronic Registration Systems, Inc.,*
*Defendant MERSCORP Holdings, Inc., and*
*Defendant McGuireWoods LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 6th day of April, 2022, served all parties in this matter with the within and foregoing via CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)