**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KEITH THOMAS,

    Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

CIVIL ACTION NOS.
1:21-cv-03369-WMR
1:22-cv-00272-WMR

## BRIEF REGARDING AVAILABILITY OF SANCTIONS

COME NOW, Rubin Lublin, LLC, Select Portfolio Servicing, Inc., and DLJ

Mortgage Capital, Inc. (collectively, "Defendants"), and file this Brief regarding

the availability of sanctions pursuant to the Court's Order [Doc. 19], entered on

March 29, 2022.

## INTRODUCTION

On March 28, 2022, this Court held a hearing on all pending motions in the

above-captioned cases. During the hearing (and as outlined in the pending

motions), it was established that the Plaintiff has been on a decade-long crusade to

delay a foreclosure sale of his property based on a baseless allegation that the

assignment of his security deed was fraudulent. He has filed at least five lawsuits

and has never been successful. Two of those cases proceeded to judgments on the merits dismissing the cases with prejudice, which enabled this Court to announce at the hearing that it was dismissing these recent cases on the basis of res judicata and collateral estoppel (among other reasons).

At the hearing, the undersigned counsel for the Defendants suggested that it would be appropriate for this Court to exercise its inherent powers to sanction the Plaintiff for filing these objectively frivolous cases. It was further argued that an appropriate sanction would be an injunction that prohibits the Plaintiff from filing future lawsuits related to the subject security deed without obtaining leave of court. On March 29, 2022, this Court entered an Order directing the Defendants "to move for the Court to issue such an injunction and/or to brief whether the Court has the authority to *sua sponte* issue such an injunction." [Doc. 19] at p. 1.

Rather than filing a motion for sanctions, the Defendants are filing this brief regarding the Court's powers to *sua sponte* impose sanctions. This is because Fed. R. Civ. P. 11(c)(2) requires a party moving for sanctions to serve the motion at least 21 days before filing it with the Court. Given the 10-day deadline set forth in the March 29 Order, there is insufficient time for the Defendants to serve and file a Rule 11 motion. Moreover, the Defendants believe that such a motion may prove to be counterproductive because the safe-harbor provision of Rule 11 would allow

the Plaintiff to voluntarily dismiss this case without prejudice within 21 days of service and file yet another case.

## ARGUMENT AND CITATION OF AUTHORITY

This Court has two sources of authority from which it can impose sanctions *sua sponte*. The first is this Court's inherent power. *See Dial HD, Inc. v. Clear One Comms.*, 536 F. App'x 927, 929 (11th Cir. 2013) The second is Fed. R. Civ. P. 11. *See* Fed. R. Civ. P. 11(c)(3). Each source of authority will be discussed separately.

### 1. Rule 11

The Defendants will first address Rule 11, because "[g]enerally, if appropriate sanctions can be imposed under provisions such as Rule 11, courts should not exercise their inherent power." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (citation omitted). Under Rule 11(c)(3), "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b). Rule 11(b) states the following:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> > **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for

3

extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Before a court can impose sanctions *sua sponte*, it must "employ (1) a 'show cause' order to provide notice and an opportunity to be heard; and (2) a higher standard ('akin to contempt') than in the case of party-initiated sanctions." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). To meet this higher standard, it must be shown that the Plaintiff "file[d] the instant case, *objectively* speaking, in bad faith." *Johnson v. Barnes*, 283 F. Supp. 2d 1297, 1301n.2 (S.D. Ga. 2003) (emphasis in original); *but see In re Pennie & Edmonds LLP*, 323 F.3d 86, 91-92 (2d Cir. 2003) (requiring subjective bad faith); *see also Kaplan*, 331 F.3d at 1255 n.2 (declining to decide whether objective or subjective bad faith is required in the Eleventh Circuit). "The bad faith element is determined by objective standards of reasonableness." *Patterson v. Aiken*, 841 F.2d 386, 387 (11tth Cir. 1988) (citation omitted). "[C]ourts determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." *Kaplan*, 331 F.3d at 1255 (citation omitted).

