IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | CIVIL ACTION NOS.<br>1:21-cv-03369-WMR<br>1:22-cv-00272-WMR |

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

COME NOW, Rubin Lublin, LLC, Select Portfolio Servicing, Inc., and DLJ Mortgage Capital, Inc. (collectively, "Defendants"), and file this Response to the Plaintiff's Motion for Leave to Amend (the "Motion for Leave") [Doc. 58], respectfully showing this Honorable Court as follows:

### INTRODUCTION

The Plaintiff is blatantly harassing the Defendants at this point. As this Court is aware, the Plaintiff brought this case to challenge the validity of 2010 assignment of his security deed. Following a hearing on March 28, 2022, this Court announced that it would be dismissing this case on the basis of *res judicata*

1

and collateral estoppel because the Plaintiff has already lost on the merits twice before in his challenges to the validity of the assignment. *See* [Doc. 42].

Additionally, during the hearing and in response to the Motions to Dismiss being heard, the Plaintiff tried to argue that he should not be barred from relitigating the validity of the assignment because Magistrate Judge Baverman and Judge Duffey had conflicts of interest that should necessitate setting aside the judgment in the prior case from this Court that resulted in a dismissal with prejudice. *See* [Doc. 23] at pp. 8-9, 24-26. This Court advised the Plaintiff that the judgments stand unless and until they are set aside and any Rule 60 motion must be filed in the prior case, not this one.

Despite these clear pronouncements from this Court – in addition to a show cause order to the Plaintiff ordering him to explain why he shouldn't be sanctioned for filing this case [Doc. 56] – the Plaintiff will not listen and is intent on harassing the Defendants. On April 13, 2022, the Plaintiff filed the Motion for Leave, seeking to file an Amended Complaint to challenge the 2010 assignment on additional grounds and to further complain about Judges Baverman and Duffey. It would be undoubtedly futile to allow the Plaintiff to amend his Complaint, and the Motion for Leave should be denied.

## ARGUMENT AND CITATION OF AUTHORITY

A.  **STANDARD OF REVIEW**

Although Fed. R. Civ. P. 15(a)(2) directed that "[t]he court should freely give leave when justice so requires," this is not without its limits.

> The trial court has "extensive discretion" in deciding whether to grant leave to amend. *Campbell v. Emory Clinic,* 166 F.3d 1157, 1162 (11th Cir. 1999). A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." *Id.* A claim is futile if it cannot withstand a motion to dismiss. *Fla. Power & Light Co. v. Allis Chalmers Corp.,* 85 F.3d 1514, 1520 (11th Cir. 1996); *see Burger King Corp. v. Weaver,* 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law").

*Atlanta Indep. Sch. Sys. v. S.F. ex rel. M.F.*, 740 F. Supp. 2d 1335, 1343 (N.D. Ga. 2010).

However, the standard factors for evaluating a motion for leave to amend are slightly different in cases involving *pro se* plaintiffs. *See Carter v. HSBC Mortg. Services, Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daweoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)). Under *Bank*, a *pro se* plaintiff must be given at least one chance to amend before a case is dismissed with prejudice unless at least one of the following factors is present: "(1) where the plaintiff has indicated that she does not wish to amend her complaint; and (2)

3

where a more carefully drafted complaint could not state a claim and is, therefore, futile." *Id.* As will be shown, the proposed amendment is futile.

**B.     THE PROPOSED AMENDMENT IS FUTILE**

The Plaintiff makes clear in the Motion for Leave that he is primarily seeking to allege additional theories in support of his crusade to invalidate the assignment of the security deed. *See* [Doc. 58] at pp. 1-3. He has already lost on the merits in his prior challenges to the assignment, and changing his theories does not save this case from dismissal. "Claim preclusion 'extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operate nucleus of fact.'" *Hart v. Yamaha-Parts Dist., Inc.*, 787 F.2d 1468, 1470-71 (11th Cir. 1986) (quoting *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984)). The Plaintiff had his day in Court – multiple days, actually – to challenge the assignment, and the final judgments preclude any further litigation of the validity of the assignment on *any* theory whatsoever.

The Plaintiff next tries to escape the finality of the prior judgments by arguing that his rights were violated because of "[Judge Duffey's] past affiliations and past business dealings with defendants in this case." [Doc. 58] at pp. 3-4. This is the same frivolous argument by which the Plaintiff moved in the present case to

recuse Judge Ray, and it fails miserably. While arguably the Plaintiff can bring an independent action to set aside a prior judgment rather than a Rule 60 motion, *see* Fed. R. Civ. P. 60(d)(1), such actions are to "be reserved for those cases of 'injustices which, in certain circumstances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata.'" *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11th Cir. 2014) (quoting *U.S. v. Beggerly*, 524 U.S. 36, 46 (1998) (citation omitted)). The following elements are required for Rule 60(d)(1) relief:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

*Id.* (citations omitted).

