IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEITH THOMAS,

    Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

Civil Action File Nos.
1:21-cv-03369-WMR
1:22-cv-00272-WMR

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
APR 18 2022
KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

## PLAINTIFF'S NOTICE OF CORRECTIONS TO HIS RESPONSE AND OBJECTIONS TO THE DEFENDANTS BRIEF REGARDING AVAILABILITY OF SANCTIONS

COMES NOW Keith Thomas, plaintiff in the above action do now submit the following corrections to the above referenced response that was timely filed on 15 April, 2022 in compliance with the court's order;

The first correction relates to the 15 April, 2022 originally filed document that indicated that the two civil case numbers are 1:21-cv-03369-WMR and 1:21-cv-00272-WMR. The corrected and appropriate case numbers should have read 1:21-cv-03369-WMR and 1:22-cv-00272-WMR. This correction along with the proper case numbers atop of this document serves as Notice to the court of the intended information that the plaintiff intended to have filed.

1

The Second correction goes to the second paragraph on page 14 that reads as follow: "The plaintiff respectfully request that this Court withhold issuing any Orders or temporary Orders in this matter as to the defendants requests for sanctions against the plaintiff. Plaintiff's first question that plaintiff seeks an answer from The Supreme Court of Georgia is; How does Georgia law apply to the following scenario? There is no dispute that MERS have been accepted within the United States to act as "Nominee" on the behalf of a lender such as it is stated within the documents related to the plaintiff's actual Security Deed. Does Georgia law support Mortgage Electronic Registration Systems, Inc. [MERS] to act as "Nominee" on the behalf of a Georgia LLC such as Northstar Mortgage Group, LLC, that is prohibited from performing any real estate transactions by way of a Cease and Desist Order issued against them from The State of Georgia Department of Banking and Finance such as in this instant case."

That paragraph should be correct and should read as follow: Plaintiff's First question that he wants this Court to certify to the Supreme Court of Georgia reads as follow; Does Georgia law support Mortgage Electronic Registration Systems, Inc. [MERS] acting as "Nominee" on the behalf of Northstar Mortgage Group, LLC. [Northstar], [an administratively

dissolved Georgia Limited Liability Company that was ordered to Cease and Desist All Transactions in Georgia by the Georgia Dept. of Banking and Finance in 2009], did MERS have any authority after 2009 to transact any Residential mortgage transactions on Northstar's behalf in any mortgage transactions in Georgia? If so, then cite the Georgia law supporting MERS' authority to act for any Georgia corporations, LLC or any other entity(s) doing business in Georgia after that entity was ordered to Not do Any Real Estate related transactions in Georgia.

The Third correction goes to the 1st paragraph on page 15 that reads as follow; "Secondly, do O.C.G.A. § 11-9-203(b) automatically attach a value or ultimately assign a value over to Mortgage Electronic Registration Systems, Inc., [MERS] within any Georgia residential mortgage contracts in which MERS is only named as the "Nominee" to the lender and no other clauses within same said mortgage contract specifically state that MERS have been assigned a financial interest therein?"

The corrected version should read as follow; Plaintiff's Second question that he wants this Court to certify to the Supreme Court of Georgia is the following; Given that Georgia law demands compliance with O.C.G.A.§ 11-9-203(b) as a pre-condition of any entity seeking to foreclose

3

on real estate in Georgia. If there are no clauses within the Security Deed attached to the subject property that the entity seeks to foreclose upon specifically assigning a financial interest directly over to MERS along with a showing that O.C.G.A. § 11-9-203(b) has been satisfied, does merely naming MERS as the "Nominee" in the Security Deed constitute an assignment of a financial interest over to MERS and the mere fact that MERS is identified as "Nominee" satisfy O.C.G.A. § 11-9-203(b) when no value was passed from the lender to MERS nor was it passed from the borrower over to MERS?

    Respectfully submitted on this 18th day of April, 2022.

*/s/ Keith Thomas*

Keith Thomas, plaintiff
P.O. Box 960242
Riverdale, GA  30296
404-838-0394

## CERTIFICATE OF SERVICE

    I hereby certify that a true and complete copy of this set of corrections have been forwarded to the defendants at:

Rubin Lublin, LLC
3145 Avalon Ridge Pl, Ste 100
Peachtree Corners, GA  30071

McGuire Woods, LLP
1230 Peachtree St. N.E. ste 2100
Atlanta, GA  30309-3534

Within a properly addressed envelope with sufficient 1st Class U.S. Postage

affixed thereto on this 18th day of April, 2022.

Keith Thomas,
P.O. Box 960242
Riverdale, GA  30296