## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| KEITH THOMAS,<br><br>    Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:21-cv-03369-WMR |

## <u>ORDER</u>

Before the Court are a slew of motions and filings submitted by the parties in this consolidated action.[1]  Specifically, before the Court are Plaintiff Keith Thomas's motion for the undersigned to recuse from this case [Doc. 50], Mr. Thomas's two motions to disqualify Defendants' counsel [Docs. 18, 46], Defendants' three motions to dismiss Mr. Thomas's action [Docs. 10, 12, 45], Mr. Thomas's motion for leave to amend his complaint [Doc. 58], and Mr. Thomas's response to the Court's order to show cause why it should not enjoin him from filing similar future litigation in this Court [Docs. 56, 63, 64].[2]  After careful consideration of the parties' arguments,

---

[1] The Court previously directed the Clerk to consolidate No. 22-cv-00272 with this action. [Doc. 43.]  Unless otherwise noted, the Court's record citations in this order are to the docket in this action, No. 21-cv-03369.

[2] Mr. Thomas also filed a motion for leave to add the defendants named in No. 22-cv-00272 to this action.  [Doc. 29.]  In light of the Court's consolidation order [Doc. 43], Mr. Thomas's motion is **DENIED AS MOOT**.

the applicable law, and the relevant parts of the record, and for the reasons discussed herein and at the hearing in this case [*see* Doc. 42], the Court denies Mr. Thomas's motion for the undersigned to recuse from this case, denies Mr. Thomas's motions to disqualify counsel, grants Defendants' motions to dismiss, denies Mr. Thomas's motion for leave to amend, and enjoins Mr. Thomas from filing similar future litigation in this Court.

## I.   Background

In June 2007, Mr. Thomas obtained a residential mortgage from Northstar Mortgage Group, LLC ("Northstar").  [Doc. 1 at 6.]  As collateral for the mortgage, Mr. Thomas conveyed real property located at 2655 West Road, Riverdale, Georgia 30296 to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Northstar and its successor and assigns, pursuant to a security deed.  [Doc. 12-2 at 2–3.][3]  In August 2010, MERS, as nominee for Northstar, assigned the security deed (the "2010 Assignment") to BAC Home Loans Servicing, L.P., FKA Countrywide Home Loans Servicing, L.P. ("BAC Home Loans").  [Doc. 1 at 20–21.]  The following year, MERS executed a corrective assignment to Bank of America, N.A., successor by merger to BAC Home Loans.  [*Id.* at 23.]  The security deed was later

---

[3] The Court can take judicial notice of public records in considering Defendants' motions to dismiss.  *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999).

assigned to DLJ Mortgage Capital, Inc. ("DLJ"), and the mortgage is now serviced by Select Portfolio Servicing, Inc. ("Select Portfolio").  [*See* Doc. 29 at 5.]

After the 2010 Assignment, Mr. Thomas launched a *pro se* campaign of litigation that has now lasted over a decade.  In February 2011, Mr. Thomas sued Bank of America, Northstar, MERS, and McCalla Raymer, LLC, a law firm, in this Court and asserted claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and for wrongful foreclosure, fraud, and civil conspiracy, among others ("*Thomas I*").  [*See* No. 11-cv-00391, Docs. 1, 76.]  Relevant here, Mr. Thomas challenged the defendants' attempts to foreclose on his property and to collect unpaid mortgage payments from him, as he claimed the 2010 Assignment by MERS, the nominee for Northstar, was invalid because Northstar's mortgage license had been revoked prior to the 2010 Assignment.  [No. 11-cv-00391, Doc. 118 at 4–13.] The Magistrate Judge issued a 69-page final report and recommendation, which recommended that the Court dismiss Mr. Thomas's action with prejudice.  [*Id.* at 68.] The Court adopted the Magistrate Judge's report and recommendation and thus dismissed the action with prejudice.  [No. 11-cv-00391, Doc. 123 at 10–11.]  The Eleventh Circuit affirmed.  [No. 11-cv-00391, Doc. 133.][4]

---

[4] Mr. Thomas recently moved for relief from the judgment in *Thomas I* under Rule 60(b)(6).  [No. 11-cv-00391, Docs. 139, 144.]  The Court denied that motion.  [No. 11-cv-00391, Doc. 147.]