This Court is already providing the Plaintiff with notice and an opportunity to be heard through the Order entered on March 29. [Doc. 19]; *see also Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987) (citation omitted) ("The timing and content of the notice . . . will depend on an evaluation of all the circumstances and an appropriate accommodation of the competing interests involved."). However, even with this opportunity to be heard, the Plaintiff will not be able to show that his conduct did not violate Rule 11. "Improper purpose [as set forth in Rule 11(b)(1)] may be shown by excessive persistence in pursuant a claim or defense in the face of repeated adverse rulings." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1448 (11th Cir. 1998) (quoting *Pierce v. Comm'l Warehouse*, 142 F.R.D. 687, 690-91 (M.D. Fla. 1992)). "In order for sanctions to be imposed for excessive relitigation of an issue already decided by the court, the disputed issue must have been clearly decided by the court's earlier orders, and counsel's relitigation of the issue must clearly offer no meritorious new arguments." *Id.* (citation omitted). Additionally, district courts, including this one, have made clear that utilizing litigation solely to delay foreclosure warrants the imposition of Rule 11 sanctions. *See, e.g., Haggin v. Carrington Mortg. Servs., LLC*, No. 1:15-CV-4393-SCJ, [Doc. 13] (N.D. Ga. July 21, 2016) (court imposed permanent injunction barring future lawsuits); *Skillings v. Bank of Am., N.A.*, No.

1:13-cv-00030-SCJ, [Doc. 29] (N.D. Ga. Oct. 29, 2013) (same); *Mortenson v. Bank of Am., N.A.,* No. 3:10-CV-13 (CDL), 2012 WL 1424502, at *2 (M.D. Ga. April 24, 2012) (sanctions warranted where it was clear that the claims in the complaint "were deficient and only designed to delay foreclosure of the defaulted property"); *Welk v. GMAC Mortgage, LLC*, 850 F. Supp. 2d 976 (D. Minn. 2012) (imposing sanctions under both Rule 11 and 28 U.S.C. § 1927).

In addition to an improper purpose being clear, the Plaintiff is also acting objectively in bad faith. There is no plausible argument that a reasonable attorney or party could believe that they could file a lawsuit to challenge an assignment of a security deed after they already lost the same challenge on the merits in two other courts. Moreover, it appears that the Plaintiff is filing these lawsuits only to delay a foreclosure sale, as it is undisputed that he has not paid his mortgage since 2010 and that Case No. 1:21-cv-03369-WMR was filed right after he got a letter from RL advising him that it had been retained to conduct a non-judicial foreclosure sale.

"A sanction imposed for a violation of Rule 11 must be 'limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." *Riccard v. Prudential*, 307 F.3d 1277, 1295 (11th Cir. 2002) (quoting Fed. R. Civ. P. 11(c)(2)). In *Riccard*, a plaintiff and his attorney were

subject to Rule 11 sanctions for filing a baseless Rule 11 Motion in the last of "three or four [unsuccessful] lawsuits over one employment relationship." *Id.* The district court found that the baseless motion "was part of a pattern of re-argument and re-litigation" and imposed monetary sanctions on the attorney, and enjoined the plaintiff "from filing any new 'action, complaint, or claim for relief' against 'Prudential, its affiliates, or subsidiaries [in] federal court, **state court**, or any other forum' unless he first obtained leave to file from the district court first." *Id.* (emphasis added).

Here, it is without question that the Plaintiff's claims have already been litigated on the merits at least twice, and he lost both times. Thus, sanctions are clearly appropriate and this Court has the power to *sua sponte* impose them. As for what is appropriate, the Defendants contend that an injunction similar to that ordered in *Riccard* should be imposed on the Plaintiff to prevent the Defendants from being dragged into future frivolous litigation.