None of these elements are present here, especially because the sole reason that the Plaintiff believes he deserves relief is meritless. That reason is Judge Duffey had a mortgage loan with a security deed in favor of Mortgage Electronic Registration Systems, Inc. As the Defendants explained in response to the Plaintiff's Motion to Recuse in this case, this is not a legitimate basis for setting aside a judgment or to cause a judge to recuse. *See* [Doc. 51] at pp. 4-6. The Plaintiff also mentions an "affiliation" with "McCalla Raymer, LLC" but provides

no explanation or support for this conclusory assertion. *See* [Doc. 58] at p. 4. And even if the Plaintiff had some sort of legitimate issue with Judge Duffey or Magistrate Judge Baverman, the Plaintiff simply does not have "a good defense to the alleged cause of action on which the judgement is founded." *Aldana*, 741 F.3d at 1359. This is because the Plaintiff lacks standing to dispute the validity of any assignment of his security deed, so his challenge would fail regardless of the judge hearing the case. *See Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620 (Ga. 2016). None of the elements required by the Eleventh Circuit to set aside a judgment under Rule 60(d)(1) are present here, and any claim seeking to do so is futile.

Of course, none of this even matters because the prior judgment from this Court is not the only one that gave rise to *res judicata* and collateral estoppel serving as a basis for dismissal. There is also a 2014 judgment on the merits from the Fulton County Superior Court dismissing the Plaintiff's challenges to the assignment, *see* [Doc. 12-1] at pp. 6-7, which cannot be set aside for any reason. Georgia does not permit independent actions to set aside judgments, and only a judgment "void on its face" is subject to collateral attack. O.C.G.A. § 9-11-60(a), (e). All direct attacks, except for lack of subject matter jurisdiction, must be brought within three years of entry of judgment. *Id*. at (f). Since the Plaintiff is

time barred from any challenge to set aside the Fulton County judgment, he cannot escape its preclusive effect in this case. Thus, even if he could set aside the prior judgment entered by this Court, this action is still subject to dismissal for *res judicata* and collateral estoppel based on the Fulton County judgment.

Lastly, the Plaintiff says he wants to amend to add a claim that neither Bank of America, MERS, SPS, or DLJ can validly hold the security deed under Article 9 of the Uniform Commercial Code. *See* [Doc. 58] at p. 5. The Plaintiff cites O.C.G.A. § 9-11-203(b)(1) and (2) as the basis for this proposed claim, but the correct statute is O.C.G.A. § 11-9-203 (9-11-203 does not exist). Not only is this another claim barred by *res judicata* and collateral estoppel (since the initial assignment was in 2010), the Supreme Court of Georgia has held that the Uniform Commercial Code does not govern the enforcement of security deeds. *You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 432-33 (Ga. 2013). This Court has also dismissed similar claims, finding that "Article 9 simply does not apply to transactions involving real property such as Plaintiff's mortgage." *Bragg v. Bank of Am., N.A.*, No. 1:12-CV-0744-WSD, 2012 WL 13130049, at *5 (N.D. Ga. Apr. 12, 2012) (collecting cases). The Plaintiff's proposed claims are all futile and his Motion to Leave must be denied in its entirety.

## CONCLUSION

The Plaintiff continues to show that he is more than deserving of the sanctions that this Court has proposed. Even after extensive briefing and a hours-long hearing on pending motions where this Court told the Plaintiff that it was dismissing his claims (with a thorough explanation to him that he is barred by res judicata and collateral estoppel from further challenging the assignment), the Plaintiff refuses to give up his harassment of the Defendants. The Motion for Leave is just the latest example, and it has no merit whatsoever. The Defendants respectfully request that it be denied.

Respectfully submitted, this 15th day of April, 2022.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(470) 508-9203 (Facsimile)
bchaness@rlselaw.com

*Attorney for Rubin Lublin, LLC, Select Portfolio Servicing, Inc., and DLJ Mortgage Capital, Inc.*

## **FONT CERTIFICATION**

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 15th day of April, 2022.

                                          */s/ Bret J. Chaness*
                                          BRET J. CHANESS (GA Bar No. 720572)

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this 15th day of April, 2022, served all parties in this matter with the within and foregoing via CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)