3

In February 2013, after the Court dismissed *Thomas I*, Mr. Thomas filed another action against Bank of America, Northstar, and MERS in Fulton County Superior Court, which sought to quiet title to the relevant property ("*Thomas II*"). [*See* Doc. 12-3 at 2–4.] The action was assigned to a Special Master, who issued an order recommending that the Superior Court dismiss the action with prejudice. [*Id.* at 2–3.] The Special Master found that *Thomas II* was barred by res judicata in light of this Court's decision in *Thomas I*. [*Id.* at 8–10.] The Special Master noted that the Court in *Thomas I* "thoroughly reviewed, analyzed and rejected each of Plaintiff's claims and legal arguments, including Plaintiff's challenge to the validity of the [2010] Assignment[.]" [*Id.* at 4.] The Superior Court adopted the Special Master's order as its final order and thus dismissed Mr. Thomas's action with prejudice. [Doc. 12-4.] The Georgia Court of Appeals affirmed. [Doc. 12-5.]

In July 2014, Mr. Thomas again filed an action against Bank of America, Northstar, and MERS in Fulton County Superior Court and asserted claims for fraud and civil conspiracy, among others ("*Thomas III*"). [Doc. 10-4 at 14, 23–26.] The Superior Court found that "Defendants . . . [were] entitled to summary judgment because the record before the Court establishe[d] that Plaintiff's ability to challenge the 2010 assignment [was] barred by collateral estoppel." [*Id.* at 35.] The Georgia Court of Appeals affirmed. [*Id.* at 43–44.]

Mr. Thomas subsequently brought the present action ("*Thomas IV*") against Defendants Bank of America, Northstar,[5] MERS, DLJ, Select Portfolio, McGuireWoods, LLP, and Rubin Lublin, LLC.  [Doc. 1; *see also* No. 22-cv-00272, Doc. 1.]  Mr. Thomas alleges that the 2010 Assignment, which was executed by MERS, the nominee for Northstar, was fraudulent because the State of Georgia revoked Northstar's mortgage license prior to the assignment.  [Doc. 1 at 3–11; *see also id.* at 20–21, 23.]  In light of the fraudulent nature of the 2010 Assignment, Mr. Thomas alleges that Defendants' attempts to foreclose on his property and to collect unpaid mortgage payments are unlawful.  [*Id.* at 3–11.]  He asserts claims for fraud, civil conspiracy, mail fraud, and violations of the Civil Rights Act of 1866, 42 U.S.C. § 1982, and the Racketeer Influenced and Corrupt Organizations Act.  [*Id.* at 11–14.]

Five matters are presently before the Court: (1) Mr. Thomas's motion for the undersigned to recuse from this case [Doc. 50]; (2) Mr. Thomas's motions to disqualify Defendants' counsel [Docs. 18, 46]; (3) Defendants' motions to dismiss Mr. Thomas's action [Docs. 10, 12, 45]; (4) Mr. Thomas's motion for leave to amend his complaint [Doc. 58]; and (5) whether the Court should enjoin Mr. Thomas from filing similar future litigation in this Court [Docs. 56, 63, 64].

---

[5] Mr. Thomas failed to timely serve Northstar, so the Court ordered Mr. Thomas to show cause why the Court should not dismiss his action against Northstar without prejudice.  [Doc. 57.] *See* Fed. R. Civ. P. 4(m).  Mr. Thomas thereafter voluntarily dismissed Northstar from the case. [Doc. 61.]  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

## II.     Discussion

The Court addresses each of the matters before it in turn.  In doing so, because Mr. Thomas is *pro se*, the Court must liberally construe his filings.  *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021).  Even so, the Court "may not serve as *de facto* counsel" for Mr. Thomas or rewrite his filings.  *Id.* (quotation marks omitted).