### 2. Inherent Powers

Although "[g]enerally, if appropriate sanctions can be imposed under provisions such as Rule 11, courts should not exercise their inherent power," *Peer* 606 F.3d at 1315, "the inherent power of a court 'can be invoked even if procedural rules exist which sanction the same conduct,' for these rules are not

substitutes for the inherent power." *Id.* at 1314 (quoting *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1575 (11th Cir. 1995)).

For this Court to use its inherent power to impose sanctions, it "must [first] make a finding of bad faith. [cit]. The court must make specific findings as to the party's conduct that warrants sanctions. [cit]. Bad faith is an objective standard that is met if the party's conduct was objectively reckless, or outside the bounds of acceptable conduct." *Dial HD*, 536 F. App'x at 929 (citations omitted). "When a court imposes sanctions under its inherent power, 'due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why. Notice can come from the party seeking sanctions, from the court, or from both." *Id.* at 929 (quoting *Mroz*, 65 F.3d at 1575).

Here, the same conduct that was shown above to violate Rule 11 is also grounds for this Court to impose sanctions under its inherent power. *See Johnson*, 283 F. Supp. 2d at 1301 (basing imposition of sanctions on both Rule 11 and Court's inherent power). The Plaintiff has already been given sufficient notice and an opportunity to respond and, as shown above, he is acting in bad faith.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Court utilize its inherent powers and/or Fed. R. Civ. P. 11 to *sua sponte* sanction the

Plaintiff and enjoin him from filing any future lawsuits related to the subject security deed without leave of court. Specifically, the Defendants propose the following language and scope for such an injunction:

1. The Plaintiff is hereby **PERMANENTLY ENJOINED** from initiating any lawsuit in any state or federal court against any of the following entities: (1) Bank of America, N.A.; (2) Mortgage Electronic Registration Systems, Inc.; (3) MERSCORP, Inc,; (4) Northstar Mortgage Group, LLC (5) McGuireWoods, LLP; (6) Rubin Lublin, LLC; (5) Select Portfolio Servicing, Inc., or (6) DLJ Mortgage Capital, Inc. to the extent that such lawsuit relates in any way to the security deed recorded in Deed Book 45245, Page 448, Fulton County, Georgia records (the "Security Deed"), any assignment(s) of the Security Deed, or the real property located at 2655 West Road, Riverdale, Georgia 30296, without first requesting and obtaining leave from this Court.

2. This injunction also applies to filings against any successors, assigns, parent companies, or subsidiaries of the entities named herein.

3. To request leave of court to file an action that is covered by this injunction, the Plaintiff shall file an application for leave with the Clerk, titled as "Application Pursuant to Court Order Seeking Leave to File",

9

which shall be docketed as a miscellaneous case and assigned to the undersigned, or a randomly selected judge if the undersigned is not available. Leave shall not be granted unless the Court finds that the Plaintiff has shown that the proposed complaint or pleading is not being filed for any improper purpose and is not barred by *res judicata* and/or collateral estoppel.

4. The application for leave must include a copy of the proposed complaint or other pleading that the Plaintiff desires to file and include explicit discussion as to why the proposed filing is not frivolous, baseless, or a repetitive lawsuit.

5. Unless and until leave is granted, the Plaintiff shall not attempt to serve any adverse party with the application, proposed complaint, or other pleading.

6. Should the Plaintiff not comply with this injunction, any affected adverse party may apply or move for a citation of contempt in this Court.

Respectfully submitted, this 6th day of April, 2022.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rlselaw.com
>
> *Attorney for Rubin Lublin, LLC, Select
> Portfolio Servicing, Inc., and DLJ Mortgage
> Capital, Inc.*

## **FONT CERTIFICATION**

The undersigned counsel hereby certifies that the within and foregoing was

prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 6th day of April, 2022.

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 6th day of April, 2022, served all parties in this matter with the within and foregoing via CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)