### A.     Mr. Thomas's Motion to Recuse

Mr. Thomas requests that the undersigned recuse from this case and that "this case be reset to be heard before a non-partial court" because he believes the undersigned has an "obvious conflict of interest as defined by 28 U.S.C. § 455." [Doc. 50 at 1–3.]   In particular, Mr. Thomas states that he looked up the undersigned's land records and learned that Defendant MERS is listed on the undersigned's security deed.  [*Id.* at 2.][6]

Mr. Thomas does not assert which part of Section 455 he believes requires recusal here, but the Court nonetheless goes through the provisions that could possibly apply.  First, the undersigned does not have a "personal bias or prejudice concerning a party" just because his security deed involved MERS.  *See* 28 U.S.C. § 455(b)(1).   Second, the undersigned does not have a "financial interest in the

---

[6] Given this purported conflict of interest, Mr. Thomas also asks the Court to set aside its oral decision at the hearing to dismiss his action.  [Doc. 50 at 1–3.]  However, Mr. Thomas has withdrawn that request as premature.  [Doc. 62.]

subject matter in controversy" because the undersigned does not have "ownership of a legal or equitable interest" in MERS.  *See id.* § 455(b)(4), (d)(4).

The only other possibly applicable provision is Section 455(a).  Under this provision, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  *Id.* § 455(a).  Recusal is appropriate under this provision where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality."  *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).

The Eleventh Circuit has recognized that "no reasonable person [can] question the impartiality" of judges participating in "day-to-day consumer transactions, conducted in the ordinary course of the business of a vendor."  *Delta Air Lines v. Sasser*, 127 F.3d 1296, 1298 (11th Cir. 1997).  And, albeit in an unpublished opinion, the Eleventh Circuit has held that a magistrate judge "did not abuse his discretion by refusing to recuse" from a case "despite his business relationship with defendant [MERS]."  *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 888, 890 (11th Cir. 2014).  In *Zow*, the Eleventh Circuit observed that the "challenged relationship was a personal mortgage that arose from the execution of a standard contract during the ordinary course of business" and that "[n]othing about such a transaction would give rise to doubts about the magistrate judge's impartiality."  *Id.* at 890.

The Court finds that no reasonable observer would question or doubt the undersigned's impartiality in this case and thus the undersigned should not recuse under Section 455(a).  The undersigned's relationship with MERS was a purely standard consumer transaction that was conducted at arm's length and in the ordinary course of business.  Further, while *Zow* is unpublished and thus non-precedential, the Court finds that *Zow* is persuasive authority involving an almost an identical issue and supports its decision.

Accordingly, there is no basis for recusal under Section 455.

### B.   Mr. Thomas's Motions to Disqualify Counsel

Moving on, Mr. Thomas seeks to disqualify Defendants' counsel, McGuireWoods and Rubin Lublin, because those law firms are also Defendants in this case and because McGuireWoods allegedly engaged in fraudulent activity that it failed to disclose to the Court.  [Docs. 18, 46.]  Mr. Thomas claims that Defendants' counsel have thus violated the Rules of Professional Conduct.  [*Id.*]  Although Mr. Thomas cites the Model Rules of Professional Conduct, the Court construes Mr. Thomas's motions as referring to the Georgia Rules of Professional of Conduct, which govern lawyers' practice before this Court.  *See* N.D. Ga. Civ. R. 83.1(C).

"Disqualification is a harsh sanction" that often works "substantial hardship on the client," so "disqualification should be resorted to sparingly."  *Norton v.*

*Tallahassee Memorial Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982).  A party is presumptively entitled to its choice of counsel, and "that right may be overridden only if 'compelling reasons' exist."  *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003).  The party seeking disqualification "bears the burden of proving the grounds for disqualification."  *Id.*  In order to disqualify counsel "based on an allegation of [an] ethical violation," the Court "must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule."  *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997).

The Court determines that there is no basis on which to disqualify Defendants' counsel in this case.  The Court first rejects Mr. Thomas's assertion that McGuireWoods and Rubin Lublin should be disqualified because they are also Defendants in this case and have thus violated Rule of Professional Conduct 3.7. [*See* Doc. 18 at 1–2, 7–8; Doc. 46 at 1–2.]  Rule 3.7 states:

> (a)  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> > (1)  the testimony relates to an uncontested issue;
> >
> > (2)  the testimony relates to the nature and value of legal services rendered in the case; or
> >
> > (3)  disqualification of the lawyer would work substantial hardship on the client.

9

> (b) A lawyer may act as advocate in a trial in which
> another lawyer in the lawyer's firm is likely to be called as
> a witness unless precluded from doing so by Rule 1.7 or
> Rule 1.9.

Ga. R. Prof'l Cond. 3.7.

Mr. Thomas has not demonstrated that McGuireWoods and Rubin Lublin violated Rule 3.7. For starters, it does not appear Rule 3.7 applies to entire law firms. The text of the Rule refers only to individual lawyers, not entire law firms, and Rule 3.7(b) indicates that other lawyers from an entire law firm are not prohibited from acting as an advocate just because one of its lawyers may be called as a witness. In addition, it does not appear Rule 3.7 applies at this stage of the case. The Rule states only that a lawyer may "not act as advocate *at a trial* in which the lawyer is likely to be a necessary witness," *id.* (emphasis added), but this case has not progressed to a trial.

The Court also determines that Mr. Thomas has not shown that McGuireWoods or Rubin Lublin (or any of their lawyers) is "likely to be a *necessary* witness," *id.* (emphasis added), so Rule 3.7 does not prevent them from serving as Defendants' counsel. Mr. Thomas nowhere establishes that McGuireWoods and Rubin Lublin have exclusive knowledge of the conduct that he challenges. Indeed, while Mr. Thomas alleges that McGuireWoods and Rubin Lublin engaged in misconduct on behalf of their clients, which in part gave rise to this action [*e.g.*, Doc. 1 at 9–10], Mr. Thomas has not shown that those clients could not serve as the

witnesses for that purported misconduct.  For the same reason, the only case Mr. Thomas cites, *Cherry v. Coast House, Ltd.*, 359 S.E.2d 904 (Ga. 1987), is distinguishable.  In that case, the Georgia Supreme Court held that the "trial court did not err in disqualifying" an attorney when "the testimony of the attorneys was crucial to the case." *Id.* at 907.  Here, by contrast, Mr. Thomas has not demonstrated that McGuireWoods and Rubin Lublin are crucial or necessary witnesses.

The Court also rejects Mr. Thomas's assertion that McGuireWoods should be disqualified because it allegedly engaged in fraudulent activity that it failed to disclose to the Court and thus purportedly violated Rule of Professional Conduct 3.3.  [*See* Doc. 18 at 3–7.]  Rule 3.3 prohibits lawyers from "knowingly" making a false statement of material fact or failing to disclose a material fact to the Court.  *See* Ga. R. Prof'l Cond. 3.3.  However, Mr. Thomas wholly fails to cite any evidence that McGuireWoods in fact knew about any supposed fraudulent activity.

In short, Mr. Thomas has not carried the burden required for the Court to disqualify Defendants' counsel, particularly in light of the Eleventh Circuit's instruction that "disqualification should be resorted to sparingly," *Norton*, 689 F.2d at 941 n.4, and only when "compelling reasons" exist, *BellSouth*, 334 F.3d at 961.

C.    Defendants' Motions to Dismiss

Turning to the next issue, Defendants move to dismiss Mr. Thomas's action on several grounds, including res judicata.  [Doc. 10-1 at 10–12; Doc. 12-1 at 9–11;

Doc. 45-1 at 12–15.]  Under the Federal Rules of Civil Procedure, a party may move to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "A party may raise the defense of res judicata in a Rule 12(b)(6) motion when the existence of the defense can be judged from the face of the complaint." *Starship Enters. of Atlanta, Inc. v. Coweta County*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013).

The doctrine of res judicata precludes the litigation of claims "which were raised or could have been raised in an earlier proceeding." *Dormescar v. U.S. Att'y Gen.*, 690 F.3d 1258, 1268 (11th Cir. 2012).  Stated another way, "[o]nce a party has fought out a matter in litigation with the other party, he cannot later renew that duel." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011).  Here, Defendants assert that *Thomas I* precludes Mr. Thomas's claims in this action because *Thomas I* was rendered by a court of competent jurisdiction, *Thomas I* resulted in a final judgment on the merits, both cases involve the same parties or their privies, and both cases involve the same causes of action.  [Doc. 10-1 at 10–12; Doc. 12-1 at 9–11; Doc. 45-1 at 12–15.][7]

---

[7] In opposing Defendants' motions to dismiss, Mr. Thomas asserts that the judges involved in *Thomas I* had a financial interest in that case.  [*E.g.*, Doc. 23 at 8.]  To the extent Mr. Thomas has argued here that the Court should vacate *Thomas I*, the Court directed Mr. Thomas to file a Rule 60(b) motion in that case.  [Doc. 43 at 2.]  Mr. Thomas later filed a Rule 60(b)(6) motion in *Thomas I*, which the Court recently denied.  [*See* No. 11-cv-00391, Docs. 139, 144, 147.]

As an initial matter, the Court notes that the parties do not explicitly address whether the Court must apply the federal or state law of res judicata here. To determine the preclusive effect of a federal-court judgment based on *federal-question* jurisdiction, the Court applies the federal common law as developed by federal courts. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). However, to determine the preclusive effect of a federal-court judgment based on *diversity* jurisdiction, the Court's application of the federal common law incorporates state law. *See id.* at 891 n.4.

*Thomas I*, the case Defendants argue has preclusive effect here, involved a federal claim and several claims under Georgia law. [No. 11-cv-00391, Doc. 118 at 4.] In light of the federal claim, the Court will need to look in part to the federal law of res judicata. *See Taylor*, 553 U.S. at 891. The Court has reviewed the record in *Thomas I*, and it is not apparent whether the Court in that case exercised supplemental jurisdiction or diversity jurisdiction over the state claims. To the extent *Thomas I* was based in part on diversity jurisdiction, the Court will also need to look to the state law of res judicata. *See id.* at 891 n.4. (To the extent *Thomas I* involved supplemental jurisdiction, the Court might still need to look to state law, but *Taylor* did not address that issue, and the Court is unaware of binding authority on that issue.) Therefore, out of an abundance of caution, the Court considers both

13

the federal and state law of res judicata in determining whether *Thomas I* precludes Mr. Thomas's latest lawsuit.

Under federal law, a party must establish "that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020). Along similar lines, under Georgia law, a party must show "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Rockdale County v. U.S. Enters., Inc.*, 865 S.E.2d 135, 141 (Ga. 2021) (quotation marks omitted).

The Court first finds that the decision in *Thomas I* was a final adjudication on the merits rendered by a court of competent jurisdiction. Because the Court in *Thomas I* dismissed Mr. Thomas's action with prejudice, the decision was final and on the merits. In addition, *Thomas I* was issued by this Court, the U.S. District Court for the Northern District of Georgia, and it is clear the Court in *Thomas I* had federal-question jurisdiction over the federal claim and either supplemental jurisdiction or diversity jurisdiction over the state claims. In fact, Mr. Thomas does not even appear to contest that *Thomas I* was a final adjudication on the merits rendered by a court of competent jurisdiction.

Next, the Court finds *Thomas I* and this action involve the same parties or their privies.  Mr. Thomas was the plaintiff in *Thomas I* and is the plaintiff here.  In addition, some of the defendants—*e.g.*, Bank of America—are the exact same in both actions.  While some of the defendants in this action are different, the Court finds they are in privity with the defendants in *Thomas I*.  Under federal law, privity exists when a person or entity had their "interests adequately represented by someone with the same interests who [was] a party."  *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004).  Under Georgia law, "[p]rivity may . . . be established if the party to the first suit represented the interests of the party to the second suit."  *Brown & Williamson Tobacco Corp. v. Gault*, 627 S.E.2d 549, 552 (Ga. 2006).

For the defendants in this action that have been assigned Mr. Thomas's security deed and the servicing of his mortgage, they are in privity with the defendants in *Thomas I* who previously held the security deed and serviced his mortgage because the defendants in *Thomas I* adequately represented the interests of the defendants in this action.  Likewise, McGuireWoods and Rubin Lublin are in privity with McCalla Raymer, the law firm defendant in *Thomas I*, because McCalla Raymer adequately represented McGuireWoods's and Rubin Lublin's interests in that all three law firm defendants were sued because they assisted with the attempts to foreclose on Mr. Thomas's property and to collect unpaid mortgage payments

from him.   In other words, for the defendants in this action, their interests were represented by those defendants in *Thomas I* that held the same positions and were sued for the same reasons.

Finally, the Court finds that *Thomas I* and this action involve the same causes of action.   Under federal law, if a later action "arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata."   *Baloco v. Drummond Co.*, 767 F.3d 1229, 1247 (11th Cir. 2014). Similarly, with respect to the "identity of the cause of action" requirement under Georgia law, the Georgia Supreme Court has "explained that 'cause of action' means the entire set of facts which give rise to an enforceable claim[,] with special attention given to the wrong alleged." *Rockdale County*, 865 S.E.2d at 141 (quotation marks omitted).   In both *Thomas I* and this action, Mr. Thomas has claimed that the defendants' attempts to foreclose on his property and to collect unpaid mortgage payments from him are unlawful in part because the 2010 Assignment was purportedly invalid and fraudulent.   Therefore, both *Thomas I* and this action are based on the same factual predicate and thus involve the same causes of action.

16

For these reasons, *Thomas I* precludes Mr. Thomas's attempts to relitigate that case here.  The Court therefore grants Defendants' motions to dismiss.[8]

D.     Mr. Thomas's Motion for Leave to Amend

Next, Mr. Thomas requests leave to amend his complaint under Rule 15(a)(2) in order to address a laundry list of additional issues.  [Doc. 58.]  In particular, he asserts that there were various defects in the 2010 Assignment, thereby making it fraudulent [*id.* at 1–3]; his equal protection and due process rights were violated because the judges involved in *Thomas I* did not recuse themselves [*id.* at 3–5]; and Defendants did not offer valuable consideration for the security deed [*id.* at 5–6].

Under Rule 15(a)(2), the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Even so, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile, such as when the complaint as amended is still subject to dismissal because, for example, it fails to state a claim for relief."  *Chang v. JPMorgan Chase Bank,*

---

[8] In their motions, Defendants raise *many* other meritorious reasons to dismiss Mr. Thomas's action.  While the Court believes res judicata is a sufficient basis to dismiss the action, the Court nonetheless finds there are other bases to do so.  For instance, Mr. Thomas is collaterally estopped from relitigating the validity of the 2010 Assignment here, as that issue was involved in *Thomas I* and this action, was actually litigated in *Thomas I*, and was a critical and necessary part of the final judgment on the merits by a court of competent jurisdiction in *Thomas I*; Mr. Thomas had a full and fair opportunity to litigate that issue in *Thomas I*; and the parties or their privies are identical in both actions.  *See Islam v. Sec'y, Dep't of Homeland Sec.*, 997 F.3d 1333, 1341 (11th Cir. 2021) (federal collateral estoppel law); *Cmty. State Bank*, 651 F.3d at 1264 (Georgia collateral estoppel law).  Because Mr. Thomas cannot relitigate that issue here, the 2010 Assignment is thus valid, and Mr. Thomas's claims, which all depend on his assertion that the 2010 Assignment was invalid, fail as a matter of law.

*N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (quotation marks omitted).  Likewise, although a *pro se* plaintiff ordinarily "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," the Court need not give leave to amend if "a more carefully drafted complaint could not state a claim."  *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

The Court denies leave to amend here because the amended complaint would still be subject to dismissal for failure to state a claim and thus amendment would be futile.  To the extent Mr. Thomas seeks to raise defects in the 2010 Assignment or argue that there was no valuable consideration given for the security deed, those claims could have been raised in *Thomas I*.  As such, those claims would be barred by res judicata for the same reasons discussed above.  And, while Mr. Thomas argues that the judges involved in *Thomas I* should have recused themselves, the Court has already decided that issue in denying Mr. Thomas's recent Rule 60(b)(6) motion in *Thomas I*, so Mr. Thomas cannot relitigate that issue here.  [*See* No. 11-cv-00391, Docs. 139, 144, 147.]

E.    Injunction Regarding Similar Future Litigation

The Court addresses one last issue.  On April 7, 2022, the Court ordered Mr. Thomas to show cause why the Court should not enjoin him from filing future litigation similar to this action in this Court under Federal Rule of Civil Procedure

11 and/or the Court's inherent power to manage its docket. [Doc. 56.] In his response, Mr. Thomas argues that he should be entitled to Rule 11's safe-harbor provision [Doc. 63 at 1–2], such a sanction is unconstitutional [*id.* at 2–7], and he has not acted in bad faith [*id.* at 7–9]. In addition, Mr. Thomas once again raises arguments about the 2010 Assignment [*id.* at 9–14] and asks the Court to reserve ruling on any sanctions until it has certified certain questions to the Georgia Supreme Court [*id.* at 14–15; *see also* Doc. 64 at 2–4].

This Court has the authority to impose sanctions under Rule 11(b) and its inherent power. *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021). Rule 11(b) sanctions are warranted when a party files a pleading in bad faith for an improper purpose. *See id.*; Fed. R. Civ. P. 11(b)(1), (c)(1). "Improper purpose may be shown by excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1448 (11th Cir. 1998). Likewise, under its inherent power, the Court can sanction conduct that abuses the judicial process, which includes actions taken in bad faith. *Johnson*, 9 F.4th at 1314. Bad faith exists when a party knowingly or recklessly raises a frivolous argument. *Id.*

One permissible sanction the Court can issue is an injunction that "restrict[s] filings of litigants who continuously bring frivolous suits that abuse the judicial process." *Id.* at 1318. The Court has "considerable discretion" to impose such an

injunction, so long as "*some* access to the courts is allowed." *Id.* As such, orders requiring litigants to prefile their lawsuits for review by the Court before the lawsuits are docketed are "a common way to restrict such filings while still allowing access to the courts." *Id.*

Before imposing sanctions *sua sponte*, the Court must "employ (1) a 'show-cause' order to provide notice and an opportunity to be heard; and (2) a higher standard ('akin to contempt') than in the case of party-initiated sanctions." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). The Court can *sua sponte* impose sanctions here because it has provided Mr. Thomas notice and an opportunity to be heard through its show-cause order [Doc. 56] and because it employs a standard akin to contempt in imposing the sanctions.

The Court determines that sanctions against Mr. Thomas are warranted under Rule 11 and, to the extent necessary, the Court's inherent power. Contrary to Mr. Thomas's assertion [*see* Doc. 63 at 7–9], the Court finds that this action has been filed in both objective and subjective bad faith for an improper purpose because Mr. Thomas, in bringing this action, has excessively persisted in pursuing his claims in the face of repeated adverse rulings and has knowingly or recklessly raised a frivolous argument. Specifically, in two separate adverse rulings (*Thomas II* and *Thomas III*), Mr. Thomas's actions challenging the foreclosure on his property and the collection of unpaid mortgage payments were dismissed because they were

precluded by *Thomas I*.  As such, Mr. Thomas knew that similar actions, including this one, would also be precluded and thus would be frivolous.  Mr. Thomas nonetheless filed this action (likely to further delay the foreclosure on his property), which the Court has found is precluded by *Thomas I*.  Because Mr. Thomas continues to abuse the judicial process in bad faith for an improper purpose, the Court finds that the proper sanction is to enjoin Mr. Thomas from filing future litigation in this Court similar to this action, subject to a prefiling screening process that will still provide Mr. Thomas with access to the Court.

The Court rejects Mr. Thomas's various arguments in his response to the Court's show-cause order.  First, Mr. Thomas argues that he should be entitled to Rule 11's safe-harbor provision.  [Doc. 63 at 1–2.]  However, the safe-harbor provision applies only when there is a "motion for sanctions," *see* Fed. R. Civ. P. 11(c)(2), and does not apply when, as here, the Court considers sanctions on its own initiative, *see* Fed. R. Civ. P. 11(c)(3).  Mr. Thomas next asserts that a sanction enjoining him from filing future litigation is unconstitutional because it would limit his right to seek "redress [from] the courts."  [*See* Doc. 63 at 2–7.]  To be sure, Mr. Thomas has a constitutional right to access the courts.  *See Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003).  But, the Court's injunction is a "common way to restrict [Mr. Thomas's] filings while still allowing access to the courts."  *Johnson*, 9 F.4th at 1318.  In addition, the Court has purposefully prescribed the injunction in a

narrow manner—it is limited only to filings in this Court and limited only to issues similar to those raised in this action and *Thomas I–III*.

Finally, the Court rejects to consider Mr. Thomas's latest arguments about the 2010 Assignment [Doc. 63 at 9–14] and his request that the Court reserve ruling on sanctions until it has certified certain questions to the Georgia Supreme Court [*id.* at 14–15; *see also* Doc. 64 at 2–4]. Mr. Thomas's positions have nothing to do with the issue at hand—the Court's consideration of sanctions—and instead are frivolous attempts to extend his campaign of litigation.

## III. Conclusion

In sum: Mr. Thomas's motion for the undersigned to recuse from this case [Doc. 50] is **DENIED**. Mr. Thomas's motions to disqualify Defendants' counsel [Docs. 18, 46] are **DENIED**. Defendants' motions to dismiss [Docs. 10, 12, 45] are **GRANTED**, and Mr. Thomas's action is thus **DISMISSED WITH PREJUDICE**. Mr. Thomas's motion for leave to amend his complaint [Doc. 58] is **DENIED**.

Finally, Mr. Thomas is hereby **PERMANENTLY ENJOINED** from initiating any lawsuit in the U.S. District Court for the Northern District of Georgia against any of the following entities: (1) Bank of America, N.A.; (2) Mortgage Electronic Registration Systems, Inc.; (3) MERSCORP, Inc.; (4) Northstar Mortgage Group, LLC; (5) McGuireWoods, LLP; (6) Rubin Lublin, LLC; (7) Select Portfolio Servicing, Inc.; (8) DLJ Mortgage Capital, Inc.; and (9) the foregoing

entities' successors, assigns, parent companies, or subsidiaries, to the extent that such lawsuit relates in any way to the security deed recorded in Deed Book 45245, Page 448, Fulton County, Georgia records (the "Security Deed"), any assignment(s) of the Security Deed, or the real property located at 2655 West Road, Riverdale, Georgia 30296, without first requesting and obtaining leave from this Court.

To request leave of the Court to file an action that is covered by this injunction, Mr. Thomas shall file an application for leave with the Clerk, titled "Application Pursuant to Court Order Seeking Leave to File," which shall be docketed by the Clerk as a miscellaneous case and assigned to the undersigned or a randomly selected judge if the undersigned is not available.  The application must include a copy of this order, a copy of the proposed complaint or other pleading that Mr. Thomas seeks to file, and an explicit discussion as to why the proposed pleading is not being filed in bad faith or for an improper purpose and why the proposed pleading is not barred by res judicata and/or collateral estoppel.

The Court shall not grant the application unless the Court finds that Mr. Thomas has shown that the proposed pleading is not being filed in bad faith and for an improper purpose and is not barred by res judicata and/or collateral estoppel.

Unless and until leave is granted, Mr. Thomas shall not attempt to serve any adverse party with the application or the proposed pleading.  In the event Mr.

Thomas does not comply with this injunction, any affected adverse party may move for a citation of contempt in this Court.

     **IT IS SO ORDERED**, this 11th day of May, 2022.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE